IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case Number: 4:18-cv-735

ROOR INTERNATIONAL BV and
SREAM, INC.

        Plaintiffs,

v.

STINKY'S SMOKE SHOP, LLC and
ANDREW WHITELEY

        Defendants.
_____/

## ROOR INTERNATIONAL BV AND SREAM, INC.'S
## ANSWER TO COUNTERCLAIMS

Counter-Defendants, SREAM, INC. and ROOR INTERNATIONAL BV, ("Counter-Defendants"), by and through the undersigned counsel, hereby files this Answer to Counter-Plaintiffs, STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY's ("Counter-Plaintiffs") Counterclaims, [DE 33] and states:

## COUNTERCLAIMS

1. As to paragraph 103, the Counter-Defendants do not contest.

2. As to paragraph 104, the Counter-Defendants are without knowledge or information regarding the Counter-Plaintiffs' business routines. As such, the Counter-Defendants neither admit nor deny paragraph 104.

3. As to paragraph 105, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 105.

4. As to paragraph 106, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 106.

5. As to paragraph 107, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 107.

6. As to paragraph 108, the Counter-Defendants are without knowledge or information regarding the Counter-Plaintiffs mindset as to the authenticity of its products. As such, the Counter-Defendants neither admit nor deny paragraph 108.

7. As to paragraph 109, the Counter-Defendants admit that a Notice of Spoliation was sent regarding the Counter-Plaintiffs' offer for sale of counterfeit RooR goods. The Counter-Defendants are without knowledge or information regarding when the Defendant learned the goods were counterfeit. As such, the Counter-Defendants neither admit nor deny the remainder of paragraph 109.

8. As to paragraph 110, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 110.

9. As to paragraph 111, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 111.

10. As to paragraph 112, the Counter-Defendants are without knowledge or information regarding the alleged facts. As such, the Counter-Defendants neither admit nor deny paragraph 112.

11. The Counter-Defendants admit the allegations in Paragraph 113.

12. The Counter-Defendants admit that the Counter-Defendants' responses were initially due on May 23, 2019. The Counter-Defendants admit that the Counter-Defendants served their responses on July 1, 2019. As to the remainder of Paragraph 114, the Counter-Defendants deny.

13. The Counter-Defendants deny Paragraph 115.

14. The Counter-Defendants admit Paragraph 116.

15. The Counter-Defendants admit Paragraph 117.

16. The Counter-Defendants admit Paragraph 118.

17. The Counter-Defendants deny Paragraph 119.

18. The Counter-Defendants deny Paragraph 120.

19. The Counter-Defendants deny Paragraph 121.

20. The Counter-Defendants deny Paragraph 122.

21. The Counter-Defendants deny Paragraph 123.

22. The Counter-Defendants deny Paragraph 124.

23. The Counter-Defendants deny Paragraph 125.

24. As to Paragraph 126, the Counter-Defendants admit that Registration No. 3675839 covers "SMOKER'S ARTICLES, NAMELY, GLASS PIPES, BONGS, WATER PIPES, WATER PIPES OF GLASS."

25. The Counter-Defendants deny Paragraph 127.

26. The Counter-Defendants deny Paragraph 128.

27. The Counter-Defendants admit Paragraph 129.

### Count One—Cancellation of RooR's Trademark

28. As to Paragraph 130, the Counter-Defendants rely on their responses to the preceding paragraphs.

29. The Counter-Defendants deny Paragraph 131.

30. As to paragraph 132, the Counter-Defendants admit the existence of the Declaratory Judgment Act, but deny as to its applicability to this case.

31. As to paragraph 133, any implication that the Counter-Plaintiffs are entitled to cancellation of the Counter-Defendants' trademarks or declaratory judgment is hereby denied.

32. As to paragraph 134, any implication that the Counter-Plaintiffs are entitled to cancellation of the Counter-Defendants' trademarks or declaratory judgment is hereby denied.

33. Paragraph 135 contains a legal conclusion which requires no response. To the extent a response is required, the Counter-Defendants deny paragraph 135.

34. As to paragraph 136, the Counter-Defendants admit the existence of the Lanham Act, 15 U.S.C. § 1119, but deny any implication that the Counter-Plaintiffs are entitled to cancellation of the Counter-Defendants' trademarks or declaratory judgment is hereby denied.

35. As to paragraph 137, the Counter-Defendants admit that the RooR trademarks were obtained between the years 1999 and 2009, but deny the remainder of paragraph 137.

36. The Counter-Defendants deny Paragraph 138.

37. As to paragraph 139, any implication that there was abandonment in this case is hereby denied.

38. The Counter-Defendants deny Paragraph 140.

39. The Counter-Defendants deny Paragraph 141.

40. As to paragraph 142, any implication that the Counter-Plaintiffs' trademarks were obtained fraudulently is hereby denied..

41. The Counter-Defendants deny Paragraph 143.

42. The Counter-Defendants deny Paragraph 144.

43. The Counter-Defendants deny Paragraph 145.

### Count Two—Declaration of Invalidity of RooR's Trademark

44. The Counter-Defendants deny Paragraph 146.

45. The Counter-Defendants deny Paragraph 147.

46. As to paragraph 148, the Counter-Defendants admit the existence of the Declaratory Judgment Act, but deny as to its applicability to this case.

47. As to Paragraph 149, any implication that the Counter-Plaintiffs are entitled to cancellation of the Counter-Defendants' trademarks or declaratory judgment is hereby denied.

48. As to Paragraph 150, the Counter-Defendants admit only that trademarks must be lawfully used in commerce. The Counter-Defendants deny all other allegations contained in Paragraph 150.

49. The Counter-Defendants deny Paragraph 151.

50. The Counter-Defendants deny Paragraph 152.

51. The Counter-Defendants deny Paragraph 153.

52. The Counter-Defendants deny Paragraph 154.

### Count Three—Attorneys' Fees, Second Claim, for Invalid Trademark

53. As to Paragraph 155, the Counter-Defendants rely on their responses to the preceding paragraphs.

54. As to Paragraph 156, the Counter-Defendants deny that this is an exceptional case.

55. The Counter-Defendants deny Paragraph 157.

56. The Counter-Defendants deny Paragraph 158.

57. As to Paragraph 159, the Counter-Plaintiffs jury demand requires no response.

58. Any in the allegation in the Counterclaim that were not specifically admitted are hereby denied.

WHEREFORE, Counter Defendants, ROOR INTERNATIONAL BV and SREAM INC., respectfully request this Court to dismiss the Counter-Plaintiffs' Counterclaims, enter judgment in Counter-Defendants' favor, award costs to Counter Defendants, and grant any and all other relief this Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense—Lack of Standing

59. The Counter-Defendants raise as their First Affirmative Defense that the Counter-Plaintiffs lacks standing to bring the counterclaim seeking cancellation of Counter-Defendant's registered trademark.

### Second Affirmative Defense—Acquiescence

60. The Counter-Defendants raise as their Second Affirmative Defense that the Counter-Plaintiffs acquiesced to the Counter-Defendants registration and maintenance of the registered trademarks.

### Third Affirmative Defense—Estoppel

61. The Counter-Defendants raise as their Third Affirmative Defense that the Counter-Plaintiffs is estopped from seeking cancellation of the Counter-Defendant's registered trademarks.

### Fourth Affirmative Defense—Laches

62. The Counter-Defendants raise as their Fourth Affirmative Defense that the counterclaim for cancellation is barred by the doctrine of laches.

### Fifth Affirmative Defense—Not Drug Paraphernalia

63. The Counter-Defendants raise as their Fifth Affirmative Defense that the Counter Defendant's product, though enumerated in the Controlled Substances Act, are not primarily intended for use or manufactured for use with illicit drugs as defined in 21 U.S.C. § 863(e).

### Sixth Affirmative Defense—Tobacco Use Exception to CSA

64. The Counter-Defendants raise as their Sixth Affirmative Defense that the Counter-Defendant's products are exempted from the Controlled Substances Act definition of drug paraphernalia, pursuant to 21 U.S.C. § 863(f).

### Seventh Affirmative Defense—Unclean Hands

65. The Counter-Defendants raise as their Seventh Affirmative Defense that the Counter-Plaintiffs has unclean hands in bringing its Counterclaims is stopped from seeking cancellation of the Counter-Defendants' registered trademarks.

### Eighth Affirmative Defense—Mere Opinion/Misrepresentation of Law

66. The Counter-Defendants raise as their Eighth Affirmative Defense that the Counter-Plaintiffs' Counterclaims are based on mere opinions or misrepresentations of law, and therefore are not actionable.

<u>Ninth Affirmative Defense—Waiver by USPTO</u>

67. The Counter-Defendants raise as their Ninth Affirmative Defense that the United States Patent and Trademark Office waived any alleged fraud when it granted the Counter-Defendants registered trademarks.

<u>Tenth Affirmative Defense—Waiver by Counter Plaintiff</u>

68. The Counter-Defendants raise as their Tenth Affirmative Defense that the Counter-Plaintiffs waived its counterclaims by selling in commerce the same products it alleges violate the Controlled Substances Act, 21 U.S.C. § 863.

Dated: October 22, 2019                                     Respectfully submitted,

                                                                                        /s/ *Andrew K. Jacoby* _____
Andrew K. Jacoby (Texas Bar #24065488)
Scott, Vicknair, Hair, & Checki, LLC
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Phone: (504) 684-5200
Fax: (504) 613-6351
jacoby@svhclaw.com
*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 22nd day of October 2019, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Andrew K. Jacoby* _____
Andrew K. Jacoby

## **SERVICE LIST**

J. Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C. Baker
James@Hunnicuttlaw.com
Kevin E. Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants*