IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.: 4:18-cv-00735-ALM-KPJ |
| STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY, | § § § | |
| Defendants. | § § | |

## MEMORANDUM ORDER AND OPINION

Pending before the Court is Plaintiffs' Motion for Enlargement of Time to Deem Timely Plaintiffs' Responses to Request for Admissions and Relief from Technical Admissions (the "Motion") (Dkt. 38), to which Defendants filed a response (Dkt. 46), and Plaintiff filed a reply (Dkt. 51). The Court held a hearing on the Motion on October 31, 2019 (the "Hearing"). *See* Dkt. 62.

### I. BACKGROUND

Defendants served their First Request for Admissions, containing one hundred and one (101) requests for admissions (the "Requests"), on April 23, 2019. *See* Dkt. 38 at 1. May 23, 2019, the deadline for Plaintiffs' responses to the Requests, passed without any action from Plaintiffs. On May 27, 2019, Plaintiffs' counsel requested, from opposing counsel, an extension to respond until June 5, 2019 *See* Dkt. 38 at 1. Plaintiffs argue they instructed their paralegal to calendar the June 5, 2019, deadline but the paralegal failed to do so. *See id*. Plaintiffs also assert they had a different case placed on an expedited trial schedule, creating an unexpected increase in work. *See id*. Hence, Plaintiffs argue that, due to their calendar error and the additional workload, Plaintiffs'

1

counsel inadvertently missed the deadline to serve their responses to the Requests. *See id.* at 2. Plaintiffs actually served their responses to the Requests (the "Responses") on July 1, 2019. *See id*. At no time did Defendants contact Plaintiffs regarding the tardiness of the Responses prior to Plaintiffs' late service of the Responses. *See id*.

Defendants filed an Amended Counterclaim (Dkt. 33) on July 31, 2019, which seeks, in part, to invalidate Plaintiffs' trademarks at issue in this case based on Plaintiffs' untimely Responses (i.e., admissions). *See* Dkt. 33. Plaintiffs argue not allowing for the Responses is an extreme measure, resulting in unfair prejudice to Plaintiffs, and filed the present Motion to deem the Responses timely served. *See* Dkt. 38.

Defendants contend they never agreed to extend the original deadline, May 23, 2019. *See* Dkt. 46 at 2. Defendants also argue Plaintiffs have not shown good cause for the tardiness of their Responses and thus failed to show excusable neglect. *See id*. Defendants argue, both in their briefing and at the Hearing, they had no duty to notify Plaintiffs regarding the tardiness of Plaintiffs' Responses and have been prejudiced in the delay of time as it has impacted what they can rely upon in litigating this case. *See id*. at 6.

## II.  LEGAL STANDARD

The Court may extend filing periods under Federal Rule of Civil Procedure 6(b) for good cause. If the motion for extension of time is made after the expiration of a deadline, the party must show that it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)

(footnotes omitted). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x. 442, 444 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

### III. ANALYSIS

After hearing argument from the parties at the Hearing, the Court stated its intention to grant Plaintiffs' Motion. The Court, however, provides analysis regarding its decision to grant the Motion.

#### A. Danger of Prejudice to Defendants

The Court recognizes the potential for prejudice to Defendants given the costs incurred in reliance on the lack of timely Responses to the Requests. Defendants have, in addition to responding to the present Motion, prepared and filed amended counterclaims based on the lack of timely responses, thus resulting in admissions. Additionally, the Court notes that if no adjustment to the scheduling order in this case were allowed, deadlines have expired which would undoubtably prejudice Defendants. The Court, however, recognizes that Plaintiffs did notify Defendants of their intention to respond only slightly after the deadline had passed. Thus, Defendants could reasonably believe that Plaintiffs intended to file responses to the Requests and file a motion requesting leave to deem the responses timely filed from a date well before the present Motion was filed.

3

Additionally, as stated at the Hearing, the Court will allow the parties to amend the scheduling order to permit Defendants additional time to file amended pleadings and, given the parties consent to proceed before the undersigned, file dispositive motions accounting for the Responses. Thus, the Court finds that while Defendants will experience some amount of prejudice, due to the Court's commitment to adjust scheduling deadlines, the prejudice Defendants will experience is relatively minimal and will not fundamentally impact a decision on the merits of the case.

    B.  <u>The Length of the Delay and its Potential Impact on the Judicial Proceedings</u>

The delay in filing the Responses was approximately a month-and-a-half; however, as previously stated, the Court's commitment to adjust scheduling deadlines will allow the Court to ensure the delay will have a very limited impact on the judicial proceedings. The impact, at this point, is largely in the past, and the Court will endeavor to minimize any impact going forward in this case.

    C.  <u>Reason for the Delay</u>

The Court finds the reasons provided for the delay are unacceptable excuses, as the Responses were within the reasonable control of Plaintiffs. Plaintiffs' counsel's paralegal is not the attorney on the case and, is therefore, not ultimately responsible for compliance with case deadlines. That Plaintiffs' counsel had other demanding cases to manage does not obviate the responsibility of litigating this case in a timely fashion. Further, Plaintiffs should at the very least be capable of requesting extensions within the deadline period.

This is particularly true considering it is Plaintiffs who both filed this case before the Court, and brought Defendants into this case. While the Court grants the present Motion, in part because the prejudice to Plaintiffs would be so dramatic as to be potentially case-dispositive and

fundamentally not based on the merits of the case, the Court admonishes Plaintiffs' counsel that its reasons for delay are insufficient and will not be tolerated at any point in the future of this case.

D. Whether the Movant Acted in Good Faith

While the Court finds Plaintiffs' reasons for delay are unacceptable, there is no evidence the delay was a result of anything other than a series of errors. There is no indication of bad faith and the Court believes that Plaintiff has represented its mistakes in good faith. At the Hearing, Plaintiffs' counsel admitted the mistakes and responded reasonably to the Court's admonition regarding any future delays. Additionally, Plaintiffs did not oppose Court efforts to ameliorate the situation by allowing the parties to adjust future deadlines such that prejudice to Defendants will be minimized.

IV. CONCLUSION

Based on the foregoing, the Court finds that the Motion for Enlargement of Time to Deem Timely Plaintiffs' Responses to Request for Admissions and Relief from Technical Admissions (Dkt. 38) is hereby **GRANTED**.

**So ORDERED and SIGNED this 13th day of November, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE