IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ROOR INTERNATIONAL BV and SREAM, INC.,** § § § § **Plaintiffs,** § § **v.** § § **STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY,** § § § § **Defendants.** § § | Civil Action No.: 4:18-cv-00735-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion Requesting Deadline for Disclosure of Expert Testimony (the "Motion") (Dkt. 105). Defendants filed a response (Dkt. 107), and Plaintiffs filed a reply (Dkt. 108). The Court held a hearing on the Motion and other pending issues on December 8, 2020 (the "Hearing"). *See* Dkt. 115. At the Hearing, Plaintiffs requested leave to supplement their Motion with an affidavit, and the Court granted Plaintiffs leave to file its supplemental affidavit by December 9, 2020. *See* Dkt. 117 at 2. Plaintiffs timely filed a Notice of Filing Affidavit of Attorney in Support of Plaintiffs' Motion (Dkt. 118) with the Affidavit of Chezare A. Palacios, co-counsel for Plaintiffs, attached (the "Palacios Affidavit") (Dkt. 118-1). Because the parties failed to brief the issue of excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), the Court ordered additional briefing. *See* Dkt. 123 at 2. Plaintiffs filed a Brief on Excusable Neglect (Dkt. 128), and Defendants filed a response (Dkt. 134).

### I. BACKGROUND

Plaintiffs RooR International BV ("Roor") and Sream, Inc. ("Sream") filed suit on October 15, 2018, asserting claims of trademark counterfeiting and infringement and false designation of

origin and unfair competition against Defendants Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley. *See* Dkt. 2. Trademark Registration Nos. 3,675,839; 2,307,176; and 2,235,638 constitute the trademarks at issue (the "Roor Trademarks"). *See id.* at 4.

Pursuant to the Court's Scheduling Order, Plaintiffs' deadline to disclose expert testimony was July 2, 2019, and Defendants' deadline to disclose expert testimony was July 30, 2019. *See* Dkt. 29 at 2. After this matter was referred to the undersigned, the parties proposed an amended scheduling order on April 13, 2020, at which point the deadline to disclose expert testimony had already expired. *See* Dkt. 70. The parties' proposed scheduling order did not seek to extend the expired deadlines for disclosure of expert testimony; hence, the First Amended Scheduling Order (Dkt. 72) did not contemplate reopening and extending the deadlines for disclosure of expert testimony.

Plaintiffs represent that earlier this year, they retained Frank W. McBride ("McBride") "to conduct a survey regarding the likelihood of confusion among consumers between genuine and counterfeit RooR water pipes," and prepare an expert report. Dkt. 105 at 2. Plaintiffs contend they did not realize there was not an upcoming deadline for disclosure of experts and, therefore, did not calendar a date for disclosure. *See id.* McBride and his company, Strategic Advantage, Inc., conducted a survey in June and July 2020. *See* Dkt. 105-2 at 2. McBride completed his report on August 3, 2020. *See id.* at 1. Discovery closed on October 5, 2020, and, throughout this entire period, Plaintiffs failed to disclose McBride and his report. *See* Dkt. 72 at 1. Plaintiffs contend they were planning to submit McBride's report with their motion for summary judgment. *See* Dkt. 105 at 2. To date, Plaintiffs have not filed a motion for summary judgment.

Plaintiffs represent they realized the failure to disclose McBride to Defendants only when they were in the midst of preparing for trial, and thereafter, immediately provided a copy of

McBride's expert report on November 19, 2020. *See* Dkt. 105 at 2; Dkt. 118-1 at 3. In the present Motion, Plaintiffs request the deadline for their expert disclosure, previously set on July 2019, be extended, and the Court deem McBride's expert report timely filed. *See id.* at 3. Trial is presently set for January 18, 2020. *See* Dkt. 72 at 2.

## II.     LEGAL STANDARD

The Court may extend filing periods under Federal Rule of Civil Procedure 6(b) for good cause. If the motion for extension of time is made after the expiration of a deadline, the party must show that it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x. 442, 444 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

### III.  ANALYSIS

#### A. PREJUDICE TO DEFENDANTS

In the Fifth Circuit, courts evaluate prejudice from the vantage point of the non-movant. *See Adams*, 465 F.3d at 161 n.8. Here, Defendants are the non-movants.

Plaintiffs contend extension of Plaintiffs' expert disclosure deadline would not unfairly prejudice Defendants. *See* Dkt. 128-1 at 5. Plaintiffs represent they would allow Defendants to depose McBride and be amenable to any other remedy necessary to prevent unfair prejudice. *See id.* Defendants argue they have been "acting under the reasonable assumption that as Plaintiffs had not designated an expert, the Plaintiffs were therefore not going to designate an expert and have prepared for trial accordingly." Dkt. 134-1 at 9. Defendants further note that extending the deadline to allow Plaintiff to disclose an expert and use the expert's report would be highly prejudicial, as Defendants would need to conduct additional discovery, hire a rebuttal expert, conduct their own studies, and prepare for the rapidly approaching trial. *See* Dkt. 134-1 at 5.

The Court finds there would be significant prejudice to Defendants if the Court permitted Plaintiffs to disclose their expert on the eve of trial. In granting Plaintiffs' Motion, the Court would essentially facilitate a "trial by ambush," which the discovery rules were designed to prevent. *See Shelak v. White Motor Co.*, 581 F.2d 1155, 1159 (5th Cir. 1978) (observing the rules of discovery were designed to avoid eleventh-hour contentions and give the parties mutual knowledge of all relevant facts, thereby preventing surprise).

While the Court could issue mitigating orders, which would allow Defendants to conduct additional discovery, adequately respond to the matter, and prepare a rebuttal expert, each additional measure is tied to additional costs, both in terms of financial investment and in work hours. Foisting such costs and efforts on Defendants at this time would be unfairly prejudicial. *See*

*F & S Offshore, Inc. v. K. O. Steel Castings, Inc.*, 662 F.2d 1104, 1108 (5th Cir. 1981) (noting a previously unidentified witness disclosed shortly before trial and raising completely new issues amount to unfair surprise); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (noting district courts "have latitude" to cure prejudice by excluding improperly designated evidence such as surprise expert witnesses); *Irving v. Freightliner, LLC*, No. 1:03-cv-1391, 2005 WL 8161392, at *4 (E.D. Tex. June 28, 2005) (refusing to let witness testify as an expert because any continuance to prevent unfair prejudice "would have been costly and a waste of judicial resources.").

Here, the parties have already filed numerous pretrial materials, including a proposed pretrial order (Dkt. 112), motions in limine and responses thereto (Dkts. 113, 114, 135, 138), proposed findings of fact (Dkts. 137, 140), and objections to Defendants' exhibit list (Dkt. 139). If the Court were to grant Plaintiff's present Motion, the parties would have to amend all of these filings. Defendants would also require time to object to McBride as an expert and his report. Moreover, given that trial is only four weeks away, the Court will almost certainly have to postpone trial if it grants Plaintiffs' Motion and provide Defendants time to adequately reorient its litigation strategy. At bottom, granting the Motion would certainly unfairly prejudice Defendants.

Though the parties' briefs do not discuss the potential prejudice to Plaintiffs, and the Fifth Circuit case law does not consider prejudice from the movant's perspective, the Court addresses this matter out of an interest in considering the entire landscape of this case. Accordingly, from Plaintiffs' perspective, the Court acknowledges McBride and his report may be helpful to the elements Plaintiffs must prove in their trademark suit, particularly Plaintiffs' burden to demonstrate the "potential for confusion with counterfeit merchandise." Dkt. 105-2 at 1. Under the "potential for confusion" prong, "[t]he factors used by this Circuit in determining whether a likelihood of confusion exists are: '(1) strength of the plaintiff's mark; (2) similarity of design

5

between the marks; (3) similarity of the products; (4) identity of retail outlets and purchasers; (5) similarity of advertising media used; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers.'" *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008) (quoting *Oreck Corp. v. U.S. Floor Systems, Inc.*, 803 F.2d 166, 170 (5th Cir. 1986)). "The absence or presence of any one factor ordinarily is not dispositive; indeed, a finding of likelihood of confusion need not be supported even by a majority of the . . . factors." *Id.* (quoting *Conan Props, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 150 (5th Cir. 1985)). Notably, the Federal Circuit has found that survey evidence is not required in order to show a likelihood of confusion. *See Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1054 (Fed. Cir. 2012) (collecting cases).

Because survey evidence is merely helpful, but not *required*, to prove an element of Plaintiffs' claim, the Court does not find Plaintiffs will experience unfair prejudice from the denial of their Motion. Plaintiffs' claims do not rest solely on the submission of a survey or an expert report. Therefore, even if the Court weighed the potential for prejudice to Plaintiffs, this factor weighs against extending the expert deadline.

### B. LENGTH OF THE DELAY AND IMPACT ON PROCEEDINGS

Plaintiffs acknowledge their delay was lengthy, but they argue the reason for their delay was excusable. *See* Dkt. 128-1. Defendants argue Plaintiffs have cited no case in any court where a sixteen-month delay has ever been determined to be reasonable. *See* Dkt. 134-1.

"[A] long delay . . . with a strong explanation might be more acceptable than a short delay with a weak explanation—even if both explanations are credible." *Kretchmer v. Eveden, Inc.*, No. 3:07-cv-1068-D, 2009 WL 2835777, at *3 (S.D. Tex. Sep. 3, 2009) (quoting *In re Enron Corp.*,

419 F.3d 115, 129 (2d Cir. 2005)). The court "should consider the degree to which the delay may disrupt the administration of the case." *Id.* at *2.

Here the parties agree the delay was substantial. Plaintiffs attempt to frame the delay as a seven-month delay between an inadvertent omission to propose a new expert disclosure deadline and the realization of the failure to do so. *See* Dkt. 128-1 at 6. However, as Defendants correctly argue, Plaintiffs had an expert deadline that expired before the parties even submitted proposed deadline extensions in April 2020. *See* Dkt. 29 at 2; Dkt. 134-1 at 6. In fact, the Court's order requesting a proposed scheduling order from the parties was specifically for "remaining deadlines in this case." Dkt. 69 at 3. Thus, had Plaintiffs proposed an extension of the expert disclosure deadline in April of 2020, they still would have had to demonstrate excusable neglect of more than eight months from the expiration of their July 2, 2019, deadline. *See* Dkt. 29 at 2. Accordingly, the Court finds that Plaintiffs seek to excuse a sixteen-month delay—not a seven-month delay. The Court further agrees with the parties that the delay is substantial. *See Geiserman*, 893 F.2d at 791 (finding a delay of "a couple weeks" in designating expert witness disruptive to the court's discovery schedule and the opponent's preparation).

Here, the impact on the proceedings is substantial and will disrupt the administration of the case as it enters its final stages before trial. An extension will not merely move the deadline and require immediate responsive action from Defendants, but it will also necessitate the reopening of discovery and require revisions to trial preparation.

For these reasons, the length of delay weighs against granting the extension.

### C. REASON FOR THE DELAY

Plaintiffs attempt to explain their reason for delay in the Palacios Affidavit, wherein Palacios testifies that he was responsible for preparing the proposed schedule of remaining

deadlines in April 2020. *See* Dkt. 118-1 at 1. Palacios testifies that he followed the Court's order to propose new deadlines for the remaining deadlines and did not think to request a new deadline for expert disclosure. *See id.* at 2. Palacios further testifies that he based proposed deadlines on the close of discovery deadline and did not notice expert disclosure preceded the close of discovery. *See* Dkt. 118-1 at 2.

Defendants argue the reason for delay is inexcusable. *See* Dkt. 134-1 at 7. Defendants point out that expert disclosure deadlines always precede the close of discovery. *See id.* at 8. Therefore, even ignoring that the deadline had passed in July 2019, Plaintiffs still failed to disclose their expert until more than a month after the close of discovery and more than two weeks after the deadline for dispositive motions, November 2, 2020.

"Evaluating the reason for delay is perhaps the single most important factor." *United States v. 5124 Gumwood Avenue, McAllen, Hidalgo Cnty., Texas*, No. 1:16-cv-186, 2017 WL 3842373, at *4 (E.D. Tex. Aug. 10, 2017). Plaintiffs cite a single case in support of their argument that there was a good reason for delay, *Johnson v. Graves*, No. G-06-764, 2008 WL 694730, at *1 (S.D. Tex. Mar. 12, 2008). *See* Dkt. 128-1 at 7. Plaintiffs argue the district court in *Johnson v. Graves* found the plaintiff demonstrated excusable neglect when delay was "merely inadvertent and . . . in good faith," and the error was quickly remedied once the plaintiff realized their mistake. *Id.* In *Johnson*, however, counsel missed a deadline to respond to a motion for summary judgment by twenty-seven days, stating that he simply was unaware that the motion had been filed. *See id.* The district court reasoned the attorney committed an inadvertent error, established good faith, that delay of consideration of a motion for summary judgment of about one month to remedy this error was "fairly routine" and would not "significantly impact" the proceedings. *Id.*

8

The facts of this case are vastly different. Here, the delay is magnitudes greater than twenty-seven days, the remedy would be extremely exceptional, and it would significantly impact the proceedings. Therefore, the analysis in *Johnson* is inapplicable to the matter before the Court.

Moreover, Plaintiffs' stated reason for their delay is insufficient. Even if Plaintiff intended to request a new deadline in the proposed amended scheduling order, such request would have exceeded the scope of the Court's order to propose a schedule for <u>remaining</u> deadlines, and Plaintiffs would still have had to make an argument for excusable neglect in failing to meet the deadline of July 2, 2019, in the original Scheduling Order. *See* Dkt. 29 at 1; Dkt. 69 at 3. Plaintiffs did not attempt to explain this portion of the delay, even after filing a Motion, reply, and affidavit (filed after the Hearing). *See* Dkts. 105, 108, 118. Moreover, Plaintiffs failed to cite or brief the applicable excusable neglect standard articulated in Rule 6(b)(1)(B). Plaintiffs failed to assert adequate arguments demonstrating or even citing excusable neglect in their previous filings, and the Court could have simply denied the Motion for failure to carry the burden to demonstrate excusable neglect. However, the Court provided Plaintiffs a final opportunity to brief the issue. *See* Dkt. 123. Nonetheless, Plaintiffs fail to account for their delay in every regard except for one—the failure of Palacios to determine that Plaintiffs needed to request an extension of the expert disclosure deadline in April of 2020.

Palacios' statement appears to be credible; however, his error is not the only mistake made by Plaintiffs. Plaintiffs failed to make any expert disclosure before expiration of the deadline, failed to request a deadline extension under the appropriate standard, and failed to disclose the expert even when discovery closed and dispositive motions were due—these deadlines were clear in the Amended Scheduling Order. As previously noted, McBride and his company, Strategic Advantage, Inc., conducted a survey in June and July 2020. *See* Dkt. 105-2 at 2. McBride

completed his report on August 3, 2020. *See id.* at 1. Plaintiffs, thus, engaged in the entire process of obtaining an expert, waiting for the survey to be completed, and having McBride complete his report months before the close of discovery but with no disclosure to Defendants. Though Plaintiffs requested extensions to the discovery and dispositive motion deadlines at the time of the dispositive motion deadline (November 2, 2020), this request came nearly a month after the close of discovery (October 5, 2020) and did not include a request to extend the expert disclosure deadline. *See* Dkts. 72, 101. The present Motion was not filed until November 19, 2020.

Plaintiffs contend the error was a "mutual mistake," that the issue is due to "the Parties' failure to provide the court with a proposed amended disclosure of expert testimony deadline," that "[t]his problem is as much the fault of the Plaintiffs as with the defense," and that "the mistake went unnoticed by the Defendants as they did not raise any issues or comments as to the inadvertent omission." Dkt. 105 at 2–3; Dkt. 108 at 1; Dkt. 128-1 at 7. Plaintiffs further argue that "[i]n all likelihood, [the mistake] was not noticed by the Defendants, as it was not noticed by the Plaintiffs' counsel." Dkt. 128-1 at 7. Notably, Defendants ardently disagree that the error in failing to request new deadlines for the disclosure of experts was mutual. *See* Dkt. 134-1 at 2–3. Moreover, Plaintiffs' responsibility to comply with their expert disclosure deadline is not shared by Defendants—it is Plaintiffs' alone. Finally, it is Plaintiffs'—not Defendants'—burden to demonstrate justification for the extension. *See* FED. R. CIV. P. 6(b)(1)(B). The fact that Defendants did not notify Plaintiffs of their failure to timely disclose an expert or request a deadline extension is not a sufficient reason for delay.

The Court finds the reasons for the delay are legion, going well beyond the lone failure of Palacios to recognize that the deadline for expert disclosure was not a remaining deadline when new deadlines were sought. Plaintiffs clearly did not make adequate considerations at the

expiration of the original deadline, at any point in the intervening time, at the time they retained their expert, during the period their expert prepared and completed his report, at the close of discovery, at the dispositive motion deadline, and in initial briefing of this Motion. The Court finds the reason for delay weighs against granting the Motion.

### D. GOOD FAITH

Plaintiffs argue they acted in good faith and that the failure to disclose McBride and his report was simply a mistake. *See* Dkt. 128-1 at 7. Plaintiffs further contend that when they realized their error, they acted quickly to remedy the mistake. *See id.* at 8. Defendants argue Plaintiffs' actions cannot be viewed as decisions made in good faith. *See* Dkt. 134-1 at 9. The Court finds there is no evidence that squarely demonstrates Plaintiffs acted in bad faith. The failure to disclose is not of a variety that suggests gamesmanship or an attempt to hide the ball. After all, from the date their deadline expired in July 2, 2019, Plaintiffs were required to file a motion to extend their expert disclosure deadline, showing good cause and excusable neglect. Plaintiffs' arguments on those issues could not improve over time. Therefore, the Court does not find it reasonable to conclude that Plaintiffs' failures evidence out-and-out bad faith.

The Court cannot find, however, that Plaintiffs acted in good faith. The evidence and arguments suggest Plaintiffs' processes for keeping track of deadlines and double-checking potential issues in the weeks preceding the close of discovery and the dispositive motion deadlines is woefully inadequate, extending back more than a year before the present Motion. Plaintiffs handled the expert disclosure issue in a reckless fashion, failing to ask for an extension before the deadline expired in July 2019. When Plaintiffs sought and hired an expert earlier this year, they failed to notify Defendants of any issue with the expert disclosure deadline. Perhaps most egregiously, when McBride completed his work on August 3, 2020, Plaintiffs did not disclose

McBride's report. Even at the close of discovery, on October 5, 2020, when parties are required to make certain they have complied with all disclosure requirements, Plaintiffs failed to disclose McBride or the completed report. Thus, the Court finds Plaintiffs have not acted in apparent good faith.

### IV.    CONCLUSION

The Court finds each of the Rule 6(b)(1)(B) factors weighs against permitting extension of Plaintiffs' expert disclosure deadline. For the foregoing reasons, therefore, Plaintiffs' Motion Requesting Deadline for Disclosure of Expert Testimony (Dkt. 105) is **DENIED**.

**So ORDERED and SIGNED this 23rd day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE