IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY, <br><br> Defendants. | § § § § § § § § § § § Civil Action No.: 4:18-cv-00735-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Dismiss the Defendants' Counterclaim and for Other Sanctions Based on Fraud on the Court (the "Motion") (Dkt. 77). Defendants filed a response (Dkt. 78), to which Plaintiffs filed a reply (Dkt. 81). On December 8, 2020, the Court held a hearing on the Motion and other pending issues (the "Hearing"). *See* Dkt. 115.

Upon consideration, the Court finds the Motion is **DENIED**.

### I.    BACKGROUND

Plaintiffs RooR International BV ("Roor") and Sream, Inc. ("Sream") filed suit on October 15, 2018, asserting claims of trademark counterfeiting and infringement and false designation of origin and unfair competition against Defendants Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley. *See* Dkt. 2. Trademark Registration Nos. 3,675,839; 2,307,176 and 2,235,638 constitute the trademarks at issue (the "Roor Trademarks"). *See id.* at 4.

Defendants filed an Original Answer and Counterclaim (Dkt. 6) and a First Amended Answer and First Amended Counterclaim (the "Counterclaim") (Dkt. 33). In the Counterclaim, Defendants seek a declaratory judgment to cancel the Roor Trademarks. *See* Dkt. 33 at 23.

In the Motion, Plaintiffs request that the Court, pursuant to the Court's inherent authority, dismiss the Counterclaim and enter default against Stinky's or, in the alternative, strike the affirmative defense in Paragraph 90 of the Counterclaim. *See* Dkt. 77 at 1. Paragraph 90 reads:

> Counter-Plaintiffs Stinky's and Whiteley plead that the trademark claimed by Plaintiff RooR should be declared cancelled and invalidated for the reason that the trademarked item is drug paraphernalia as defined by the Controlled Substances Act 21 U.S.C. Sec. 863 ("CSA"). Since the trademarked item, e.g. a bong, water pipe, or glass pipe, is drug paraphernalia the trademark [is] invalid since it is illegal under federal law. Due to the illegality and invalidity of the trademark, Defendants cannot be held liable for trademark infringement, when the underlying mark is improper and invalid.

Dkt. 33 at 19.

## II.   LEGAL STANDARD

"[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

In order to exercise its inherent authority, the court must find the accused party engaged in bad faith conduct that resulted in prejudice to the judicial process. *See id.* at 45–46. These inherent powers "ought to be exercised with great caution," *id*. at 43 (internal quotation marks omitted), and are reserved for "conduct which abuses the judicial process." *Id.* at 44–45. "The threshold for the use of the inherent power sanction is high." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). A court's inherent power to sanction "may be exercised only if essential to preserve the authority of the court," *id.*, and only when the court "finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501

U.S. at 46). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Sanctions pursuant to a court's inherent authority serve the "dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Carroll v. Jaques*, 926 F. Supp. 1282 (E.D. Tex. 1996), aff'd *sub nom. Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997) (citing *Chambers*, 501 U.S. at 46 (internal quotation marks omitted)). In this context, "vindicating judicial authority" relates back to the purpose of inherent power:

> For nearly as long as the federal courts have existed, it has been understood that certain implied powers must necessarily result to our courts of justice from the nature of their institution, powers which cannot be dispensed with in a court because they are necessary to the exercise of all others. The inherent powers of the federal courts are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Natural Gas Pipeline*, 2 F.3d at 1406. (internal quotation marks and citations omitted). "The ultimate touchstone of inherent power is necessity." *Id.* at 1412.

To exercise its inherent authority, the Court must make a specific finding that the sanctioned party acted in bad faith, and any sanctions imposed should be the least severe sanctions adequate to accomplish the purpose for which the sanction was imposed. *See Topalian v. Ehrman*, 3 F.3d 931, 938 (5th Cir. 2001). A court can consider whether claims were meritless, whether the attorney knew or should have known the claims were meritless, and whether the motive for filing suit was for an improper purpose. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Inherent power sanctions are essentially punitive, designed to penalize bad faith abuses of the litigation process. *See Carroll*, 926 F. Supp. at 1291. While they may be used to compensate

the opposing party for fees that should never have been incurred, their compensatory aspect is only incidental, and it is within the discretion of the court to determine the appropriate sanction. *Id.* Among the types of inherent power sanctions that the court, in its discretion, may choose to impose are:

(1) a fine;

(2) an award of reasonable attorneys' fees and expenses;

(3) disqualification of counsel;

(4) preclusion of claims or defenses or evidence;

(5) dismissal of the action;

(6) entry of a default judgment;

(7) suspension of counsel from practice before the court or disbarment;

(8) vacatur of a judgment for fraud;

(9) injunctive relief limiting a person's future access to the courts;

(10) a contempt citation; and

(11) permitting adverse inference from document destruction.

*Id.* (citing GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE 440–41 (2d ed. 1994)) (internal citations omitted).

### III.    ANALYSIS

Plaintiffs request the "severe sanction" of dismissal of Defendants' Counterclaim pursuant to the Court's inherent authority. *See* Dkt. 77 at 5 (citing *Johnese v. Jani-King, Inc.*, No. 3:06-cv-533-D, 2008 WL 631237, at *2 (N.D. Tex. Mar. 3, 2008)). Plaintiffs accuse Defendants of making "baseless accusations" and attempting to "paint themselves as coming before [the Court] with clean hands." Dkt. 77 at 7. Plaintiffs argue Defendants' conduct is worse than the conduct at issue

in *Johnese*, where a Northern District of Texas court dismissed the plaintiff's case for fraud on the court. *See id.* (citing *Johnese*, 2008 WL 631237, at *3–9).

Plaintiffs present a few examples to support their request for the "severe sanction" of dismissal. *See* Dkt. 77 at 8. In Plaintiff's words, Defendants "irrelevantly commented on Roor's settlement negotiations, calling them 'absurd;'" are "perpetuating a fraud upon the Court, by stating under oath that Defendants sell only for CBD and tobacco use and that Defendants do not endorse or advertise for the use of cannabis/hashish;" and are "accusing an innocent party of the exact wrongdoing of which Stinky's, themselves, are guilty." *Id.*

Defendants counter that Plaintiffs have "failed to produce any 'clear and convincing' evidence that anything has been fabricated, that Defendants acted with bad faith, or that the Defendants have attempted, or succeeded, in impinging upon the ability of the courts to make a fair and impartial decision from the evidence presented." Dkt. 78 at 6.

In the lone case cited by Plaintiffs as comparable to the present matter, *Johnese*, the court addressed a "blatant fraud on the court" during a deposition. *See* 2008 WL 631237, at *3. In *Johnese*, a plaintiff sued two corporations for wrongful denial of employment, claiming that she was denied a position because of her race, sex, and age despite being more qualified than an individual who was ultimately hired for the position. *See id.* at *1. The defendants deposed the plaintiff's husband and purported business partner as the only person who could confirm the plaintiff's level of experience. *See id.* The deposition was conducted by phone and only the witness, the court reporter, and the plaintiff were present in the room throughout the deposition. *See id.* An office manager entered the room twice to deliver exhibits and coffee. *See id.* The defendants' counsel suspected that, due to sounds on the call, the plaintiff whispered answers to the witness and passed the witness notes. *See id.* The defendants' counsel questioned the witness

whether the plaintiff had written answers for him during the deposition; the witness testified the plaintiff had not. *See id.*

Affidavits from the court reporter and the office manager confirmed the plaintiff had, in fact, written answers for the witness, relaying answers for over ninety percent of the questions. *See id.* The court determined that, "[a]lthough specifically instructed not to provide answers to her husband, [the plaintiff] deliberately defied this clear directive and suborned perjury, apparently believing she could escape detection (she would have in fact escaped detection had [the court reporter and the office manager] not acted to preserve the integrity of the administration of justice and come forward with what they had observed)." *Id.* at 3. The court found this "blatant fraud on the court" warranted dismissal of the case. *See id.* at 3.

In the present matter, Plaintiffs have presented no evidence of conduct even remotely as egregious as the fraud committed in *Johnese*. Defendants' characterization of Roor's settlement negotiations as "absurd" is a clear assertion of opinion—not a statement of fact capable of fraud on the Court. *See Commercial Credit Corp. v. Sorgel*, 274 F.2d 449, 453 (5th Cir. 1960) ("As a general rule, fraud cannot be predicated upon mere statements of opinion as to matters of law, especially where the statements are made by one in his avowed capacity as adversely interested.") (quoting *Meacham v. Halley*, 103 F.2d 967, 972 (5th Cir. 1939)).

Plaintiffs present social media memes referring to marijuana usage posted on Stinky's Facebook page as proof that Defendants are perpetuating a fraud that they "sell only for CBD and tobacco use, and that it does not endorse or advertise for the use of cannabis/hashish." *See* Dkt. 77 at 8; Dkt. 77-3 at 2–21. A finding of "fraud on the court" is reserved for "the most egregious forms of misconduct," such as "bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338

(5th Cir. 1978) (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972)). Fraud on the court requires a scheme "by which the integrity of the judicial process has been fraudulently subverted by a deliberately planned scheme in a manner involving far more than an injury to a single litigant." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir. 1981) (internal quotations omitted). Here, the Court finds there is no such evidence of egregious conduct and no fraudulent subversion of the judicial process.

Plaintiffs further argue Defendants are accusing Plaintiffs of the wrongdoing of which Stinky's themselves are guilty. *See* Dkt. 77 at 8. The parties' alleged wrongdoing is the subject of this lawsuit. Both the factual and legal issues at play will be resolved through the standard judicial process and need not be shortcut through the levying of sanctions under the Court's inherent authority. Moreover, the extreme sanction of dismissal of Defendants' Counterclaim is wholly unsupported by the finding in *Johnese* or any other case law of which the Court is aware.

Plaintiffs present a wholly inadequate argument for their request to strike Paragraph 90 of the Counterclaim and the entry of default. *See* Dkt. 77. Aside from their lone citation to *Johnese*, Plaintiffs present no additional basis for the requested sanctions. Sanctions under the Court's inherent authority are, therefore, completely unwarranted.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss the Defendants' Counterclaim and for Other Sanctions Based on Fraud on the Court (Dkt. 77) is **DENIED**.

**So ORDERED and SIGNED this 30th day of December, 2020.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE