IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY, <br><br> **Defendants.** | § § § § § § § § § § § § Civil Action No.: 4:18-cv-00735-KPJ |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Under Rule 12(b)(1) ("Defendants' Motion") (Dkt. 75), to which Plaintiffs filed a response (Dkt. 76). Also pending before the Court is Plaintiffs' Motion to Dismiss Without Prejudice as to Plaintiff Roor International BV and to Dismiss Stream Inc.'s Counts I and II ("Plaintiffs' Motion") (Dkt. 87), to which Defendants filed a response (Dkt. 89) and Plaintiffs filed a reply (Dkt. 91).

On December 8, 2020, the Court held a hearing on Defendants' Motion (Dkt. 75) and Plaintiffs' Motion (Dkt. 87), along with other pending issues (the "Hearing"). *See* Dkt. 115. Following the Hearing, the Court ordered Defendants to file additional briefing related to the issue of dismissal. *See* Dkt. 117 at 1–2. Defendants filed a Brief in Response to Court Order ("Defendants' Supplemental Brief") (Dkt. 131).

### I.   BACKGROUND

Plaintiffs RooR International BV ("Roor") and Sream, Inc. ("Sream") filed suit on October 15, 2018, asserting claims of trademark counterfeiting and infringement and false designation of origin and unfair competition against Defendants Stinky's Smoke Shop, LLC ("Stinky's") and

Andrew Whiteley. *See* Dkt. 2. Trademark Registration Nos. 3,675,839; 2,307,176 and 2,235,638 constitute the trademarks at issue (the "Roor Trademarks"). *See id.* at 4. Plaintiffs asserted three claims against Defendants on behalf of both Roor and Sream: Federal Trademark Counterfeiting and Infringement pursuant to 15 U.S.C. § 1114 ("Count I"); Federal Trademark Counterfeiting pursuant to 15 U.S.C. § 1116(d) ("Count II"); and Federal False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a) ("Count III"). *See* Dkt. 2 at 11–17.

Plaintiffs present that all rights to the Roor Trademarks were transferred to Republic Technologies (NA), LLC ("Republic") on August 20, 2019, pursuant to the Trademark Assignment Agreement (the "Assignment") (Dkt. 67-1). Plaintiffs did not notify the Court or Defendants immediately after such transfer of the Roor Trademarks. To the contrary, on October 31, 2019, the Court held a hearing on several pending motions. *See* Dkt. 62. At the hearing, Plaintiffs notified neither the Court nor Defendants that the Roor Trademarks had been assigned to an unnamed party in the litigation, and hence, Roor no longer held the rights to the Roor Trademarks. Moreover, Defendants deposed Plaintiffs' corporate representative, Bryan Malamut, on October 31, 2019, and it is uncontested that even though over three months had passed since the reassignment of the Roor Trademarks, Roor's corporate representative did not indicate that Roor no longer held the rights to the Roor Trademarks. *See* Dkt. 68 at 2.

Approximately six months later, on February 8, 2020, Plaintiffs filed a Motion to Substitute Party Plaintiff Due to Transfer of Interest (the "Motion to Substitute") (Dkt. 67). Plaintiffs failed to provide support for their Motion to Substitute, and thus, the Court denied the request. *See* Dkt. 69. Plaintiffs filed the present Motion to Dismiss on September 11, 2020—more than six months after the Motion to Substitute and one year after transfer of the Roor Trademarks. *See* Dkt. 87.

2

## II. LEGAL STANDARD

### A. RULE 12(b)(1)

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Dismissal for lack of Article III standing is brought under Rule 12(b)(1). *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)).

Article III standing—also called constitutional standing—is a "threshold jurisdictional question" in any federal lawsuit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). To establish Article III standing, a plaintiff must show, at a minimum, that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

When a defendant challenges a plaintiff's Article III standing solely on the complaint, the plaintiff is protected by safeguards similar to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). That is, the Court must treat the factual allegations in the complaint as true. *Id.*

However, when the defendant challenges Article III standing by introducing facts outside of the complaint, the Court has more latitude with respect to disputed facts: "It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court—not a jury—to decide." *Id.*

at 413. Accordingly, if the defendant introduces disputed facts relating to subject matter jurisdiction, the district court has the power to resolve them. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citation omitted). But in resolving them, the Court must be mindful that, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). As such, the Court presumes that "general allegations embrace those specific facts that are necessary to support the claim." *Id.*

### B. RULE 41

Federal Rule of Civil Procedure 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without court order in one of two ways: (1) a plaintiff may dismiss an action under Rule 41(a)(1)(A)(i) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1); or (2) a plaintiff may dismiss an action under Rule 41(a)(1)(A)(ii) by filing "a stipulation of dismissal signed by all parties who have appeared." *Id.*

Rule 41(a)(2) provides that once a defendant serves an answer or a motion for summary judgment, absent the defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).

### III. ANALYSIS

### A. DEFENDANTS' MOTION

Defendants request that claims asserted by Plaintiff Sream be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and that Defendants be awarded attorneys' fees "caused by Plaintiff's intentional omission to the Court and Defendants as to the proper parties in interest . . . which forced Defendants to expend time and expenses in defending meritless claims that the

Plaintiffs knew at the time were meritless due to lack of standing." *See* Dkt. 75 at 8. Defendants do not request dismissal of claims asserted by Plaintiff Roor in the Motion. *See id.*

To clarify, there are two strains of standing: Article III standing and prudential standing. Article III standing, also called constitutional standing, "enforces the Constitution's case-or-controversy requirement." *Servicios Azucareros de Venezi, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 801 (5th Cir. 2012) (citations omitted). Prudential standing, also called statutory standing, "embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Id.* Dismissals for lack of constitutional standing are brought under Rule 12(b)(1) for lack of subject matter jurisdiction, and dismissals for lack of prudential standing are brought under Rule 12(b)(6) for failure to state a claim. *See Harold H. Huggins Realty*, 634 F.3d at 795 n.2 (5th Cir. 2011). Defendants cite cases addressing both constitutional standing and prudential standing (*see* Dkt. 75 at 5), but the Court will analyze Defendants' Motion under the Article III standing framework, as Defendants asserted a 12(b)(1) motion. *See* Dkt. 75 at 1; *Cunningham v. Britereal Mgmt., Inc.*, No. 4:20-cv-144-SDJ-KPJ, 2020 WL 7391693, at *2 n.3 (E.D. Tex. Nov. 20, 2020), *report and recommendation adopted*, No. 4:20-cv-144-SDJ-KPJ, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) (evaluating 12(b)(1) motion as challenge to constitutional standing, not prudential standing, where movant did not specify type of standing challenge asserted).

Plaintiffs argue Defendants' Motion is not based on lack of subject matter jurisdiction under Rule 12(b)(1), but rather a contention that Sream has failed to state a claim, which must be brought under Rule 12(b)(6). *See* Dkt. 76 at 3.

A Rule 12(b)(6) motion to dismiss "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b). Defendants submitted a responsive pleading in this matter on November 30, 2018. *See* Dkt. 6. Thus, the time has passed for Defendants to assert a Rule 12(b)(6)

5

motion. In Defendants' Motion, Defendants cite standards for constitutional standing, which fall under a Rule 12(b)(1) analysis and cite two cases to argue the Court lacks subject matter jurisdiction due to lack of constitutional standing. *See* Dkt. 75 at 4–5. Thus, the Court finds Defendants have not merely brought an untimely Rule 12(b)(6) motion—Defendants also bring a 12(b)(1) challenge, which the Court can consider at any time. *Ashcroft v. Iqbal*, 566 U.S. 662, 671 (2009) ("We are not free to pretermit the question. Subject matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

As set forth above, "to satisfy Article III's standing requirement, plaintiffs must demonstrate (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct and that is (3) likely to be redressed by the requested relief." *Texas v. Rettig*, 968 F.3d 402, 411 (5th Cir. 2020) (citing *Lujan*, 504 U.S. at 560–61). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* (quoting *Lujan*, 504 U.S. at 561).

The Court notes that "[i]f one plaintiff has standing for a claim, then Article III is satisfied as to all plaintiffs." *Id.* (citing *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006)). At this late stage of the litigation, Plaintiffs concede Roor no longer has standing to bring the claims it initially asserted (*see* Dkt. 87 at 1), and Plaintiffs concede Sream lacks standing to assert Counts I and II of the Complaint (*see* Dkt. 76 at 4–5),

With respect to Count III of the Complaint (Dkt. 2), Plaintiffs' contend Sream still has standing to litigate its allegation that Defendants violated the Federal False Designation of Origin and Unfair Competition provisions of 15 U.S.C. § 1125(a). *See* Dkt. 76 at 4–5. To ensure the Court has the constitutional authority to hear Count III, it now evaluates Sream's claim in Count III for Article III standing.

In the Complaint, Plaintiffs contend that "Defendants' offer for sale of Counterfeit Goods under the Infringing Mark has resulted in lost business opportunities, customers, contracts, and sales to the Plaintiffs." Dkt. 2 at 10. On these allegations, the Court finds Plaintiffs have sufficiently alleged an injury that is fairly traceable to Defendants' allegedly unlawful conduct. Thus, the first two elements of Article III standing have been satisfied.

Further, Plaintiffs contend that "Defendants' unauthorized use in commerce of the RooR Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)." Dkt. 2 at 17. Plaintiffs highlight that "[p]ursuant to 15 U.S.C. § 1125(a), a defendant "shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a) (2018). Plaintiffs seek injunctive relief, statutory damages, and costs of action under the Lanham Act. *See* Dkt. 2 at 17. On these allegations, Plaintiffs have established their injuries will be redressed through a favorable decision. *See Spokeo*, 136 S. Ct. at 1543; *see also Cunningham*, 2020 WL 7391693, at *5 (holding the availability of statutory damages shows an injury is redressable). Notably, Defendants did not file a reply or otherwise respond to Plaintiffs' standing arguments outside of their limited discussion at the Hearing. *See* Dkt. 115.

Overall, the Court finds that on the face of the Complaint, Plaintiffs have established Article III standing with respect to Sream's claim, as set forth in Count III of the Complaint (Dkt. 2), Federal False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a). Therefore, Defendants' Motion (Dkt. 75) is **DENIED**.

## B.  PLAINTIFFS' MOTION

Plaintiffs request the dismissal, without prejudice, of all claims asserted by Roor and Counts I and II of the Complaint as asserted by Sream. *See* Dkt. 87. As set forth above, Plaintiffs contend their only remaining claim at this late stage of litigation is Count III of the Complaint. Plaintiffs further contend Sream is the lone Plaintiff. *See id.* Defendants agree that all claims asserted by Roor (Counts I, II, and III) and two claims asserted by Sream (Counts I and II) should be dismissed; however, Defendants argue the claims should be dismissed with prejudice, as Plaintiffs, by their own admission, no longer have standing to pursue the claims they seek to have dismissed without prejudice. *See* Dkt. 89 at 1–2. Specifically, Plaintiffs admit that Roor no longer has standing to bring the claims it asserted (*see* Dkt. 87 at 1) and Sream lacks standing to bring Counts I and II of the Complaint (*see* Dkt. 76 at 4–5). Defendants contend they would be prejudiced by dismissal without prejudice because Plaintiffs could potentially raise such claims at a later date, "once again forcing Defendants to expend time and money on fighting the frivolous claims which Plaintiffs agree they have no standing to pursue." Dkt. 89 at 1.

Plaintiffs respond that "voluntary dismissal of a claim is without prejudice," citing Rule 41(a)(1)(B). However, Rule 41(a)(1) does not apply here, as it applies only "before the opposing party serves either an answer or a motion for summary judgment" or upon filing of "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). Defendants have filed an answer (Dkt. 6) and Plaintiffs have not filed a stipulation of dismissal signed by all parties. To the contrary, Defendants oppose the dismissal of Plaintiffs' claims without prejudice.

The analysis before the Court does not end with Rule 41(a)(1). As Defendants have filed an answer, the Court must evaluate dismissal under Rule 41(a)(2), which permits dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." *See Welsh v.*

*Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019) (quoting FED. R. CIV. P. 41(a)(2)). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." FED. R. CIV. P. 41(a)(2). However, "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).

"Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274–75 (5th Cir. 1990). "'The Court in dismissing under Rule 41(a)(2) should weigh the equities and make a decision which seems fairest under all the circumstances.'" *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 n.4 (5th Cir. 1963) (quoting JAMES WM. MOORE & ALLAN D. VESTAL, MOORE'S MANUAL, FEDERAL PRACTICE & PROCEDURE, 1400, § 1907(1) (1962)).

The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317. The mere fact that a plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2018) (internal quotation omitted). Absent a showing of plain legal prejudice or other "evidence of abuse by the movant," the court should generally grant a Rule 41(a)(2) motion for voluntary dismissal. *Elbaor*, 279 F.3d at 317.

Courts have considered a number of factors in determining "plain legal prejudice." In *Elbaor*, the Fifth Circuit noted, but did not adopt, the Eighth Circuit's examination of factors related to the issue of prejudice to the non-movant:

> We consider the following factors when determining whether a district court abused its discretion in denying a Rule 41(a)(2) motion: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Elbaor*, 279 F.3d at 317 n.3 (quoting *Witzman v. Gross,* 148 F.3d 988, 992 (8th Cir. 1998)). In *Manshack v. Southwestern Elec. Power Co.*, the Fifth Circuit highlighted that "[t]he fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice.'" 915 F.2d 172, 174 (5th Cir. 1990).

The Fifth Circuit has found that it is important, in assessing prejudice, to consider the stage at which the motion to dismiss is made. *See Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Therefore, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." *Id.*

"Clear legal prejudice will be found where dismissal might result in a defendant's loss of a potentially valuable defense." *Glascock v. Prime Care Seven, L.L.C.*, No. SA-08-CA-334-FB, 2008 WL 2600149, *2 (W.D. Tex. June 26, 2008). A "typical example" of prejudice occurs when the motion to dismiss is a means of "avoiding an imminent adverse ruling." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.,* 628 F.3d 157, 162 (5th Cir. 2010).

Here, as explained in Defendants' Supplemental Brief, the cost of mere dismissal without prejudice is greater than simply the threat of a second lawsuit. *See* Dkt. 131 at 1–2. Defendants have been forced to litigate these claims for nearly two years, and Plaintiffs now seek dismissal

without prejudice. Defendants have presumably expended great effort and accrued many expenses over the course of pretrial litigation and in their preparation for trial. Further, the Lanham Act allows courts to award attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). Defendants seek, through a full adjudication of Plaintiffs' claims, "all attorney fees, costs, and court fees associated with [Defendants] against Plaintiffs' knowingly frivolous claims" as the prevailing party and under the "exceptional" circumstances provision of the Lanham Act. Dkt. 131 at 3–4. The Court finds the cost of dismissal weighs in Defendants' favor.

Additionally, the Court considers "evidence of abuse" by Plaintiffs. Defendants highlight Plaintiffs' delays, noting Plaintiffs knew they lacked standing and failed to notify Defendants and otherwise take prompt action to dismiss their claims. *See* Dkt. 131 at 2–3. Plaintiffs have admitted to knowing Roor lacked standing to pursue its claims since at least August 20, 2019, the date of the Assignment of the Roor Trademarks from Roor to Republic. *See* Dkt. 67 at 1. Moreover, Plaintiffs have admitted to knowing Sream lacked standing to pursue Counts I and II of the Complaint since the issuance of an order regarding the same standing issue in *RooR Int'l BV v. Good Timez III, LLC*, No. 8:19-cv-439-T-24, 2019 WL 4933657, at *2 (M.D. Fla. Oct. 7, 2019). *See* Dkt. 76 at 5. Defendants further assert, and the Court agrees, that Plaintiffs certainly knew Sream lacked standing to pursue Counts I and II of the Complaint since the District Court adopted the Report and Recommendation of the undersigned in a separate case involving Plaintiffs and the nearly identical issue of standing on August 29, 2019. *See RooR Int'l BV v. Saleem*, No: 4:18-cv-715-ALM-KPJ, 2019 WL 4127282, at *5 (E.D. Tex. Aug. 12, 2019*), report and recommendation adopted*, 2019 WL 4081008, at *1 (E.D. Tex. Aug. 29, 2019). Therein, the District Court dismissed Sream's nearly identical claims under 15 U.S.C. § 1114 (here, Count I) and 15 U.S.C. § 1116(d) (here, Count II) for lack of standing. *See id.*

11

In summary, by at least August 29, 2019, Plaintiffs knew that Roor lacked standing to proceed with any of its claims against Defendants and that Sream lacked standing to assert Counts I and II against Defendants. As noted above, Plaintiffs did not notify the Court or Defendants regarding the Assignment when it took place; failed to notify the Court and/or Defendants that they had assigned the Roor Trademarks during a hearing on October 31, 2019, on several pending motions; and did not indicate, either through its counsel or the corporate representative, that Roor had previously assigned the Roor Trademarks and, thus, no longer held the right to assert claims regarding the Roor Trademarks, during the deposition of Plaintiffs' corporate representative on October 31, 2019.

Yet, incredibly, on June 26, 2020—over ten months after the Assignment of the Roor Trademarks, Plaintiffs argued in their response to Defendants' Motion that an award of attorneys' fees to Defendants was not warranted because "[Roor] ha[d] standing to bring all three claims. . . ." Dkt. 76 at 5. The Court finds this misrepresentation particularly egregious considering that after making this false assertion in their response to Defendants' Motion, Plaintiffs' very next filing was a Motion for Sanctions against Defendants for fraud on the Court. *See* Dkt. 77.

The Court finds granting Plaintiffs' Motion unconditionally will cause Defendants plain legal prejudice. Thus, the Court has two options, "it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elabor*, 279 F.3d at 317–318. "Most cases under the Rule have involved conditions that require payment of costs and attorney's fees." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976). The district court "is not limited to conditions of payment of costs, expenses and fees," and "dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant." *Id.*; *see also American Cyanamid*, 317 F.2d at 297 (finding the district court did not abuse its discretion when it dismissed a case under Rule

12

41(a)(2) without prejudice, but the plaintiff's right to refile was "conditioned upon prior payment to the defendant for costs and reasonable attorney's fee"); *Kranz v. Midland Credit Mgmt., Inc.*, No. SA-18-cv-169-XR, 2020 WL 2326140, at *4 (W.D. Tex. May, 8, 2020) (granting a Rule 41(a)(2) motion for voluntary dismissal with prejudice because it was "necessary to adequately cure the prejudice to and protect the interests of [the non-movants]").

For the reasons set forth above, the Court finds dismissal with prejudice is warranted. "A plaintiff typically 'has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous.'" *Welsh*, 915 F.3d at 344 (quoting *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990)). "Thus, 'before requiring a Rule 41(a)(2) dismissal to be with prejudice, a court must allow a plaintiff the opportunity to retract his motion to dismiss' rather than accept the dismissal with prejudice." *Id.* (quoting *Bell v. Keystone RV Co.*, 628 F.3d 157, 163 n.4 (5th Cir. 2010)).

The Court, therefore, finds that Plaintiffs' Motion should be granted with prejudice in its entirety. However, if Plaintiffs wish to withdraw the Motion, they must file a motion to withdraw on or before **Wednesday, January 6, 2021**.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss Under Rule 12(b)(1) (Dkt. 75) is **DENIED**.

Additionally, if Plaintiffs wish to withdraw Plaintiffs' Motion to Dismiss Without Prejudice as to Plaintiff Roor International BV and to Dismiss Stream Inc.'s Counts I and II, (Dkt. 87), they must file a motion to withdraw the Motion on or before **Wednesday, January 6, 2021**.

If Plaintiffs fail to timely file a motion to withdraw the Motion, Plaintiffs' Motion to Dismiss Without Prejudice as to Plaintiff Roor International BV and to Dismiss Stream Inc.'s

Counts I and II (Dkt. 87) is **GRANTED IN PART** and **DENIED IN PART**. As explained above, the Court will dismiss with prejudice all claims asserted by Roor and Counts I and II asserted by Sream.

If the Court enters an order for dismissal with prejudice as to all claims asserted by Roor and Counts I and II asserted by Sream, Defendants are permitted to seek costs, expenses, and fees at the conclusion of the case related to the claims dismissed with prejudice herein.

**So ORDERED and SIGNED this 30th day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE