## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**ROOR INTERNATIONAL BV AND
SREAM, INC.**
    *Plaintiffs,*

**v.**

**CIVIL ACTION NO. 4:18-CV-000735**

**STINKY'S SMOKE SHOP, LLC AND
ANDREW WHITELEY**
    *Defendants.*

## APPLICATION FOR ATTORNEY'S FEES AND TAXING OF COSTS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendants, Stinky's Smoke Shop, LLC ("**Stinky's**") and Andrew Whiteley ("**Whiteley**") (collectively, "**Defendants**") through the undersigned attorney, and files this motion for an order to award reasonable court costs, including attorneys' fees as follows:

### I.  Introduction

1.    The Defendants request attorney's fees and costs be awarded to them and against Plaintiffs in this matter as Defendants are the prevailing party. The affidavit of J. Stephen Hunnicutt is attached hereto, along with additional supporting documentation and also the affidavit of Anthony Waddell is attached.

2.    This case started out with two Plaintiffs with three causes of action each. By the time of trial five of the six causes of action had been dismissed with prejudice. The one remaining cause of action, False Designation of Origin, has not been proven by the Plaintiffs. Further, to the extent the Court determines that Plaintiffs did prove the one cause of action, damages, if any, would be limited to statutory damages of $1,000.00 for each category of item. There was only one category of item sold and there are twelve of those items.

3.    Alternatively, if the Court decided that the Plaintiff should be awarded actual damages for the sale of the 12 allegedly counterfeit ROOR products, those damages should be limited to lost profits, not gross sales price. Plaintiffs stated that the products in question, which look nothing like the ones shown in trial to be the ones sold by Stinky's, would have been at a price point of $300.00 to $400.00 per item. The Plaintiffs reference point is the retail price; however, Plaintiffs do not have any retail locations and therefore the lost sales price would have been the wholesale price reduced by the cost to manufacture the good. Therefore, Plaintiffs have failed to prove up their damages on a lost profit basis.

4.    Filed in conjunction with this application is the affidavit of J. Stephen Hunnicutt, lead trial counsel for the Defendants, as well as the affidavit of Andrew Whiteley, an individual Defendant and an owner and managing member of Stinky's. Attached to those affidavits are various billing records and billing reports to further illustrate the total amount of time expended, billed, and incurred as well as the amount of time that was no billed in this case.

5.    The total fees and expenses billed and incurred in this case is $246,148.25. The Defendants have paid $146,631.14, leaving an unpaid balance of $99,517.11. The billing records also reflect a change in the billing rate from the original $495.00 per hour for the lead trial counsel reduced to a rate of $300.00 per hour effective September 1, 2019. However, there are 19 entries totaling 10 hours in which Defendants were charged at a rate of $495.00 per hour rather than $300.00 per hour from October 26, 2019 through July 22, 2020. This would indicate that the Defendants were overcharged $1,950.00 which will be credited to the Defendants and therefore could be credited to the Plaintiffs from the Court's award.

6.    The total amount billed and incurred does not include 115.25 hours that were recorded but not billed to the client. Those non billable times are reflected in the monthly invoices to the client but again, were not charged to the client.

7.    This case required a significant amount of time and effort due to the unreasonable manner in which the Plaintiffs litigated this case. Not only did Plaintiffs miss numerous deadlines, but also, they then would file motions to extend deadlines which we had to respond to and sometimes have hearings on those motions.

8.    The novelty and difficulty in the questions of regarding whether or not Plaintiffs had a valid trademark took time and effort to determine that in fact Plaintiffs did not have a valid trademark.

9.    Without the skill of the trial team, the trial would not have been regarding one of six causes of actions but would have been regarding all six causes of action.

10.    Clearly the amount of time spent on this case, at a reduced hourly rate, precluded employment by all of the Defense attorney's on other matters at a higher rate.

11.    The undersigned counsel's typical and customary rate on complex business litigations matters is now $650.00 which is on the low end of what lawyers with 30 years of litigation experience throughout the country can charge in the Dallas and Collin County areas. As the Court will note from the second fee agreement which is attached to the affidavit of J. Stephen Hunnicutt the fee was an hourly fee of $300.00, plus a contingency fee for any amounts received after Defendants had been made whole.

12.    This case had numerous deadlines which were unreasonably created by the Plaintiffs in filing two motions for sanctions, motions to extend deadlines after they expired and motions to substitute parties well after the Plaintiffs were aware of the proper party.

13.    The Plaintiffs originally demanded $12,000.00 to settle, then $24,000.00, and then alleged that damages in this case exceeded $1,200,000.00. (*See Bench Trial Transcript of March 9, 2021, Page 92, lines 2-5.*)

14.    Lead trial counsel in this case has been practicing civil litigation, mostly in the

complex business arena, in courtrooms from San Diego, CA to New York City, NY for nearly 30 years. Clearly the ability of the attorneys is reflected in the work product which has been filed in this Court, in trial and in oral arguments that have been made to this Court.

## II. Evidence in Support

Exhibit A- Affidavit of J. Stephen Hunnicutt

Exhibit 1- Original Fee Agreement

Exhibit 2- Second Fee Agreement

Exhibit 3- No Bill Report

Exhibit 4- Invoices

Exhibit 4A- Matter, Time, and Expense Report

Exhibit 4B- Matter, Time, and Expense Report

Exhibit 4C- Matter, Time, and Expense Report

Exhibit 4D- Matter, Time, and Expense Report

Exhibit 5- Demand Letter from Plaintiffs

Exhibit 6- Defendants Settlement Offer through undersigned counsel

Exhibit 7- Plaintiffs Rejection letter to Defendants Settlement Offer

Exhibit 8- Trial Transcript

Exhibit 9- Malamut Deposition

Exhibit 10- Spreadsheet Summary of Billing

Exhibit 11- Affidavit of Andrew Whiteley

## III. Supporting LAW

## Attorney Fees under the Exceptional Circumstances Provision of the Lanham Act

15.     An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District Courts may determine whether a case is "exceptional" in a case-by-case exercise of their discretion, considering the totality of the circumstances. As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014); citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

16.     The *Octane Fitness* Court unanimously decided that the word "exceptional" does not limit the award of attorney's fees in a patent or trademark lawsuit to cases in which a party's bad faith conduct is shown by clear and convincing evidence. *Octane Fitness*, 134 S.Ct. at 1756. The Fifth Circuit has adopted the Supreme Court's construction of "exceptional" according to its ordinary meaning:

> [W]hen Congress used the word in § 285 (and today, for that matter), "[e]xceptional" meant "uncommon," "rare," or "not ordinary." Webster's New International Dictionary 889 (2d ed.1934); see also 3 Oxford English Dictionary 374 (1933) (defining "exceptional" as "out of the ordinary course," "unusual," or "special"); Merriam–Webster's Collegiate Dictionary 435 (11th ed.2008) (defining "exceptional" as "rare"); Noxell Corp. v. Firehouse No. 1 Bar–B–Que Restaurant, 771 F.2d 521, 526 (C.A.D.C.1985) (R.B. Ginsburg, J., joined by Scalia, J.) (interpreting the term "exceptional" in the Lanham Act's identical fee-shifting provision, 15 U.S.C. § 1117(a), to mean "uncommon" or "not run-of-the-mill").
> *Id.*

17.    While *Octane Fitness* directly concerns the scope of a district court's discretion to award fees for an "exceptional" case under § 285 of the Patent Act, the case guides our interpretation of § 1117(a) of the Lanham Act and is instructive here. See S.Rep. No. 93–1400, at 2 (1974) (highlighting the identical language between § 285 and § 1117(a), as well as Congress' reference to § 285 in passing § 1117(a)); *Baker v. DeShong*, 821 F.3d 620, 623 (5th Cir. 2016).

18.    Like the Patent Act, the Lanham Act's text establishes a flexible standard for whether a case is "exceptional." The text of § 1117(a), identical to § 285, says in full that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." It creates no rigid standard of culpable conduct. *See, e.g., B & B Hardware, Inc. v. Hargis Indus., Inc.*, 716 F.3d 1020, 1027 (8th Cir.2013), rev'd on other grounds, —— U.S. ——, 135 S.Ct. 1293, 191 L.Ed.2d 222 (2015) (defendant can be awarded attorney's fees when the plaintiffs' suit meets one of four criteria: "groundless, unreasonable, vexatious, or pursued in bad faith"); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir.2002) (same); *see also Ji v. Bose Corp.*, 626 F.3d 116, 129 (1st Cir.2010) (allowing the awarding of attorney's fees under the Lanham Act when there is "something less than ... bad faith"); *Baker v. DeShong*, 821 F.3d 620, 623–24 (5th Cir. 2016).

19.    Already in this Court's power is the ability to award attorney's fees for conduct that is done in bad faith. Accordingly, because this long-established American common-law rule already provides for an award in such an instance, "Congress [could not have intended] to permit the award of attorney's fees to a prevailing defendant only in a situation where the plaintiff was motivated by bad faith in bringing the action" when it enacted § 1117(a). *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 417, 419, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

20.    Finally, the Court has made clear its unwillingness to construe fee-shifting provisions such as § 1117(a) as requiring a clear and convincing evidence standard. *See Octane Fitness*, 134 S.Ct. at 1758. Because § 285 and § 1117(a) are clear "statutory equivalents," the Court has read their nearly identical language to reflect the fact that the Court "think[s] it clear that Congress intended the same language to have the same meaning in both statutes." *Baker v. DeShong*, 821 F.3d 620, 624 (5th Cir. 2016); *See, e.g., Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 745–7, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988).

21.    In the Fifth Circuit, the Court begins the analysis with the plain text of § 1117(a): "The court in exceptional cases may award reasonable attorney fees to the prevailing party." In *Scott Fetzer Co. v. House of Vacuums*, the Court held that a case is "exceptional" if brought in bad faith. 381 F.3d 477, 490 (5th Cir.2004); *see also Robin Singh Educ. Servs., Inc. v. Excel Test Prep.*, 291 Fed.Appx. 620, 621 (5th Cir.2008). "[T]he prevailing party must demonstrate the exceptional nature of the case by clear and convincing evidence...." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir.1992); *Baker v. DeShong*, 821 F.3d 620, 622 (5th Cir. 2016).

22.    The Fifth Circuit adds that a court considering a prevailing defendant's application for an award of attorneys' fees should "consider the merits and substance of the civil action when examining the plaintiffs' good or bad faith." *Procter & Gamble Co. v. Amway Corp.*, supra, 280 F.3d at 528. The Fifth Court of Appeals, Carl E. Stewart, Chief Judge, has held that, under the Lanham Act provision allowing an award of attorney fees to the prevailing party in exceptional cases, an exceptional case was one where the case stood out from others with respect to the substantive strength of party's litigating position, or the unsuccessful party litigated the case in an unreasonable manner. *Baker v. DeShong*, 821 F.3d 620 (5th Cir. 2016). The Fifth Circuit has therefore merged *Octane Fitness*'s definition of "exceptional" into the Court's

interpretation of § 1117(a) and construe its meaning as follows: an exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an "unreasonable manner." *See Octane Fitness*, 134 S.Ct. at 1756. The district court must address this issue "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *See id; Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016).

23.    The case at hand clearly represents an "exception circumstance" under the Octane Fitness and Baker interpretations. As been made clear from the totality of the circumstances and record, this case clearly stands out from others with respect to the substantive strength of the party's litigating positions, and plainly shows the unreasonable manner in which Plaintiffs have conducted the entire scope of litigation.

24.    The Plaintiffs' request for voluntary dismissal of five out of six of Plaintiffs' causes of action after years of litigation over the same, and the subsequent dismissal with prejudice, Sream and RooR makes this an "exceptional case" for which Stinky's should be awarded its reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a). The validity of the ROOR trademark registrations forms the lynchpin of this case and the hundreds of others like it filed in districts across the country in which the plaintiffs rely on the availability of statutory damages, which can only be awarded for violations of registered marks. As a court observed in a sanctions order in a different case involving a similar litigation campaign for copyright infringement, Sream and its counsel have "[D]iscovered the nexus of antiquated [intellectual property] laws, paralyzing social stigma and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally [selling] a single [alleged counterfeit]. Then they offer to settle for a sum calculated to be just below the cost of a bare-bones defense. For these

individuals, resistance is futile; most reluctantly pay rather than have their names associated with [the lawsuit]." *See Ingenuity 13 LLC v. Doe*, No. 12-8333, 2013 U.S. Dist. LEXIS 64564 at *1-2 (C.D. Cal. 2013).

25.    Stinky's and Andrew Whiteley, with their counterclaims, fought back against the lawsuit brought by Sream and RooR on a set of dodgy trademarks covering drug paraphernalia and "tobacco products" that have never existed. Sream and RooR have filed, and continue to file, hundreds of copycat lawsuits in districts all across the United States. They maintain a strategy designed to make litigation procedurally difficult and burdensome for each of their defendants. In the instant case alone, Plaintiffs have repeatedly missed or ignored deadlines, ignored Court orders, baselessly accused Defendants and Defendants' counsel of actively engaging in ongoing criminal activity to withdraw said motion immediately upon being challenged as to their assertions, and have conclusively mislead, if not materially lied, to the Court regarding Plaintiffs' involvement in the marijuana industry, including a demonstrably false assertion that they do not and have not sold their products for use with marijuana despite selling to businesses which are, and always have been, marijuana dispensaries.

26.    In each of the hundreds of RooR and Sream cases, the fundamental question is whether Plaintiffs have any valid trademark rights to assert (given the nature of the ROOR-branded products). The importance of resolving this question cannot be overstated as RooR and Sream cases reportedly account for 6% of all trademark cases filed in federal court in 2018. That question is now answered in the negative.

27.    This is an appropriate case for this court to order plaintiffs to pay Defendants' counsel fees and costs. The ruling on this motion will impact not only this case, but all of the cases pending in this District and in other federal district courts across the country.

28.    The Court dismissed with prejudice all causes of action as to RooR International BV and Counts I and II as to SREAM after the Plaintiffs judicially admitted that they lacked standing and have lacked standing since the Court's ruling in *RooR Int'l BV v. Saleem*, No. 4:18-CV-715-ALM-KPJ, 2019 WL 4127282, at *1 (E.D. Tex. Aug. 12, 2019), report and recommendation adopted, No. 4:18-CV-715-ALM-KPJ, 2019 WL 4081008 (E.D. Tex. Aug. 29, 2019) and since August 2019, when RooR allegedly signed away all of its rights which are at issue here. It is therefore indisputable that Defendants are the prevailing parties with respect to those causes of action. Plaintiffs knew of the transfer and lack of standing and yet continued to pursue knowingly baseless causes of action for months.

29.    Finally, as shown above, Sream cannot prevail on its remaining cause of action under Count III, and Defendants are therefore the prevailing parties on Count III and are entitled to judgment as a matter of law, as well as a full and fair award of the attorney fees caused by Plaintiffs' actions.

30.    Plaintiffs' unreasonably vexatious actions in getting to this point, alone, form enough of a basis to justify a grant of attorney fees under the exceptional circumstances provision. That Plaintiffs have sought to enforce an invalid trademark on hundreds of other similarly situated defendants further supports the conclusion that this case represents an exceptional circumstance under the meaning of the Lanham Act.

### III. Conclusion

31.    The representation of the Defendants has now passed 30 months. Based upon the amount of time billed and incurred and the reduced hourly rate charged Defendants, the undersigned counsel has charged the Defendants less than $10,000.00 per month. It is highly unlikely that any lawyer with 30 years of trial experience would have accepted this case,

particularly for the issues in this case, for a flat fee of less than $10,000.00 per month.

**WHEREFORE, PREMISES CONSIDERD**, Defendants pray this Honorable Court GRANT

Defendants' Application for Attorney's Fees and Taxing of Costs and award Defendants relief in

the form of all costs and fees incurred in the defense and prosecution of the instant matter.

Dated: April 9, 2021                              Respectfully submitted,

                                        **THE HUNNICUTT LAW FIRM**

                                        J. Stephen Hunnicutt
                                        State Bar of Texas: 10279510
                                        Steve@Hunnicuttlaw.com
                                        Timothy A. Robinson
                                        State Bar of Texas: 24069040
                                        Tim@hunnicuttlaw.com
                                        Christian Johnson
                                        State Bar of Texas: 24116576
                                        Christian@hunnicuttlaw.com
                                        Kaedan R. Watts
                                        State Bar No. 24113459
                                        Kaeden@Hunnicuttlaw.com
                                        **Preston Trail Atrium**
                                        17330 Preston Road, Suite 100-A
                                        Dallas, Texas 75252
                                        (214) 361-6740 Phone
                                        (214) 691-5099 Fax

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was sent to the following through the Court's CM/ECF Filing system on April 9, 2021.

Peter Ticktin
(Florida Bar # 887935) admitted pro hac vice
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
Chezare Palacios
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441
jsasson@legalbrains.com
Cpalacios@legalbrains.com

Elahi Law & Mediation Firm, PLLC
Shayan Elahi
13601 Preston Road, Ste. 770E Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
Admitted in Florida & Texas
*Counsel for Plaintiffs*

J. Stephen Hunnicutt