IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

Case Number:  4:18-cv-735

SREAM, INC.,

      Plaintiff,

v.

STINKY'S SMOKE SHOP, LLC
and ANDREW WHITELEY

      Defendants and Counterclaimants,

v.

ROOR INTERNATIONAL, INC.,

      Counter-Defendant.

_____/

**PLAINTIFF/COUNTER-DEFENDANT'S
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

The Plaintiff/Counterclaimants, SREAM, INC. and ROOR INTERNATIONAL, INC. (hereinafter "RooR"), by and through their undersigned attorneys, hereby move for Attorneys' Fees and Costs, in the above styled matter, and state:

1.      The Plaintiff, SREAM, INC., brought one claim before the Court at the time that the above styled case went to trial.  The claim was for a False Designation of Origin pursuant to 15 U.S.C. § 1125(a).

2.      The Counter-Plaintiffs filed a Counterclaim which sought that the trademarks of

RooR be cancelled.   The Counterclaim brought by STINKY'S was heard by the Court at a two-day bench trial.

3.      The Plaintiff, SREAM's case, on its own, was somewhat of a run of the mill, non-exceptional action, to redress merchants who was offering counterfeit products for sale out of their smoke shop.

4.      However, the Defendants chose to exacerbate the litigation by bringing their Counterclaim which sought to cancel RooR's trademarks, claiming such things as fraud on the USPTO, and unlawful use by RooR.

5.      Once the Defendants filed their Counterclaim to cancel the trademarks, the case became exceptional.  In fact, the Counter-Plaintiffs themselves, via their undersigned counsel, have admitted that the case is exceptional.  In their filings, the Counter-Plaintiffs have stated that the case is exceptional, and they are seeking their attorneys' fees.

6.       Both sides are consistent that the Counterclaim regarding the cancellation of the RooR trademark is exceptional.   Hence, the determination of the prevailing party of the Counterclaim should determine which side gets attorneys' fees.

7.      Therefore, in the event that RooR is successful in defeating the Counterclaim seeking to invalidate its trademarks, then it should be awarded its attorneys' fees and costs, as the prevailing party.

8.      In any event Sream and RooR are entitled to their costs, as prevailing parties.

9.      RooR retained the undersigned firm to represent it in this action pursuant to a contingency fee agreement, under which any awarded attorneys' fees would be credited towards the ultimate recovery entitled under the fee agreement.

2

10.    Accordingly, in the event that ROOR, is named prevailing party in the Counterclaim, it is thus entitled to collect an award of its reasonable attorneys' fees and costs in the sum of $205,600.00 in attorneys' fees, $15,573.32 in costs, for a total recovery of $221,173.32.

### Legal Argument

Under the Lanham Act, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).   In fact, the parties are in agreement that this is an exceptional case as stated *supra*.

When determining whether a case is exceptional, there is no precise rule or formula for making exceptionality determinations, and district courts may determine exceptionality by considering the totality of circumstances, including frivolousness, motivation, objective unreasonableness, and concerns over compensation and deterrence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014).   Second, if a district court finds a case exceptional, it must calculate the amount of the attorneys' fees award. "[A] district court usually applies the lodestar method, which provides a presumptively reasonable fee amount . . . by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52, 554, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)).

In *Octane Fitness,* the Supreme Court clarified that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S. Ct. at 1756.   Under the new standard, "sanctionable conduct is not

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

the appropriate benchmark" (*Id*. At 1756), nor is bad faith; "something less than 'bad faith' we believe suffices to mark a case as 'exceptional.'" *Id*. At 1757.  "This change in the law lowers considerably the standard for awarding fees." *Oplus Technologies, Ltd. v. Vizio, Inc.,* 782 F.3d 1371, 1375 (Fed. Cir. 2015) (vacating district court's denial of fees and remanding case to district court to reconsider the fee request under *Octane Fitness).*

Once the Court has found that this is an exceptional case, the court may use the lodestar amount derived from the following factors in order to determine the "reasonable attorney fees" provided in 15 U.S.C. §1117: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008).  Analyzing the factors in this case an award of attorneys' fees is appropriate.

1.      The time and labor required

As described supra this case required became exceptional when STINKY'S chose to file a counterclaim to invalidate the marks.   This claim caused significant more work to be required in order to prosecute the case.  As such, this factor weighs in favor of RooR.

2.      The novelty and difficulty of the questions

Intellectual property cases are highly specialized that typically require specialized legal skills such that this factor weighs in favor of RooR.

4

3.      The skill requisite to perform the legal services properly

This case is an intellectual property dispute that is a niche practice area that required attorneys with skill and experience.   RooR retained The Ticktin Law Group due to its litigation experience, having represented clients in Intellectual Property cases in many different jurisdictions.  As a result, this factor weighs in favor of RooR.

4.      The preclusion of other employment due to acceptance of this case

While this case did clearly take up a significant portion of undersigned counsel's time it did not preclude counsel from taking other cases.

5.      The customary fee in the community

As confirmed by the affidavit of Expert Witness Michael D. Mosher, the rates which The Ticktin Law Group charged are customary within the community.  This factor favors an award of attorneys 'fees for RooR.

6.      Whether the fee is fixed or contingent

"This factor focuses judicial scrutiny solely on the existence of any contract for fees that may have been executed between the party and his attorney." *Medders v. Autauga County Bd. Of Educ.,* 858 F. Supp. 1118, 1127 (M.D. Ala. 1994).  Such scrutiny is helpful because the "fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fees expectations when he accepted the case." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Here, The Ticktin Law Group  was retained using a contingency fee agreement, again supporting an award of attorneys' fee.

7.      Time limitations imposed by the client or circumstances

This factor is neutral.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

8.      The amount involved and the results obtained

As explained herein, RooR was prosecuting an infringement of its trademark. Yet, to cover its own wrongdoings, STINKY'S chose to bring forth a counter claim to invalidate those trademarks.   In the instant case, prevailing on such an attack requires reimbursement for all hours expended on this matter. Based on the foregoing, this factor weighs in favor of an award of attorneys' fees.

9.      The experience, reputation, and the ability of the attorneys

In this action, the various timekeepers which were employed by The Ticktin Law Group have litigation experience not only in Federal court, but also in State courts.  They are known for their creativity and ability to obtain results, along with being at the forefront of creating cutting edge law.  As such, this factor favors the award of attorneys' fees.

10.     The undesirability of the case

This factor is neutral as there was nothing undesirable about the case other than dealing with an overzealous Defendant that tried to cover its own wrongdoings by attacking the RooR.

11.     The nature and length of the professional relationship with the client

The undersigned counsel has represented the Plaintiff in other cases, making this another factor in favor of awarding attorneys' fees.

12.     Awards in similar cases

The final *Johnson* factor is awards in similar cases, "within and without the court's circuit." *Johnson,* 488 F.2d at 717.  The lodestar requested in this case is significantly less than other intellectual property cases where the prevailing party received an entitlement to an award of attorney's fees. *See Fla. Int'l Univ. Bd. of Trs.,* 2017 U.S. Dist. LEXIS 106643 (S.D. Fla. August

6

27, 2019 (awarding $1,158,934.60 in attorneys' fees in a case where the Court found that Plaintiff had a weak case and unreasonably pursued its weak case); *Pergo (Europe) A.B. v. Stanley Black & Decker, Inc.,* Case No. 4:16-CV-319-HLM (N.D. Ga. May 7, 2018) (awarding $376,915.50 in attorneys' fees to Lanham Act); Thus, this factor favors the lodestar requested by RooR.

### Hours Reasonably Expended

As for hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).

In demonstrating that hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). If a court finds the number of hours billed unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins,* 548 F.3d at 1350.

The undersigned's office utilizes a time management software called Time Matters. Each case is given an assigned case number, and all time entries are recorded by the person that completed the task.  The system is a password protected system, in which each individual entering the information signs into the program with their own private password. It is the business practice of the firm to maintain records contemporaneously with the event, and the person recording the even has personal knowledge of the task being recorded, and a responsibility to enter that information accurately. Each time entry contains the initials of each of the time keepers, along

7

with the date that the entry was made.  Attached to this Motion as Composite Exhibit "A", is a print out report, known as a Work History Report, which details all billing entries associated with this case.  Each entry contains a detailed description of the task that was performed, and as such is fully incorporated hereto.

In this case, there was work performed by both attorneys and legal assistants/paralegals. As established in Composite Exhibit "A", the total number of hours expended by Plaintiff's counsel is as follows:

| | |
|---|---|
| Peter Ticktin, Esq. | 76.80  hours |
| Jamie Alan Sasson, Esq. | 109.00  hours |
| Chezare Palacios, Esq. | 267.60  hours |
| Kendrick Almaguer, Esq. | 1.80  hours |
| Andrea Marie Wambaugh, Esq. | .70 hours |
| Lawyers (sum) | 455.90 hours |
| | |
| Brianna Needham | 1.10  hours |
| David E. Hinastroza | .10 hours |
| Jose Lozano | .20 hours |
| Larissa Uehara | 2.00 hours |
| Samantha R. Porfido | 68.10 hours |
| Schuyler M. Williams | .50 hours |
| Maria Jose Rivera | 23.00 hours |
| Legal Assistants/Paralegals (sum) | 95.00 hours |

8

Total:                550.90 hours

The hours represented in Exhibit "A" are reasonable and were necessary to bring Plaintiff's claims from inception to trial.

### Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. *Blum v. Stenson,* 465 U.S. 895-96 (1984); *See also Bywaters v. United States,* 670 F.3d 1221, 122-23 (Fed. Cir. 2011).

The Ticktin Law Group, counsel for the Counter-Defendant, ROOR, is a litigation firm that focuses on trial work both in the State and Federal Courts. The goal of the firm is to adhere to its three foundational "C's" to provide its clients with the best possible service: creativity, cost effectiveness and communication. The firm has earned a positive reputation in the legal community as being in the forefront of different areas of the law, and of trying its cases. Based on that, the firm employs a scale for assigning hourly rates for its associates, depending on their experience, skill and reputation.

### Litigation Costs

The Plaintiff seeks to recover his litigation costs in this case. Attached as composite Exhibit "B" are the invoices associated with some of the costs, except for the costs associated with the retention of an Attorneys' Fees Expert Witness. The fee agreement associated with that cost is incorporated into the Affidavit provided by the Expert.

The total sum being sought is $15,573.32, which is comprised of the fees delineated in Exhibit "A" as "Type: E."

9

**Conclusion**

In the event that the Counter Defendant, ROOR, obtains a favorable verdict on the cancelation action, there is no question that ROOR was the prevailing party in the Countersuit. As such, the trademark cancelation action brought by the Counter-Plaintiffs made it an exceptional case, and therefore, ROOR is entitled to an award of attorneys' fees and costs. Under the lodestar method, attoreneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. *Gray v. Lockheed Aeronautical Sys. Co.,* 125 F.3d 1387, 1389 (11th Cir. 1997). The Plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999).

In this case, the ROOR has provided its counsel's business records which establish the total amount of hours expended in the prosecution of this case. Those records provide a detailed description of the time that was expended and the tasks that were completed. The time expended by counsel in this case was reasonable and necessary for achieving a positive result. Thus, the Counter-Defendant, ROOR, has met its burden of establishing reasonableness of its requested attorneys' fees and costs.

WHEREFORE, the Plaintiff/Counterclaimants, SREAM, INC. and ROOR INTERNATIONAL, INC, respectfully request the Court to:

1) Award attorneys' fees in the amount of: $205,600.00

2) Award costs in the amount of: $15,573.32

3) Grant such further and other relief as this Court may deem just and proper.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

**Verification**

The undersigned counsel has fully reviewed the time records and costs as indicated in the billing records and this Motion, and declares under penalty of perjury that the Motion is well grounded in fact and justified, to the best of my knowledge.

_/S/ JAMIE ALAN SASSON_
Jamie Alan Sasson, Esquire

Dated:  April 9, 2021

_/s/ Jamie Alan Sasson_____

Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441

**Elahi Law & Mediation Firm, PLLC**

Shayan Elahi
13601 Preston Road, Ste.  770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com

_Counsel for Plaintiff/Counter-Defendant_
Admitted in Florida & Texas

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 9th day of April, 2021, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Jamie Alan Sasson*

Jamie Alan Sasson

12