IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

CASE NUMBER:  4:18-cv-735

ROOR INTERNATIONAL BV and
SREAM, INC.

       Plaintiffs/Counter Defendants,

v.

STINKYS' SMOKE SHOP, LLC and
ANDREW WHITELEY,

       Defendants/Counterclaimants.

_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 11

The Plaintiffs/Counter-Defendants, ROOR INTERNATIONAL BV and SREAM, INC. (hereinafter collectively referred to as "ROOR"), by and through their undersigned counsel, hereby files their Response to the Motion for Rule 11 Sanctions, [DE 185] brought by STINKYS' SMOKE SHOP, LLC, and ANDREW WHITELEY (hereinafter referred to collectively as "STINKYS"), and in response states:

At the conclusion of a two-day bench trial, counsel for STINKYS asked the Court to award sanctions against ROOR, based on their decision to withdraw, at the onset of the trial, a previously filed Rule 11 Motion.

Counsel for STINKYS' stated to the Court that the filing of the Rule 11 Motion had caused counsel to suffer harm, due to it being filed on the public records.  Therefore, this Honorable Court instructed counsel for STINKYS, that if he wanted to seek sanctions, that he was free to file something with the Court.

On March 10, 2021, the Court issued an Order, stating that the Defendants are permitted, on or before March 26, 2021, to file the motion described by the Defendants related to allegedly damaging conduct by Plaintiffs. [DE 181].    On March 26, 2021, STINKYS timely filed a Motion for Rule 11 Sanctions.  [DE185].

The Motion for Rule 11 Sanctions should be dismissed by this Court, for three very straightforward reasons.

1.)  STINKYS never provided ROOR with the required safe harbor provisions as required under Rule 11.

2.) Rule 11 Sanctions do not apply to the withdrawal of a motion, but only on the filing of a frivolous or baseless.

3). The withdrawal of the Rule 11 Motion by ROOR, at the onset of the trial, was done for tactical reasons.

As will be more fully described below, this Court should dismiss the Rule 11 Motion in its entirety as being procedurally invalid.   Even, assuming arguendo that the Rule 11 Motion was properly done, it fails in substance in that ROOR did nothing wrong by withdrawing its Motion, as it was a tactical decision made at trial by counsel.  Moreover, looking at the merits of ROOR's Rule 11 Sanctions, it was based on competent substantial facts and evidence, and is no way was baseless or lacking merit.  Lastly, STINKYS suffered no harm, or its counsel, by the filing of a Rule 11 Sanctions by ROOR, or its subsequent withdrawal.   As such, this Court should dismiss STINKYS' Rule 11 Motion, and no fees should be awarded against ROOR and/or its counsel.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

**STINKYS' NEVER PROVIDED ROOR WITH**
**THE REQUIRED SAFE HARBOR PROVISIONS AS**
**<u>REQUIRED UNDER RULE 11</u>**

Rule 11 (c)(2) of the Federal Rules of Civil Procedure specifically states that

(c) SANCTIONS.

   (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

On March 26, 2021, STINKYS' filed a Motion for Rule 11 Sanctions, without providing ROOR the ability to withdraw the alleged claim, defense, contention, or denial.  In fact, ROOR was never even served ROOR, under Rule 5 the Motion for Rule 11 Sanctions.  It is true that this Court did allow STINKYS to file "the motion described by the Defendants related to allegedly damaging conduct by March 26, 2021."  However, STINKYS filed no such Motion, and instead filed a Rule 11 Motion, which has very specific rules, which are required to be followed.  As such, STINKYS made the decisions to file a Rule 11 Motion for Sanctions, and as a result, it is required to follow the unambiguous dictates of Rule 11 (c) (2), which allows a safe harbor provision.

STINKYS is not able to avoid the requirements outlined in the Federal Rules of Civil Procedure, and somehow eliminate Section 2 of Rule 11, which requires after service, 21 days before the Motion is filed with the Court.

To allow STINKYS to file a Rule 11 Motion for Sanctions, without requiring it to comply with the rules outlined in Rule 11, would be error, and a violation of Rule 11.   For this simple reason, the Motion for Rule 11 Sanctions should be denied by this Court.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

**RULE 11 SANCTIONS DO NOT APPLY
AND SHOULD NOT BE ENTERED BASED
ON THE WITHDRAWL BY A PARTY
OF A MOTION FOR RULE 11 SANCTIONS**

STINKYS' attempts to base its Rule 11 Motion for Sanctions on the fact that ROOR withdrew its Motion for Rule 11 Sanctions at the start of the trial.  First, the Motion for Sanctions filed by ROOR was based on fact and was far from baseless.   STINKYS, by and through its counsel, has sent a letter to counsel for ROOR, prior to trial, demanding $500,000, by asserting that their claim is an "asset", which they wish to sell, not due to the value, but by the harm which STINKYS would otherwise cause to ROOR.  This was not only improper to seek large sums of money, in exchange for dropping the trademark challenge, but it was also used as unfair leverage against ROOR, prior to trial.  That was the main point of ROOR's own Rule 11 Motion for Sanctions.  Moreover, the Rule 11 Sanctions filed by ROOR was based on competent evidence showing that STINKYS' itself, was online promoting marijuana products, but was then, taking a false position claiming that it did not promote marijuana products, and only sold tobacco and CBD products.  So, right on its face ROOR's Rule 11 Motion was valid and based on competent evidence.

STINKYS attempts to seek a Rule 11 Sanctions, based on ROOR's withdrawal of its Rule 11 Motion, at the start of trial.  However, under Rule 11 (b), the withdraw of a Motion for Sanctions is not a basis for Rule 11 Sanctions.

Rule 11

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Even if STINKYS had timely filed its Motion for Rule 11 Sanctions and allowed ROOR the 21-day safe harbor time period, it would have still failed.  The reason being is that ROOR never filed its Motion for Rule 11 Sanctions for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  Moreover, ROOR never presented a claim, defense, or other legal contention which was not warranted by existing law or for establishing new law.

The main juxtapose of ROOR's Motion for Rule 11 Sanctions, was that STINKYS demanded that it would drop its cancelation challenge, in the event that ROOR paid it $500,000, by claiming that it had an "asset", which they wished to sell to ROOR (dropping the trademark invalidation claim).  Moreover, the issue of promotion of marijuana by STINKYS, which was contrary to their claims that they did not sell marijuana products, which was opposite to their claim of unlawful use of the trademark by ROOR.     As such, ROOR's Motion for Rule 11 Sanctions was a legitimate one.    STINKYS, as described earlier, never gave ROOR the required time to withdraw their Motion.  Now, once ROOR dropped its Motion for Sanctions at the onset of trial, as a tactical

5

decision, STINKYS' attempts to seek sanctions under Rule 11, based on the withdrawal of the Motion by ROOR.

The withdrawal of a Motion is not a basis for Sanctions, and if STINKYS wished to seek sanctions, in the first place, it should have, once it was served with the Motion for Rule 11 Sanctions by ROOR, turned around and filed its own Motion for Rule 11 Sanctions against ROOR, allowing them, the same amount of safe harbor time, which ROOR allowed to STINKYS.  Instead, STINKYS, totally ignored the requirements of Rule 11, gave ROOR no warning that it would file its own Rule 11 Sanctions, and instead filed its Rule 11 Sanctions once the trial had concluded.

STINKYS in its Motion, it appears seeks to have the Court issue its own Rule 11 Sanction against ROOR, claiming that ROOR, and its counsel have engaged in unethical conduct, bad faith litigation, among other nasty allegations.  However, the issuance of a Rule 11 Sanction is dictated by: Rule 11 (b) (3)

*On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).*

This Court never made such a ruling requiring that ROOR show cause, why its own conduct did not violated Rule 11 (b).  Instead, this Court simply stated that STINKYS was allowed to file a motion related to allegedly damaging conduct by the Plaintiff.   This was not a Rule 11 (b)(3) Order to Show Cause.   STINKYS, it appears wants the Court to issue sanctions, by making disparaging claims against ROOR, which was simply protecting its trademark against counterfeiters, who openly admitted that they bought their products from Chinese distributors, for a fraction of the price, and then re-sold them to college students at large markups.   Again, if the Court wished to issue an Order to Show Cause, this would be a different situation, but that has not

6

happened.    STINKYS should not be able to file a Motion for Rule 11 Sanctions, pleading for the Court to enter sanctions.    As such, the Motion for Rule 11 Sanctions should be dismissed.

**THE WITHDRAWAL BY ROOR OF THE RULE 11**
**MOTION, AT THE ONSET OF TRIAL,**
**WAS DONE FOR TACTICAL REASONS**

The withdrawal of the Rule 11 Motion by ROOR, at the onset of the trial, was done for tactical reasons, and is not a basis for Rule 11 Sanctions.    Lead counsel for ROOR, Mr. Ticktin, in an effort to streamline the case, and avoid the need for the introduction of various exhibits, made a tactical decision to withdraw his client's Motion for Rule 11 Sanctions.    The Rule 11 Sanctions, as described before, pertained to STINKY's demand for large sums of money $500,000 (over and above the amount in controversy), and in return it would drop its trademark challenge.  Moreover, the Rule 11 Sanctions had to deal with STINKYS promotion of marijuana on social media platforms.

By withdrawing the Motion for Rule 11 Sanctions, this alleviated the need for ROOR to introduce the STINKYS' lawyer letter, as well as all of the evidence regarding STINKYS' promotion of marijuana products.    As the case was a simple, run of the mill, trademark infringement case, which was made much more complex due to STINKY"S trademark challenge, it was the decision made by counsel for ROOR to keep the case simple, and only deal with the sale of the counterfeit products, which ROOR could prove due to the fact that the product sold was fake, was brought from China, bought for $16.00 dollars, and was sold with a huge markup.  All evidence that STINKYS was selling fake counterfeit products.    So, the fact that ROOR made a tactical decision to simplify its case, and only deal with the real issues on hand, which are what

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

ROOR sued for under the Lanham Act, false designation of origin, and violation of trademark, this does not merit sanctions.

To issue sanctions against a party for dropping certain claims, prior to trial, would cause an unfair result.   ROOR did nothing wrong by deciding to withdraw its Motion for Sanctions, prior to trial, and in fact, counsel for ROOR thought it was the right thing to do, considering that ROOR did not want to turn the case into a finger pointing exercise, by blaming opposing counsel for acting unethically by attempting to extort ROOR, via a settlement demand letter, as well as his client, by asserting false positions that STINKYS only sold its products for CBD and tobacco use, when STINKYS is all over the Internet promoting marijuana.  Well, it turns out no good deed goes unpunished, as the goodwill of ROOR in dropping its Rule 11 Sanctions, was met with STINKYS claiming that it somehow caused damaging conduct.

ROOR's Motion for Rule 11 Sanctions did not cause STINKYS to suffer damage, and in its Motion for Sanctions STINKYS ultimately fails to show how it suffered any damage due to the filing, and later withdrawal of the Rule 11 Sanctions.  STINKYS keeps going back, claiming that ROOR targeted a poor unsuspecting store, and that it bullies store owners to settle.  However, looking at the actual facts, STINKYS sold fake products, bought directly from China, which causes real harm to trademark owners.  Then, STINKYS, by and through its owner, right prior to trial, demands a payment of $500,000, claiming that he has an asset of ROOR's that it needs.  This was done, after STINKYS' counsel had read the asset purchase agreement, knowing that money had been paid by a new owner for the trademarks.  In turn, STINKYS' counsel used that knowledge, to attempt to gain an unfair advantage, and get his client, and presumably himself on a contingency fee on $500,000 demand for payment.   Yet, despite this knowledge, ROOR dropped the Rule 11

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

Sanctions, as it did not want or need to make the case about the demand for money, in exchange for the "asset' of ROOR. In turn, ROOR now has to deal with this post trial Motion for Sanctions.

## **CONCLUSION**

To conclude, ROOR did nothing wrong, as it simply dropped a well-founded Motion for Rule 11 Sanctions, as a tactical decision, prior to trial. STINKYS has failed to follow the requirements dictated under Rule 11, allowing ROOR a 21-day safe harbor time period to drop its Motion for Sanction, nor has STINKYS shown any conduct on the part of ROOR, or its attorneys which would warrant sanctions.

The Court has not, on its own initiative, issues an Order to Show Cause, and STINKYS has instead used this opportunity to explain to the Court the Plaintiffs' alleged damaging conduct, as an opportunity to besmirch ROOR, and its attorneys, for simply prosecuting its clients claims against counterfeiters. For the reasons stated in this Response, STINKYS' Motion for Rule 11 Sanctions should be denied.

WHEREFORE, the Plaintiff, Counter-Defendant, SREAM, INC. and ROOR INTERNATIONAL BV, respectfully request the Court deny STINKYS' Motion for Rule 11 Sanctions, and any other relief this Court may deem just and proper.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

/s/ *Jamie Alan Sasson*
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441


**Elahi Law & Mediation Firm, PLLC**


_____
Shayan Elahi

13601 Preston Road, Ste. 770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com

*Counsel for Plaintiffs*
Admitted in Florida & Texas


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this April, 12, 2021, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Jamie Alan Sasson*
Jamie Alan Sasson

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

## SERVICE LIST

J. Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C. Baker
James@Hunnicuttlaw.com
Kevin E. Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants*

11