THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV AND SREAM, INC. | § § | |
| **Plaintiffs** | § § | |
| v. | § § | Civil Action No. 4:18-cv-735 |
| STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY | § § § | |
| **Defendants** | § | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Defendants, Stinky's Smoke Shop, LLC ("**Stinky's**") and Andrew Whiteley ("**Whiteley**") (collectively, "**Defendants**") and file this their "Reply to Plaintiffs' Response to Defendants' Motion for Rule 11 Sanctions" ("**Reply**") and would respectfully show as follows:

1.      Plaintiffs' Response epitomizes the bad-faith litigation tactics that Defendants seek this Court to take a stand against. Plaintiffs have seemingly mastered the art of completely disregarding all rules, deadlines, and Orders, yet seek to use the Federal Rules as a safe harbor when it suits them for "tactical reasons". What has been made clear is that Plaintiffs are used to obtaining default judgments and kicking defenseless businesses when they are down yet cry foul and for relief when a party dares to point out their own wrongdoings. Plaintiffs are the quintessential school yard bully who runs to the teacher crying when one of their victims finally punches them back, going so far as to state that the *audacity* of Defendants to <u>defend themselves</u>

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

in a lawsuit and file a counterclaim, instead of simply rolling over for a default judgment like hundreds of other victims, is what makes this case "exceptional" and not Plaintiffs' own bad-faith, excessively litigious and predatory conduct, and complete disregard for Court Orders, the Federal Rules, or court deadlines. *See* Dkt. 191.

2.    Although Defendants appreciate Plaintiffs admitting that this is an "exceptional case", Defendants would point out that Plaintiffs' "withdrawal of the Rule 11 Motion by ROOR, at the onset of trial" (in reality, the morning of the **second day** of trial) being done for "tactical reasons" is the exact nature of conduct that Defendants' Motion for Sanctions seeks to take a stance against. Plaintiffs once again miss the forest through the trees by asserting that the withdrawal of their motion is why Defendants seek sanctions. It is not. Defendants seek sanctions against Plaintiffs for knowingly filing a frivolous and baseless motion, making unsubstantiated accusations of criminal conduct towards Defendants and Defendants' counsel while presenting no evidence in law or fact for said assertions, and doing so for tactical reasons seeking to harass and force Defendants to needlessly expend time and money. This litigation strategy of excessively burdening defendants financially is the very nature of conduct that Federal Rule of Civil Procedure 11 seeks to prevent.

### A.    Plaintiffs' Response is untimely and not the product of excusable neglect

3.    Plaintiffs' response was due April 9, 2021. True to form, Plaintiffs missed their deadline to respond by three days, filing their untimely response on April 12, 2021 with a motion for extension of time not filed properly until Tuesday, April 13, 2021, the day before Defendants' Reply is due. Plaintiffs' new motion, docket number 194, states that their untimely response was due to the "excusable neglect" of "not becom[ing] aware that the Sanctions Motion was served until April 12, 2021, during a routine check of the docket." See Dkt. 194 at 1. Once again,

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Plaintiffs' counsel also blames an unnamed paralegal and another case for their blatant disregard for deadlines.

4.    Plaintiffs' newest motion for enlargement of time is the latest of several such motions filed by Plaintiffs in this matter. Plaintiffs' counsels' repeated failures throughout the course of this litigation shows that it is not the fault of an unnamed paralegal or a young associate attorney. Rather, it is either part of a calculated litigation strategy intended to drive up costs for defendants, or the result of sheer, inexcusable, firm-wide negligence. Plaintiffs' negligence and/or bad faith has once again harmed Defendants in their ability to timely respond and has necessitated Defendants' counsel to take expedited actions to respond in half the time the Court had intended to allot for replies. This untimely response yet again shows that Plaintiffs and their counsel, as a matter of course, seek to impose the burdens of their own negligence on to anyone other than themselves.

5.    Plaintiffs state that "[a] one business day delay causes no unfair prejudice to the Defendants". *See* Dkt. 194 at 3. Contrary to what may be standard practice in Plaintiffs' counsels' firm, work on client matters is in fact possible to do on the weekends. On a matter as complicated and expansive as this instant case, working weekends may very well be expected to ensure the client receives the best representation possible. Although it was simply one "business day", Plaintiffs' untimely Response cost Defendants' counsel three <u>actual</u> days with which they could have been working on this instant case and Reply, especially on a reply deadline of what would have only been five days (not including the date of service) had Plaintiffs timely responded.

6.    Plaintiffs further state that "it was not within the undersigned's control that the service email was missed, and the documents were never properly processed by the undersigned's office, and the Response due date never calendared." *See* Dkt. 194 at 3. With all due respect, this

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

is simply, categorically, blatantly untrue. Plaintiffs have repeatedly and consistently had trouble complying with deadlines. Plaintiffs have been warned numerous times, by this Court as well as others, that their calendaring and case management system were insufficient.

7.    This Court specifically has found that "the reasons for the delay are legion, going well beyond the lone failure of Palacios" (*see* Dkt. 141 at 10) and that the "evidence and arguments suggest Plaintiffs' processes for keeping track of deadlines and double-checking potential issues… is woefully inadequate, extending back more than a year before the present Motion." *Id* at 11. This analysis is applicable here.

8.    Plaintiffs' counsel's failure to properly maintain their Firm's systems are not the fault of the Defendants, yet Plaintiffs and Plaintiffs' counsel have repeatedly sought to put the logistical and financial burdens of their own faults on to Defendants and Defendants' counsel. Although Defendants concede that it is possible that this is neglect rather than gamesmanship, it defies belief at this stage of the instant litigation, in light of the totality of this case, that Plaintiffs and Plaintiffs' counsel's actions are in good faith and/or excusable.

**B.    Defendants' Motion for Sanctions under Rule 11 complies with the required safe harbor provisions or, at a minimum, substantially complies with and fulfills the purpose of the prefiling service requirement**

9.    The purpose of requiring service of a "warning shot" motion more than 21 days before filing of a Rule 11 motion is to afford the opposing party "the benefit of the twenty-one day 'safe harbor' provision allowing it the opportunity to withdraw its allegedly frivolous pleading." *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 338 (N.D. Iowa 2007); *see also Gordon v. Unifund CCR Partners*, 345 F.3d 1028 (8th Cir.2003).

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

10.     Defendants' Motion for Rule 11 Sanctions rests on the conduct of Plaintiffs through the filing of their Motion for Rule 11 Sanctions which was served on December 22, 2020. Defendants, in their response to Plaintiffs' Motion, requested relief in the form of costs and fees under Rule 11 for the very same grounds as presented in Defendants' Motion for Rule 11 Sanctions. The grounds as well as relief requested are therefore identical, and in fact, substantially all of the Defendants' Motion for Sanctions was previously argued in response to Plaintiffs' sanctions motion.

11.     Defendants filed their Motion to Amend Final Pretrial Order on February 2, 2021. *See* Dkt. 163. This Motion gave Plaintiffs actual and constructive notice that Defendants would seek costs, fees, and expenses at the conclusion of this case related to the dismissed causes of action as well as under the Exceptional Circumstances provision of the Lanham Act due to the "exceptional" conduct of Plaintiffs throughout this litigation. In addition to being "exceptional", Plaintiffs and Plaintiffs' counsel's conduct is independently sanctionable as argued in Defendants Motion for Rule 11 Sanctions. *See* Dkt. 185; see also Dkt. 168.

12.     Defendants also gave constructive and actual notice of their intent to pursue sanctions against Plaintiff in response to Plaintiffs' Motion for Rule 11 Sanctions on February 26, 2021. *See* Dkt. 168 at 12 (stating "Defendants pray this Honorable Court DENY Plaintiffs' Motion for Rule 11 Sanctions and instead impose sanctions on Plaintiffs and Plaintiffs' counsel" (emphasis added).

13.     Further, assuming that similar due process concerns are implicated when Rule 11 sanctions are or may be imposed upon the motion of a party as would arise if sanctions were to be imposed by the court *sua sponte*, the question for due process purposes is whether the party facing sanctions has a real and full opportunity to explain its questionable conduct before sanctions are

imposed. *See Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). In this case, Plaintiffs were fully informed of the conduct that Defendants believe is sanctionable, Plaintiffs have had and have taken advantage of a full and fair opportunity to brief an explanation for their questionable conduct, and was given, and rejected, the opportunity to be heard in oral arguments at the trial in this matter. Therefore, any due process concerns in this case have been satisfied. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322 (N.D. Iowa 2007).

14.     In addition, this Court has ordered that "Defendants are permitted, on or before March 26, 2021, to file the motion described by Defendants related to allegedly damaging conduct by Plaintiffs." *See* Dkt. 181. Regarding Plaintiffs' Motion for Sanctions (Dkt. 165), Defendants' counsel stated at the beginning of the trial that Defendants would "prefer for us to take that up very first thing." *See* Bench Trial Transcript 3/8/2021, page 8, lines 3-8. At the conclusion of the first day of trial in this matter, the Court stated to Mr. Ticktin, "...what I want to make sure we reserve time – like I said earlier, while we're here together is – particularly if we conclude on Tuesday, to hear some argument if you still intend to go forward with your Motion for Sanctions." *Id*. at page 204, lines 2 – 6.

15.     Finally, at the conclusion of the trial, lead counsel for Defendants, Mr. Hunnicutt, stated, "[r]ule 11 gives you the right to sanction someone who files such a motion. And we would ask the Court to do the following: Pay a sanction in the court, pay my client's attorney's fees, and have Mr. Ticktin file in the record of this court an apology... So I'm asking you to consider that Judge." *See* Bench Trial Transcript 3/9/2021, page 108, lines 3 – 11. The Court responded, "If you want to file that motion within the four-week time period, you can do that." *Id* lines 13 – 14.

16.     Plaintiffs even admit that Defendants' Motion was proper yet seek to feign willful blindness, stating, "It is true that this Court did allow STINKYS to file 'the motion described by

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

the Defendants related to allegedly damaging conduct by March 26, 2021.' However, STINKYS filed no such Motion". *See* Dkt. 193 at 3. As pointed out in the paragraphs above, there was never any confusion among the Parties or the Court about what type of motion Defendants were seeking to assert. There was never any doubt that Defendants were seeking sanctions for Plaintiffs' frivolous and excessively litigious conduct, as pointed out in multiple motions, responses, and replies. As Plaintiffs' counsel, Mr. Peter Ticktin, stated: "maybe it's true that there are none so blind as he who will not see." *See* Bench Trial Transcript 3/9/2021, page 62, lines 18 – 19.

17.    "For nearly as long as the federal courts have existed, it has been understood that certain implied powers must necessarily result to our courts of justice from the nature of their institutions, powers which cannot be dispensed with in a court because they are necessary to the exercise of all others. The inherent powers of the federal courts are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d at 1046. (5th Cir. 1996). As Plaintiffs have been on notice of the exact nature of the motion, the relief requested, and substantially all the case law and arguments in support thereof since February 10, 2021 and February 26, 2021, far beyond the 21-day period, and because this Court granted Defendant's permission to file their Motion for Rule 11 Sanctions pursuant to this Court's Order (*See* Dkt. 181), due process concerns have been satisfied.

18.    Regardless, Rule 11 Sanctions may still be imposed by a District Court on its own initiative so long as the party that may be sanctioned is given an opportunity to explain their conduct. *See* Fed. R. Civ. P. 11. That potential outcome is still present here, and Defendants will not rehash the same arguments that have been made multiple times, over the course of several months, on why Plaintiffs deserve the imposition of sanctions on themselves and their counsel.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

**C.    Defendants were the prevailing parties for the purposes of Plaintiffs' Motion for**

**Rule 11 Sanctions**

19.    A court may award a party who prevails on a Rule 11 motion the reasonable expenses incurred for the motion (including attorney's fees). Fed. R. Civ. P. 11(c)(2). This provision also allows sanctions against an attorney or party who files a frivolous Rule 11 motion. *See Hylton v. Anytime Towing*, 2012 WL 3562829 (S.D. Cal. Aug. 17, 2012).

20.    Plaintiffs state that they withdrew their Motion for Rule 11 Sanctions, which addressed issues already ruled upon by this Court and which presented no basis for sanctioning a settlement offer, for "tactical reasons". *See* Dkt. 193 at 2. Plaintiffs claim these "tactical reasons" were "to simplify its case, and only deal with the real issues on hand, which are what ROOR sued for under the Lanham Act, false designation of origin, and violation of trademark". *Id* at 7-8.

21.    The validity of the RooR trademark is at the very heart of this case. In fact, neither RooR nor Sream could maintain their causes of action, as a matter of law, if they did not possess a valid trademark. Plaintiffs' Motion for Sanctions under Rule 11 focused on dismissing Defendant's valid counterclaims. Thus, withdrawing their motion did nothing to streamline the case as Defendants maintained their claims and the issue of a valid trademark remained at the heart of this case. Instead, Plaintiffs' withdrawal was designed as a rouse to avoid addressing the critical substance of Defendants' claims at trial.

22.    Plaintiffs made a "tactical decision" to withdraw their Motion because it was frivolous, Plaintiffs and their counsel knew at the time it was filed that it was frivolous, and Plaintiffs knew Defendants would prevail on the Motion as well as likely be awarded costs and fees under Rule 11 for having to address Plaintiffs' frivolous motion. This was not an effort to

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

"streamline the case", this was an effort to avoid an unfavorable ruling that Plaintiffs knew was coming.

23.     By withdrawing their motion, Plaintiffs were admitting that Defendants were, or would have been, the prevailing party under the motion and would therefore be entitled to costs and fees under Rule 11. Sanctions should be imposed on Plaintiffs and their counsel simply on this basis alone.

**D.     Defendants' Motion for Rule 11 Sanctions is based off the filing, not withdrawal, of Plaintiffs' Motion for Rule 11 Sanctions**

24.     Rule 11 allows a court to impose sanctions against attorneys, law firms, pro se parties, and, in some cases, represented parties for frivolous or improper pleadings, non-discovery motions, other non-discovery papers, and if a party continued a pursuit of frivolous claims or contentions raised in a pleading or motion after they are no longer tenable. *See, for example, Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1323 (Fed. Cir. 2010); *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 695, n. 94 (11th Cir. 2010); *Ridder*, 109 F.3d at 293; 1993 Advisory Committee Notes to FRCP 11(b) and (c) (emphasis added).

25.     FRCP 11 imposes an affirmative duty on an attorney to certify that before filing, submitting, or later advocating to the court in signed documents, the attorney has both conducted a reasonable inquiry and determined that the document is well-grounded in fact, legally tenable, and not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs. *See* FRCP 11(b); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (emphasis added).

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

26.    Defendants will not belabor the arguments previously made in Defendants' Response to Plaintiffs' Motion for Rule 11 Sanctions. *See* Dkt. 168. Simply put, Plaintiffs' arguments were frivolous when made, Plaintiffs and their counsel knew the arguments were frivolous when they were made, and yet Plaintiffs persisted in their frivolous and excessively litigious course of conduct.

27.    Plaintiffs also curiously state that the legitimate settlement offer of $500,000 was "over and above the amount in controversy". *See* Dkt. 193 at 7. Plaintiffs' sole basis for the settlement offer being "improper" was that Defendants used the term "asset" and because Plaintiffs did not like the settlement amount offered.

28.    First and foremost, Defendants' settlement offer was not "over and above the amount in controversy". *Id.* Plaintiffs requested the Court to "entertain the idea of as much as 75,000 per occurrence. And I would also say nothing less than $10,000 [per] occurrence, which would be times 16. *See* Bench Trial Transcript 3.9.2021, page 93, lines 2 – 5. Therefore, by Mr. Ticktin's own statements, the amount in controversy was between $160,000 and $1.2 million, more than double the proffered settlement amount. This amount does not take into account any possible attorney fees.

29.    Further, the Parties have shown that attorney's fees in this case have exceeded $200,000. *See* Dkt. 189 and 191. Clearly, Defendants' settlement offer was valid and proper, and Plaintiffs have not argued or shown anything to the contrary other than Plaintiffs did not like the offer, which Plaintiffs were free to reject and by its very nature expired prior to trial.

30.    Rather than respond to said offer, Plaintiffs chose to file a frivolous motion for sanctions as a leverage tool and to harass, burden, and excessively increase litigation expenses on Defendants. This motion was based solely off Plaintiffs' dislike of a settlement offer and an issue

10 | P a g e

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

the Court had already adjudicated. Plaintiffs have also deliberately misrepresented the settlement offer, which was to settle the entire case, by stating that the offer was solely to "drop its trademark challenge." See Dkt. 193 at 7. It was not, and this is yet another example of Plaintiffs attempting to deliberately mislead the Court.

## CONCLUSION

The "tactical reason" for Plaintiffs' withdrawal was because they knew their motion was frivolous at the time of filing, knew they would receive an unfavorable ruling, and because their attempt to intimidate Defendants into a settlement failed. If Plaintiffs' Motion were truly "well-founded", Plaintiffs would not have dropped it on the second day of trial. The Court, under no misconceptions on the type of motion Defendants intended to file, granted permission to Defendants, and Defendants did so file timely. Plaintiffs have been under actual and constructive knowledge of the nature of the motion, the relief requested, and even the supporting case law for months, far beyond a 21-day period. Due process concerns in this case have therefore been satisfied. Finally, final judgment has not been entered, and the possibility remains for this Court to issue an Order to Show Cause on its own initiative. For the reasons stated above, Plaintiffs' Response should be deemed untimely, and Defendants' Motion for Rule 11 Sanctions should be granted in its entirety.

WHEREFORE, premises considered, Defendants, Stinky's Smoke Shop, LLC and Andrew Whiteley, respectfully request this Honorable Court GRANT Defendants' Motion for Rule 11 Sanctions, award to Defendants all attorney fees they have expended in this matter, cancel or deem the trademarks at issue as having been abandoned, pay a sanction to the Court, and have Peter Ticktin, Jamie Sasson, and the Ticktin Law Group, collectively and individually, file an apology

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

into the Court record. Finally, Defendants pray for all other relief, whether in law or in equity, to which this Honorable Court deems just and proper.

Dated April 14, 2021                          Respectfully submitted,

                                             THE HUNNICUTT LAW FIRM

                                             J. Stephen Hunnicutt
                                             Lead Attorney
                                             State Bar No. 10279510
                                             Steve@HunnicuttLaw.com
                                             Admin@HunnicuttLaw.com
                                             Timothy A. Robinson
                                             Texas State Bar No. 24064040
                                             Illinois State Bar No. 6324565
                                             Tim@HunnicuttLaw.com
                                             Christian T. Johnson
                                             State Bar No. 24116576
                                             Christian@HunnicuttLaw.com
                                             Kaedan Watts
                                             State Bar No. 24113459
                                             Kaedan@HunnicuttLaw.com
                                             Phone: (214) 361-6740
                                             Facsimile: (214) 691-5099
                                             17330 Preston Rd, Suite 100-A
                                             Dallas, Texas 75252
                                             **ATTORNEYS FOR DEFENDANTS
                                             STINKY'S SMOKE SHOP, LLC AND
                                             ANDREW WHITELEY**

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was sent to the following

through email on April 14, 2021.


Peter Ticktin
(Florida Bar # 887935) admitted pro hac vice
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
Chezare Palacios
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441
jsasson@legalbrains.com
Cpalacios@legalbrains.com

Elahi Law & Mediation Firm, PLLC
Shayan Elahi
13601 Preston Road, Ste. 770E Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

J. Stephen Hunnicutt

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RULE 11 SANCTIONS