IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

ROOR INTERNATIONAL BV AND
SREAM, INC.
*Plaintiffs,*

v.

STINKY'S SMOKE SHOP, LLC AND
ANDREW WHITELEY
*Defendants.*

CIVIL ACTION NO. 4:18-CV-000735

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION
FOR ATTORNEY FEES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley ("Whiteley") (collectively, "Defendants") through the undersigned attorney, and files this Response in Opposition to Plaintiff/Counter-Defendant's Motion for Attorneys' Fees and Costs, and in support thereof would respectfully show the following:

I.    **Plaintiffs Erroneously Apply the Lanham Act to Seek Undeserved Costs and Fees**

1.    Plaintiffs seek to create their own case law by asserting, without evidence or legal authority, that merely filing a counterclaim is what makes this case exceptional. It does not. An "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated, and the District Courts may determine whether a case is "exceptional" on a case-by-case basis. *See Octane*

*Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S.Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014).

2.    Plaintiffs also curiously seek to limit what qualifies as a "prevailing party", asserting that if Plaintiffs prevail on only one of Defendants' counterclaims, even if losing their case in chief after having five out of six of their original causes of action dismissed with prejudice, that they should be declared the prevailing party and receive all, or any, of their attorneys' fees and costs.

3.    Plaintiffs have given no basis in fact or evidence to redefine copyright and trademark law to their benefit by altering the long-standing interpretations of the Lanham Act. The Parties are not in agreement that the Counterclaim regarding the cancellation of the RooR trademark is exceptional, nor is the standard under the Lanham Act whether a cause of action is exceptional. The Lanham Act provides for an award of attorneys' fees in exceptional cases based upon the conduct and litigating strengths of the parties, not for any particular cause of action.

4.    Further, Plaintiff has given no basis in fact or law as to why a counterclaim, standing alone, should be considered "exceptional", nor why potentially prevailing on one cause of action, despite five out of six of their own causes of action being dismissed with prejudice, would entitle Plaintiffs to **all**, or any, attorney fees expended in the matter as a whole. This assertion is a deliberate misinterpretation of the case law, or simply illogical at best. Plaintiffs seek this Court to reinterpret the Lanham Act despite not providing any evidence that any Court in any jurisdiction has ever interpreted the Act as such.

5.    Finally, Plaintiffs seek recover of costs. The Lanham Act says that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." *See* 15 U.S.C. § 1117(a) (emphasis added). This does not provide for an award of costs, and Plaintiffs have

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

presented no evidence or any cases from any jurisdictions where a court has awarded costs under the Lanham Act, let alone an award for costs as frivolous as those asserted by Plaintiffs in the instant matter, which will be addressed more fully below.

6.      Simply put, Plaintiffs again seek to redefine rules and laws at their behest, and once again seek to blame Defendants for Plaintiffs excessively litigious actions, frivolously asserting that "the Defendants chose to exacerbate the litigation by bringing their Counterclaim". According to Plaintiffs, what makes this case exceptional was not the Plaintiffs' repeated ignoring of deadlines, Court Orders, excessive motion practice caused by their disregard for deadlines, or intentional omissions and misrepresentations about proper parties at issue, but rather the *audacity* of Defendants to seek to defend themselves.

## II.    Plaintiffs' Alleged Attorney Fees are Excessive, Frivolous, Self-Induced, and Duplicative

7.      Plaintiffs seek an award of $205,600.00 in attorney fees and $15,573.32 in costs, for a total requested recovery of $221,173.32. Plaintiffs have filed <u>hundreds</u> of identical, cookie-cutter lawsuits as the instant matter, yet seek to impose costs such as Plaintiffs' counsels' pro hoc vice fees on the Defendants. *See* Exhibit 1. Plaintiffs have filed numerous lawsuits in the Eastern District alone. It would therefore be illogical and patently inequitable to seek to impose these fees on the Defendants in the instant matter. Plaintiffs would have incurred these expenses no matter what during the course of their predatory litigation campaign against small businesses. Defendants alone did not require Plaintiffs to incur these fees, and these fees should not be imposed on Defendants. Fees not specific to the instant case, but which are included in Plaintiffs' Motion for Attorney Fees, include:

        a.    "Secure storage and investigation report fee", on 10/4/2014;

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

    b. "C. Palacios Pro Hac Vice Fee" 9/29/2020;

    c. "Research Case Law, Federal and Local Rules on Related Cases." 1/22/2019;

    d. "Worked on application for J. Sasson to be admitted pro hace vice in Texas." 10/17/2019;

    e. "Email to prepare documents to put P. Ticktin in Eastern District of Texas" 3/31/2020;

    f. "Form Returned: ProHac Vice_Application_Chezare Palacios" 9/28/2020;

    g. "Reviewed and uploaded OC's First Request for Responses to Interrogatories to Defendant, A&A Tobacco LLC & OC's First Request for Reponses to Interrogatories to Defendant, Stinky Smoke Shop, LLC to the file Sent a Copy To Client for Review." 2/19/2019;

    h. "Completed C. Palacios's Pro HaC Vice Application", 9/25/2020;

    i. "Worked on P. Ticktin admission to Texas bar" 9/27/2020;

8.    Plaintiffs also seek to impose the costs of their excessive litigation tactics on Defendants, despite the impetus for each occasion being the Plaintiffs and their counsels' repeated failure to meet deadlines. Plaintiffs seek to impose the costs of their frivolous motions for sanctions, multiple motions for extensions of time, motion to undeem admissions, and even all costs associated with Plaintiffs' failure to timely disclose their expert witness and the corresponding briefings their failure required.

9.    Plaintiffs nor their counsel should be permitted to recover fees for the excessive litigation proceedings that they themselves caused. Defendants did not cause Plaintiffs to fail to disclose their expert and force them to write briefs and motions over the same, Plaintiffs and their counsel did. Defendants did not cause Plaintiffs to repeatedly miss deadlines and ignore Court Orders that required later motions and briefings to rectify, Plaintiffs and their counsel did. Defendants did not force the parties to incur expenses litigating two motions for sanctions over the same topics, Plaintiffs and their counsel did. The costs and attorney fees incurred by Plaintiffs and their counsel, regarding the multiple motions to extend time, undeem admissions, and the briefing over excusable neglect, are wholly an enemy of their own creation, and Defendants should not be forced to bear the burden for Plaintiffs and Plaintiffs' counsels' disregard of deadlines.

10. There are also numerous entries that do not detail what actions, if any, were taken in relation to the time entry. These expenses cannot be deemed reasonable and necessary if they do not detail what was done.

11. Plaintiffs' counsel also has a variety of varying rates listed for legal work, with some days having multiple bill entries from the same attorney at different rates. Plaintiffs have not presented basis for these varying rates.

12. Finally, Plaintiffs seek recovery of what is wholly administrative work. Many of these fees are also duplicitous, including multiple entries for internal email communications. There are entries that are wholly internal administrative work that should not be recoverable as attorney fees, such as:

 a. "Drafted email to Accounting requesting check for mediation", 5/10/2019;
 b. "Drafted response to Court Reporter advising we will not require expedited services", 10/30/2019;
 c. "Received and reviewed confirmation from Court Reporters office and requesting if any additional services are needed" 10/30/2019;
 d. "Drafted email to Court Reporting com any in TX requesting to secure a reporter" 10/30/2019;
 e. "Received and reviewed email from Court Reporter requesting time duration of Deposition" 10/30/2019;
 f. "Received and reviewed email from Court Reporters office requesting confirmation of Deposition" 10/31/2019;
 g. "Forwarded email from J. Sasson to C. Palacios regarding Deposition scheduling" 4/10/2020 (this time entry is for a full hour, yet apparently simply involved forwarding an email with nothing more);
 h. "Calendared all deadlines and created to-do's for all tasks" 4/15/2020;
 i. "Drafted response to opposing counsel regarding time for teleconference" 7/23/2020;
 j. "Drafted email to opposing counsel with request to schedule teleconference" 7/23/2020;
 k. "Saved service emails (18) to TM" 11/19/2020;
 l. "Drafted response to Court Reporter confirming order of transcript" 11/24/2020.

13. As there are many more, Defendants, in an effort to save space and time, have compiled a spreadsheet of objectionable entries, attached hereto as Exhibit 1.

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

14.    The Court uses the following factors in order to determine the "reasonable attorney fees", and these will be analyzed in turn.

15.    The time and labor required:

    a.    As shown above, the time and labor required was needlessly increased by Plaintiffs.

16.    The novelty and difficulty of the questions:

a.    Plaintiffs have filed hundreds of identical cases. Plaintiffs have also received numerous counterclaims for cancellation. There is nothing novel or difficult for Plaintiffs in the instant matter.

17.    The skill required to perform the legal service properly:

a.    Defendants do not argue that Plaintiffs' counsel do not have the requisite skill to perform legal services properly, albeit sometimes negligently with regards to factual allegations and complying with deadlines.

18.    The preclusion of employment by the attorney due to acceptance of the case:

    a.    Defendants do not dispute Plaintiff's conclusion that it did not preclude them from accepting other matters.

19.    The customary fee in the community:

    a.    Defendants do not dispute this factor, only the hours sought to be charged.

20.    Whether the fee is fixed or contingent:

    a.    Defendants dispute that there was a contingency fee agreement as such agreement was never produced due to the objections of Plaintiffs.

21.    Time limitations imposed by the client or circumstances:

    a.    Defendants dispute Plaintiffs' assertions under this factor \, at least in part,

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

for the reasons explained above.

22.    The amount involved and the results obtained:

a.    As addressed above, Plaintiffs have presented no evidence for their assertion that prevailing on a single claim or counterclaim, if they do, despite losing the rest of the case, would entitle Plaintiffs to an award of all of their attorney fees, and Defendants ardently disagree with Plaintiffs' conclusion. Defendants have asserted from the beginning that Plaintiffs had no trademark, and thus were asserting an action based on an invalid or non-existent trademark. Thus, Defendants did not seek to "cover its own wrongdoings" for allegedly selling a counterfeit, as Defendants have continuously asserted that there was no valid trademark from which a counterfeit could be sold. Therefore, as has been argued *ad nauseum*, Defendants assert that Plaintiffs have brought a frivolous action based on a knowingly non-existent or invalid trademark in the attempt to bully a settlement payment from innocent, unaware small businesses.

23.    The experience, reputation, and the abilities of the attorneys:

a.    Defendants do not argue the experience or abilities of the attorneys, but rather assert that they embarked on knowingly frivolous, excessively litigious actions to drive up costs for Defendants in this and other cases to force undeserved settlement payments from them.

24.    The undesirability of the case:

a.    This factor is neutral as there was nothing undesirable about defending a reputable family business just trying to make an honest living other than dealing with an overzealous Plaintiff who seeks to bully small businesses and excessively increase litigation costs to either force settlement or bankrupt the business.

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

25.     The nature and length of the professional relationship with the client:

a.     Defendants do not dispute that Plaintiffs and their counsel have a longstanding relationship in which they have filed hundreds of identically predatory lawsuits throughout the United States.

26.     Awards in similar cases:

a.     Plaintiffs have presented no evidence that they have ever prevailed and received an award of attorney fees in any one of their hundreds of other cases, and rather, have actually had attorney fee awards leveled against them on identical cases after losing on all counts. *See Sream, Inc. v. Smokers Edge, LLC*, No. 18-80545-CV, 2019 WL 2233892 (S.D. Fla. Feb. 6, 2019).

27.     As shown in the attached exhibit, Defendants dispute a number of the hours as not reasonably expended or overly inflated. Defendants also assert that there are a number of hours that are excessive, redundant, or otherwise unnecessary.

28.     Defendants do not dispute that, although on the high side (as stated in Plaintiffs' Attorneys' Fees Expert Witness's Affidavit), the rates are reasonable.

29.     Plaintiff seeks their litigation costs. As stated above, these are excessive, and Plaintiffs have produced no basis in fact or law as to why they should be entitled to their costs. As such, even if Plaintiffs are determined to be the prevailing party in any sense, this Court should not award Plaintiffs any amount of their costs.

## Conclusion

30.     The fact that five out of six of Plaintiffs' claims were dismissed with prejudice prior to trial makes the Defendants the prevailing party in this matter and should thus have an award of attorney fees in this matter. Even if Plaintiffs were to prevail on their one remaining claim, this

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

Court should deny Plaintiffs' request for costs and attorney fees and award fees to the Defendants for prevailing on five out of six original causes of action, plus award Defendants their fees for the excessive litigation caused by Plaintiffs, including all motions and briefings corresponding to Plaintiffs' numerous missed deadlines, the motions and briefing corresponding with Plaintiffs failure to timely disclose their expert witness, the motions, briefings, and hearings associated with Plaintiffs' failure to add Republic as a party, and Plaintiffs multiple frivolous motions for sanctions. Further, as shown above, Plaintiffs' attorney fees and costs are redundant, not wholly reasonable, or unnecessary, particularly in light of the fact that the majority of the motions and briefings were caused by the Plaintiffs' failure to abide by deadlines or Court Orders.

WHEREFORE, PREMISES CONSIDERED, Defendants request this Honorable Court DENY Plaintiffs' Motion for Attorneys' Fees and Costs in its entirety and award Defendants their reasonable and necessary attorney fees and costs expended in this matter.

Dated April 23, 2021

Respectfully submitted,

THE HUNNICUTT LAW FIRM

J. Stephen Hunnicutt
Lead Attorney
State Bar No. 10279510
Steve@HunnicuttLaw.com
Admin@HunnicuttLaw.com
Timothy A. Robinson
Texas State Bar No. 24064040
Illinois State Bar No. 6324565
Tim@HunnicuttLaw.com
Christian T. Johnson
State Bar No. 24116576
Christian@HunnicuttLaw.com
Kaedan Watts
State Bar No. 24113459
Kaedan@HunnicuttLaw.com
Phone: (214) 361-6740
Facsimile: (214) 691-5099

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES

17330 Preston Rd, Suite 100-A
Dallas, Texas 75252
**ATTORNEYS FOR DEFENDANTS STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was sent to the following through email on April 23, 2021.

Peter Ticktin
(Florida Bar # 887935) admitted pro hac vice
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
Chezare Palacios
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441
jsasson@legalbrains.com
Cpalacios@legalbrains.com

Elahi Law & Mediation Firm, PLLC
Shayan Elahi
13601 Preston Road, Ste. 770E Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

J. Stephen Hunnicutt

RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ATTORNEY FEES