# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **ROOR INTERNATIONAL BV and SREAM, INC.,** § § § § **Plaintiffs,** § § **v.** § § **STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY,** § § § § **Defendants.** § | **Civil Action No.: 4:18-cv-00735-KPJ** |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Enlargement of Time and to Deem Timely Plaintiff's Response to Defendants' Motion for Rule 11 Sanctions (the "Motion") (Dkt. 197). Defendants filed a response (Dkt. 195), and Plaintiffs filed a reply (Dkt. 198).

Having considered the arguments and applicable authorities, the Court finds the Motion (Dkt. 197) is hereby **GRANTED**.

### I.     LEGAL STANDARD

The Court may extend filing periods under Federal Rule of Civil Procedure 6(b) for good cause. If the motion for extension of time is made after the expiration of a deadline, the party must show that it failed to act because of excusable neglect. FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal citations omitted). "Relevant factors to the excusable neglect inquiry include: the danger

of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

## II.   ANALYSIS

Defendants filed a Motion for Rule 11 Sanctions (the "Motion for Sanctions") on March 26, 2021. *See* Dkt. 185. Therefore, Plaintiffs' response to the Motion for Sanctions was due Friday, April 9, 2021. *See* LOCAL RULE CV-7(e). Plaintiffs filed a response on Monday, April 12, 2021, along with a version of the present Motion.[1] *See* Dkts. 192, 193. Plaintiffs request that the deadline be extended such that their response be considered timely filed. *See* Dkt. 197. The Court considers whether it should exercise its discretion to extend the deadline.

### A. PREJUDICE TO DEFENDANTS

In the Fifth Circuit, courts evaluate prejudice from the vantage point of the non-movant. *See Adams*, 465 F.3d at 161 n.8. Here, Defendants are the non-movants.

Having considered the record, the Court finds Defendants would not experience significant prejudice if the deadline is extended. While Defendants have had to respond to the present Motion and have already filed a reply to Plaintiffs' response to the Motion for Sanctions, the Court notes

---

[1] Plaintiffs twice failed to properly file the present Motion. On April 12, 2021, Plaintiffs filed an incorrect document as the main document. *See* Dkt. 192. After being notified of the deficiency, on April 13, 2021, Plaintiffs filed a version of the Motion that lacked a Certificate of Conference, as required by Eastern District of Texas Local Rule 7(i). *See* Dkt. 194. After again being notified of the deficiency, Plaintiffs filed the present Motion on April 14, 2021.

that Plaintiffs' lateness did not cause even a week's delay in briefing. Additionally, to the extent Defendants wish to seek additional time to file any further briefing on the Motion for Sanctions, the Court can allow Defendants such time to minimize the potential for prejudice. Therefore, the Court finds the limited prejudice in allowing for Plaintiffs' response to be considered timely filed weighs in favor of granting the extension.

### B. LENGTH OF DELAY AND IMPACT ON PROCEEDINGS

"[A] long delay . . . with a strong explanation might be more acceptable than a short delay with a weak explanation—even if both explanations are credible." *Kretchmer v. Eveden, Inc.*, No. 3:07-cv-1068-D, 2009 WL 2835777, at *3 (S.D. Tex. Sep. 3, 2009) (quoting *In re Enron Corp.*, 419 F.3d 115, 129 (2d Cir. 2005)). A court "should consider the degree to which the delay may disrupt the administration of the case." *Id.* at *2.

The Court does not find Plaintiffs' delay substantial or severely disruptive. As previously mentioned, Plaintiffs' tardiness did not cause even a single week of delay. Additionally, the delay has not and will not impact any other hearing or proceeding in this matter. This factor weighs in favor of granting an extension.

### C. REASON FOR DELAY

"Evaluating the reason for delay is perhaps the single most important factor." *United States v. 5124 Gumwood Avenue, McAllen, Hidalgo Cnty., Tex.*, No. 1:16-cv-186, 2017 WL 3842373, at *4 (E.D. Tex. Aug. 10, 2017).

Here, Plaintiffs' explanation for the delay is weak. Plaintiffs' counsel contends they were involved in preparation for trial in a separate matter and, hence, left other personnel to monitor their emails, but the personnel missed the email of service related to the Motion for Sanctions. *See* Dkt. 197 at 2. Plaintiffs' counsel further contends Mr. Ticktin's paralegal departed from the firm

3

and this departure caused a delay in processing emails related to this case. *See id.* Plaintiffs' counsel argues it was not within their control that the service email was missed, not properly processed by their office, and the date for response to the Motion for Sanctions was not calendared. *See id.* at 3. Plaintiffs' counsel contends that previous missed deadlines in this case were different because here, "the responsible attorney did not receive a document in the case." Dkt. 198 at 2.

The Court does not find that Plaintiffs' counsel's choice to take on an additional case such that they delegated monitoring of this matter and their email accounts as events that fall outside of their control. Mr. Ticktin and Mr. Sasson have represented themselves to be lead counsel for Plaintiffs. It is, therefore, Mr. Ticktin and Mr. Sasson's responsibility—not their staff, not their paralegals, not departed co-counsel—to monitor their own emails and timely participate in their cases. As correctly pointed out by Defendants, this is not the first time Plaintiffs have missed a deadline in this case. *See* Dkt. 141 at 10.

However, Plaintiffs did remedy their error promptly in this matter. Though this factor weighs against granting an extension overall, the Court finds it significant that Plaintiffs acted quickly to file a response and did not simply file the present Motion and wait for resolution on the request for an extension. *See Johnson v. Graves*, No. G-06-764, 2008 WL 694730, at *1 (S.D. Tex. Mar. 12, 2008) (excusing a mistake where party missed deadline inadvertently and in good faith, did not previously seek extensions, and addressed delay "as soon as the delay was brought to [counsel's] attention" and "as quickly as [could] reasonably be expected").

### D.  GOOD FAITH

The record does not show counsel for Plaintiffs created a delay in bad faith or with a dilatory motive. The delay did not advantage Plaintiffs and, in fact, risked Plaintiffs' ability to respond to the Motion for Sanctions. The Court reiterates that Plaintiffs appear to have quickly

worked to file a response on learning of their error and did not request an extension beyond what was necessary to file a response to the Motion for Sanctions. The Court finds this factor weighs in favor of granting an extension.

### III.   CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' Motion for Enlargement of Time and to Deem Timely Plaintiff's Response to Defendants' Motion for Rule 11 Sanctions (Dkt. 197) is hereby **GRANTED**.

**So ORDERED and SIGNED this 23rd day of April, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE