## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

Case Number:  4:18-cv-735

SREAM, INC.

     Plaintiff,

v.

STINKY'S SMOKE SHOP, LLC and
ANDREW WHITELEY

     Defendants and Counterclaimants,

v.

ROOR INTERNATIONAL, INC.,

     Counter Defendant.

_____/

### SREAM AND ROOR INTERNATIONAL BV'S RESPONSE TO DEFENDANTS' AND COUNTER-PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

The Plaintiffs, Sream Inc. ("Sream") and Roor International BV ("Roor"), file this Response in opposition to the Defendants' Motion for Attorneys' Fees [D.E. 189], and state as follows:

There is no dispute that generally attorneys' fees in trademark cases are awarded only when a case is exceptional.  The case *sub judice*, from the perspective of the Plaintiff's Complaint, was not an exceptional case.  As such, in the unlikely event that the Defendants prevail in defeating the Plaintiffs' case, they would not be entitled to attorneys' fees.

However, here the Defendants' Counter-Claims would entitle the prevailing party to attorneys' fees as those claims are exceptional.  The Counter-Claims are exceptional  based on two

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

arguments.  First due to the Defendants', and Mr. Hunnicutt's, bad faith arguments, which were addressed in the Plaintiffs' Post Trial Brief [D.E. 199], and their Response to the Defendants' Post Trial Brief [D.E. 202].

Additionally, the Counter-Claims were exceptional due to the Defendants' approach of raising this case to another level with allegations of fraud and criminal conduct.  The Defendants knew that the ramifications of such claims would raise this case to an exceptional level, rather than the simple case it was to address the Defendants' offering of  counterfeit products for sale.

Instead, the Defendants and their counsel, from when they filed their Counter-Claim, argued that their attorneys' fees were in excess of $150,000, the only amount that they could win should they prevail in their Counter-Claims, yet demanded that the Plaintiffs pay the bargain price of $500,000 for their own "asset", referring to the great harm which would befall the Plaintiffs should they lose their rights by the cancellation of their trademarks.

This is an extreme way of attempting to obfuscate one's responsibility for going to a Chinese distributor to buy counterfeit goods to put into the United States marketplace.  Instead of showing any contrition for the wrong they did, Mr. Whiteley and his attorney fought the Plaintiffs, honest manufacturers whose trademarks were being counterfeited, to instead maximize their attempt, with full malice and foresight, to seek extraordinary relief for their own wrong doings.

Accordingly, because the claims raised by the Plaintiffs do not make this case exceptional, assuming, *arguendo*, that the Defendants are found to be the prevailing party on the Plaintiffs' claim, which they should not be, they would not be entitled to attorneys' fees.  The Defendants would only be entitled to attorneys' fees if they prevail on their Counter-Claim, which as argued *supra*  and in the Post Trial filings, they should not.

2

**Conclusion**

Based on the foregoing arguments, the Court should deny the Defendants' Motion for Attorneys' Fees should it prevail on the Plaintiff's claims, and should only award attorneys' fees to the prevailing party of the Counter-Claim.

Dated: April 23, 2021

 /s/ *Peter Ticktin* _____
Peter Ticktin, Esquire
(Florida Bar No. 887953
Jamie Alan Sasson, Esquire
Florida Bar #100802
**THE TICKTIN LAW GROUP**
270 SW Natura Ave
Deerfield Beach, Florida 33441

**Elahi Law & Mediation Firm, PLLC**

_____
Shayan Elahi
13601 Preston Road, Ste.  770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this April 23, 2021, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Peter Ticktin*
Peter Ticktin

## SERVICE LIST

J.  Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C.  Baker
James@Hunnicuttlaw.com
Kevin E.  Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants/Counterclaimants*

4