**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ROOR INTERNATIONAL BV and SREAM, INC.,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:18-cv-735-KPJ** |
| **STINKY'S SMOKE SHOP, LLC** *et al.*, | § § | |
| **Defendants.** | § § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is Defendants Stinky's Smoke Shop, LLC and Andrew Whiteley's (collectively, "Defendants") Application for Attorney's Fees and Taxing of Costs ("Defendants' Motion") (Dkt. 189). Also pending before the Court is Plaintiffs RooR International BV and Sream, Inc.'s (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs ("Plaintiffs' Motion") (Dkt. 191). Both Defendants' Motion and Plaintiffs' Motion are fully briefed. Having considered the parties' briefing and the applicable law, the Court will **grant in part and deny in part** Defendants' Motion (Dkt. 189) and **deny** Plaintiffs' Motion (Dkt. 191).

## I. BACKGROUND

Plaintiffs RooR International BV ("Roor") and Sream, Inc. ("Sream") filed suit on October 15, 2018, asserting claims of trademark counterfeiting and infringement and false designation of origin against Defendants Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley ("Whiteley"). *See* Dkt. 2. In their three-count Complaint, Plaintiffs asserted that Defendants violated 15 U.S.C. § 1114 (Count I), 15 U.S.C. § 1116(d) (Count II), and 15 U.S.C. § 1125(a) (Count III) by infringing on three different trademarks: the "Glassware Trademark," the "Clothing and Accessories Trademark," and the "Waterpipe Trademark" (collectively, the "Roor

1

Trademarks"). *See* Dkt. 2 at 11–17. On July 31, 2019, Defendants asserted their First Amended Counterclaim (the "Counterclaim") against Plaintiffs for cancellation of the Roor Trademarks pursuant to 15 U.S.C. § 1119. *See* Dkt. 33.

On August 20, 2019, Plaintiffs transferred all rights to the Roor Trademarks to Republic Technologies (NA), LLC pursuant to a trademark assignment agreement. *See* Dkt. 67-1. Plaintiffs did not timely notify the Court or Defendants of the transfer, instead waiting until approximately one year later to file a motion seeking dismissal, without prejudice, of all claims asserted by Roor and Counts I and II as asserted by Sream. *See* Dkt. 87. On December 30, 2020, the Court dismissed Roor's claims with prejudice. *See* Dkt. 145. The Court also dismissed Sream's claims arising under Counts I and II with prejudice. *See id*.

Thereafter, only Sream's claim under Count III of the Complaint and Defendants' Counterclaim remained pending before the Court. *See id*. On March 8 and 9, 2021, the Court held a two-day bench trial on the remaining claim and counterclaim. *See* Dkts. 179, 180. The Court has now entered its Findings of Fact and Conclusions of Law (Dkt. 209), finding: (1) Sream did not prevail on its Count III claim against Defendants; and (2) Defendants did not prevail on their Counterclaim against Plaintiffs. *See* Conclusions of Law, Dkt. 209 ¶¶ 18, 34.

On April 9, 2021, the parties both moved for attorney's fees and costs pursuant to Defendants' Motion and Plaintiffs' Motion (collectively, the "Motions"). *See* Dkts. 189, 191. The Motions are fully briefed. *See* Dkts. 189, 191, 201, 204, 207.

## II. ANALYSIS

### A.  The Motions

#### 1.  Applicable Law

"The Lanham Act provides that a 'court in exceptional cases may award reasonable attorney fees to the prevailing party.'" *See Spectrum Ass'n Mgmt. of Texas, LLC v. Lifetime HOA Mgmt. LLC*, 5 F.4th 560, 566 (5th Cir. 2021) (quoting 15 U.S.C. § 1117(a)). "[I]n the Lanham Act context, a prevailing party is 'a party in whose favor judgment is rendered' or 'one who has been awarded some relief by the court.'" *Alliance for Good Gov't v. Coalition for Better Gov't*, 919 F.3d 291, 295 n.16 (5th Cir. 2019) (internal citation omitted); *see WickFire, LLC v. Laura Woodruff et al.*, 989 F.3d 343, 353 (5th Cir. 2021); *see also Kiva Kitchen & Bath Inc. v. Capital Distributing Inc.*, 319 F. App'x 316, 322 (5th Cir. 2009) (quoting Black Law Dictionary's definition for 'prevailing party,' which is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). The prevailing party in a trademark infringement action "bears the burden of demonstrating the exceptional nature of the case." *See Kiva Kitchen & Bath Inc.*, 319 F. App'x at 321.

"[A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an unreasonable manner." *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (internal quotation marks omitted). "The district court must address this issue in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. (internal quotation marks omitted); *see also Vetter v. McAtee*, 850 F.3d 178, 187 (5th Cir. 2017) (The "Lanham Act's fee-shifting provision vests significant

discretion in the district courts to grant or deny attorneys' fees on a case-by-case basis depending on each's particular facts.").

If a case is exceptional, the Court must determine the amount of "reasonable attorney fees" to award to the prevailing party. *See* 15 U.S.C. § 1117(a). To determine attorney's fees, courts in the Fifth Circuit use the two-step lodestar method. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the Court calculates the lodestar "by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate," which is determined by "the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citation omitted). Second, although the lodestar amount is afforded "a strong presumption of . . . reasonableness[,]" a court may "enhance or decrease the amount of attorney's fees based on" the twelve factors espoused in *Johnson v. Georgia Highway Express, Inc.*[1] *See Black*, 732 F.3d at 502 (citations omitted). The party seeking attorney's fees carries the burden of demonstrating the reasonableness of the requested fee award. *Id.*

Finally, "a district court should make efforts to award fees only for successful Lanham Act claims." *Alliance*, 919 F.3d at 297. The "apportionment principle should apply even when in one lawsuit some Lanham Act claims qualify for an attorney's fee award and other Lanham Act claims do not." *Id.* (internal quotation marks and citation omitted). While a successful Lanham Act claim may be "intertwined" with an unsuccessful claim, "the impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment." *Id.* at 298 (citing *Procter & Gamble Co. v. Amway*

---

[1] *See* 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required for litigation; (2) the novelty and complexity of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorneys had to refuse other work to litigate the case; (5) the attorneys' customary fee; (6) whether the fee was fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was undesirable; (11) the type of attorney-client relationship and whether the relationship was longstanding; and (12) awards made in similar cases. *See id.*

*Corp.*, 280 F.3d 519, 527 (5th Cir. 2002) ("A court should permit recovery for work on non-Lanham Act claims only if 'the Lanham Act and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims.'").

    2.  <u>Analysis</u>

    The Court first considers the two claims that were litigated at trial: Sream's Count III false designation claim and Defendants' Counterclaim for trademark cancellation and/or abandonment. Sream does not argue that its Count III claim was exceptional; indeed, Sream concedes it was not. *See* Dkt. 191 at 2 (stating that Sream's case "on its own, was somewhat of a run of the mill, non-exceptional action, to redress merchants who was [sic] offering counterfeit products for sale out of their smoke shop"). Sream nonetheless contends this case became exceptional once Defendants filed their Counterclaim. *See* Dkt. 191 at 2, 4. Sream does not offer any authority, and the Court is not aware of any, supporting the notion that the mere filing of a counterclaim in a trademark action renders a case exceptional. Nor is the Court convinced that Defendants' Counterclaim rose to the exceptional level as a matter of law because it involved allegations of fraud and unlawful use, as Sream argues. *See Vetter*, 850 F.3d at 187 (declining to hold that cases of fraud on the USPTO are exceptional as a matter of law).

    The Court finds that Sream's Count III claim and Defendants' Counterclaim were common "run-of-the-mill" claims that did not stand out based on either the strength of the parties' respective litigating positions or in the manner in which these claims were litigated. Although litigation was contentious at times, it was not so one-sided and the parties' conduct so objectively unreasonable as to warrant an award of attorney's fees under the Lanham Act. These claims also cannot "be characterized as either frivolous or motivated by bad faith, which are two of the most common situations that will support a fee award." *See Ballero v. 727 Inc.*, 744 F. App'x 871, 873 (5th Cir.

2018) (citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). Accordingly, the claims that went to trial were not exceptional, and the parties are not entitled to attorney's fees as to those claims.

In Defendants' Motion, Defendants argue they are entitled to attorney's fees for five claims asserted by Plaintiffs that the Court dismissed with prejudice prior to trial. *See* Dkt. 189 at 10. As noted *supra*, the Court dismissed all of Roor's claims (Counts I, II, and III) and two of Sream's claims (Counts I and II) with prejudice on December 30, 2020, approximately three months before the start of trial. *See* Dkt. 145. Defendants argue that this aspect of the case was exceptional because Roor and Sream litigated these particular claims in an unreasonable manner by continuing to pursue them after they no longer had standing to do so. *See* Dkt. 189 at 8 ("The Plaintiffs' request for voluntary dismissal of five out of six of Plaintiffs' causes of action after years of litigation over the same, and the subsequent dismissal with prejudice, . . . makes this an 'exceptional case' for which Stinky's should be awarded its reasonable attorney's fees and costs."). The Court agrees. These claims, as litigated by Plaintiffs from the lawsuit's inception until August 2019, were not exceptional, as Plaintiffs had standing to bring their claims. However, Plaintiffs engaged in unreasonable litigation conduct after they assigned the Roor Trademarks to Republic Technologies in August 2019 and then continued to litigate the claims in the ensuing year without informing the Court and/or Defendants of the assignment and the resulting lack of standing. *See* Dkts. 145, 162. As the Court summarized in its December 30, 2020 Memorandum Opinion and Order,

> [B]y at least August 29, 2019, Plaintiffs knew that Roor lacked standing to proceed with any of its claims against Defendants and that Sream lacked standing to assert Counts I and II against Defendants. As noted above, Plaintiffs did not notify the Court or Defendants regarding the Assignment when it took place; failed to notify the Court and/or Defendants that they had assigned the Roor Trademarks during a hearing on October 31, 2019, on several pending motions; and did not indicate,

either through its counsel or the corporate representative, that Roor had previously assigned the Roor Trademarks and, thus, no longer held the right to assert claims regarding the Roor Trademarks, during the deposition of Plaintiffs' corporate representative on October 31, 2019.

. . .

Approximately six months later, on February 8, 2020, Plaintiffs filed a Motion to Substitute Party Plaintiff Due to Transfer of Interest (the "Motion to Substitute") (Dkt. 67). Plaintiffs failed to provide support for their Motion to Substitute, and thus, the Court denied the request. *See* Dkt. 69.

. . .

[O]n June 26, 2020—over ten months after the Assignment of the Roor Trademarks, Plaintiffs argued in their response to Defendants' Motion [to Dismiss Under Rule 12(b)(1)] that an award of attorneys' fees to Defendants was not warranted because "[Roor] ha[d] standing to bring all three claims. . . ." Dkt. 76 at 5.

*See* Dkt. 145 at 2, 12. Plaintiffs waited until September 11, 2020, to move to voluntarily dismiss all claims asserted by Roor and Counts I and II asserted by Sream without prejudice. *See* Dkt. 87. Due to Plaintiffs' litigation conduct, the Court found that dismissal with prejudice was warranted and that Defendants could seek fees, costs, and expenses in connection with these claims. *See* Dkt. 145 at 13–14; Dkt. 162 at 4–5.

In summary, the Court concludes that after the Roor Trademarks were assigned in August 2019, Plaintiffs engaged in unreasonable litigation conduct with respect to Roor's claims and Sream's Count I and II claims. This is the only aspect of the case that was exceptional as to warrant an award of attorney's fees and costs pursuant to the Lanham Act. *See* 5 *McCarthy on Trademarks & Unfair Competition* § 30:101 (5th ed.) (collecting cases awarding fees to prevailing defendants if a plaintiff "pursue[d] a claim it should have known was without merit" or engaged in "[u]nreasonable conduct during litigation"); *Cf. Raniere v. Microsoft Corp.*, Nos. 3:15-CV-0540-M & 3:15-CV-2298-M, 2016 WL 4626584, at *1, *5 (N.D. Tex. Sept. 2, 2016) (finding case exceptional where the plaintiff failed to present any credible evidence to controvert the defendant's eventually-successful defense that the plaintiff lacked standing, engaged in deliberately misleading

conduct to obscure and complicate the standing issue, and "demonstrate[d] a pattern of obfuscation and bad faith" throughout the litigation), *aff'd* 887 F.3d 1298 (Fed. Cir. 2018); *Alliance*, 919 F.3d at 296–97 (holding that the district court did not abuse its discretion in concluding that a party's litigation conduct rendered the case exceptional, where such party filed "an unsupported laches defense; a 'counterclaim without any actionable conduct'; and a meritless motion to dismiss that was rendered moot by a summary judgment motion filed two weeks later").

Accordingly, Defendants have established by a preponderance of the evidence that they are entitled to attorney's fees and costs for Roor's claims and Sream's Count I and II claims from August 20, 2019, the date of trademark assignment, until December 30, 2020, the date these claims were dismissed with prejudice. In order to determine the amount to be awarded to Defendants for this time period, the Court has reviewed the evidence Defendants submitted in support of Defendants' Motion. *See* Dkt. 189 at 4. Defendants' billing rates in this matter ranged from "$125.00 per hour for paralegals, $250.00 and above for associate attorneys, and [lead counsel's] hourly rate which began at $495.00 per hour . . . and was later reduced to $300.00 per hour [effective September 1, 2019]." *See* Dkt. 189-1 at 3. The Court finds that these rates were reasonable based on the market rate in the community for trademark actions. *See Black*, 732 F.3d at 502; *C F S Fin. Servs. Inc. v. Car Sols. of Monroe Inc.*, No. 3:20-CV-01646, 2021 WL 4310604, at *2 (W.D. La. Apr. 6, 2021) (finding that hourly rates of $400 to $420 for partners, $250 for associate and local attorneys, and $100 to $125 for paralegals were reasonable for attorney fees in trademark action). The Court further notes that Plaintiffs do not challenge the reasonableness of Defendants' requested hourly rates.

Defendants submitted monthly billing invoices for hours expended between August 20, 2019 and December 30, 2020. The monthly invoices show:

| | | |
|---|---|---|
| September 2019 | 25.25 hours | $6,000.00[2] |
| October 2019 | 68.75 hours | $19,256.25 |
| November 2019 | 5 hours | $1,387.50 |
| December 2019 | 5.25 hours | $1,575.00 |
| January 2020 | 1 hour | $225.00 |
| February 2020 | 24.50 hours | $6,512.50 |
| March 2020 | 38.25 hours | $6,302.85[3] |
| April 2020 | 26.50 hours | $6,575.00 |
| June 2020 | 9.75 hours | $1,562.50[4] |
| July 2020 | 29 hours | $7,041.25 |
| August 2020 | 11.25 hours | $2,765.00 |
| September and October 2020 | 70.25 hours | $17,977.50 |
| November 2020 | 42 hours | $3,147.20[5] |
| December 2020 | 134.50 hours | $31,175.00 |

*See* Dkt. 189-5. In addition, the following expenses are reflected in the monthly invoices:

| | |
|---|---|
| November 2019 | $774.20 |
| January 2020 | $2,466.70 |
| March 2020 | $0.30[6] |
| April 2020 | $0.50 |
| August 2020 | $49.49 |

---

[2] This monthly invoice was discounted from $7,012.50 to $6,000.00. *See* Dkt. 189-5 at 49.
[3] This monthly invoice was discounted from $10,112.50 to $6,302.85. *See* Dkt. 189-5 at 75.
[4] The Court will not consider this amount because this monthly invoice reflects a discount of $1575.50 was applied. *See* Dkt. 189-4 at 81.
[5] This amount was reduced from $8,637.50 because defense counsel applied a credit of $5,490.30 to the invoice.
[6] The Court will not consider this amount because this monthly invoice reflected a discount that accounted for this expense. *See supra* n.3.

| September and October 2020 | $12.80 |
| December 2020 | $425.50 |

*Id.*

In their monthly invoices, Defendants' counsel did not apportion their fees and expenses such that the Court can ascertain the hours that were expended in connection with the dismissed claims. Although it is possible that Defendants' counsel's work on the dismissed claims is too intertwined with the other claims in this case, the Court's review of the monthly invoices suggests that apportionment is possible. The Court has an obligation to attempt to adjust the fee award in an effort to reflect a proper and just apportionment. *See Alliance*, 919 F.3d at 297. The Court therefore orders Defendants to file a supplemental brief that shows apportionment of fees, costs, and expenses for work done between August 20, 2019 and December 30, 2020 in connection with Roor's claims and Sream's Counts I and II claims.

## III. CONCLUSION

Based on the foregoing reasons, the Court will **grant in part and deny in part** Defendants' Motion (Dkt. 189) and **deny** Plaintiffs' Motion (Dkt. 191). Defendants are ordered to file a supplemental brief on apportionment of fees, costs, and expenses no later than **December 8, 2021**. Plaintiffs may file a response to the supplemental brief, if any, within seven days of service of Defendants' supplemental brief and Defendants may file a reply, if any, within three days following the response, if any. No sur-reply is permitted without leave of Court.

**So ORDERED and SIGNED this 24th day of November, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE