IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-735-KPJ |
| STINKY'S SMOKE SHOP, LLC *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Rule 11 Sanctions ("Defendants' Sanctions Motion") (Dkt. 185). The Motion is fully briefed. Upon consideration, the Court will **grant in part and deny in part** Defendants' Sanctions Motion (Dkt. 185).

**I. BACKGROUND**

On February 19, 2021, Plaintiff Sream, Inc. ("Plaintiff") filed a Motion for Rule 11 Sanctions Pertaining to the Affirmative Defenses of Invalidity and Unclean Hands, and to the Counterclaim ("Plaintiff's Sanctions Motion"). *See* Dkt. 165. Plaintiff's Sanctions Motion requested that the Court impose sanctions against Defendants and their counsel under Rule 11 of the Federal Rules of Civil Procedure for allegedly "maintaining affirmative defenses and claims which are not warranted under existing law and which lack evidentiary support" and for "recent[] attempt[s] to extort monies from [Plaintiff] by asserting that their claim is an asset, and that they would settle and dismiss their claim for an exorbitant amount." *Id*. at 1. Plaintiff also claimed that Defendants and their counsel "are in the business of selling drug paraphernalia for the express purpose of use of marijuana . . . in violation of [the] Controlled Substances Act, 21 U.S.C. § 863." *Id*. at 6.

1

On February 26, 2021, Defendants filed a response (the "Response") to Plaintiff's Sanctions Motion, wherein they vehemently denied Plaintiff's assertions regarding the merits of their counterclaim. *See* Dkt. 168. Defendants further argued that Plaintiff's Sanctions Motion was "yet another attempt [by Plaintiff] to drive up litigation costs and harass, extort, and intimidate a small-family business as they have done with hundreds of others throughout the United States." *Id*. at 2. Defendants concluded their Response by asking the Court to deny Plaintiff's Sanctions Motion and "instead impose sanctions on Plaintiff[] and Plaintiff['s] counsel, and award Defendants relief in the form of all costs and fees incurred in the defense and prosecution of the instant matter." *Id*. at 12.

The Court held a bench trial in this matter on March 8 and 9, 2021. *See* Dkts. 179, 180. On the morning of the second day of trial, Plaintiff sought to withdraw Plaintiff's Sanctions Motion. *See* Dkt. 181; Dkt. 184 at 5. The Court granted Plaintiff's request for withdrawal. *See* Dkt. 181. Following the withdrawal, counsel for Defendants made the following argument to the Court at the end of trial:

> Mr Hunnicutt: I understand that [Plaintiff's] counsel withdrew their Rule 11 sanctions motion today?
>
> The Court: Yes.
>
> Mr. Hunnicutt: Which was wise, but the damage has already been done. They filed several motions for sanctions. In this last one they accuse [Defendants], me and my law firm of being coconspirators in a criminal enterprise. And now since they know there's no basis of law and fact for that, they dropped their motion. But the harm has been done. It's out there in the public domain where anybody can see. Rule 11 gives you the right to sanction someone who files such a motion. And we would ask the Court to do the following: Pay a sanction in the court, pay my client's attorney's fees, and have Mr. Ticktin file in the record of this court an apology, stating there was no basis in law and fact to those allegations. And I think as he said -- his words, "The public needs the Court to be strong and send a message to all lawyers who appear before this Court." So I'm asking you to consider that, Judge.

> The Court: If you want to file that motion within the four-week time period, you can do that.

Dkt. 184 at 107–08. The Court thereafter entered an order setting a deadline for Defendants to file "the motion described by Defendants related to allegedly damaging conduct by Plaintiff[]." *See* Dkt. 181.

On March 26, 2021, Defendants filed the Sanctions Motion that is presently before the Court. *See* Dkt. 185. In their Motion, Defendants assert that Plaintiff's Sanctions Motion was a frivolous filing, that it included baseless accusations against Defendants and their counsel, and that it was yet another example of Plaintiff's "flagrant abuse of the judicial process." *Id*. at 11. Defendants argue they are entitled to "reasonable expenses incurred for [responding to] the motion (including attorneys' fees)" pursuant to Rule 11(c)(2). *Id*. at 8. In addition, Defendants seek "relief in the form of all costs and fees incurred in the defense and prosecution of the instant matter, and issu[ance of] a public apology filed with the Court and on public record stating that Defendants nor their counsel are engaged or have ever engaged in any sort of active criminal enterprise." *Id*. at 17.

Plaintiff filed a response in opposition to Defendants' Sanctions Motion (Dkt. 193), and Defendants filed a reply (Dkt. 196).

## II. ANALYSIS

Rule 11(b) of the Federal Rules of Civil Procedure provides that by signing and filing a pleading, an attorney:

> certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

>    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discover; and
>
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in district court . . . ." *Cooter & Gell v. Hartmarx Corp. et al.*, 496 U.S. 384, 393 (1990). The Fifth Circuit has indicated that "filing excessive motions could constitute harassment proscribed by Rule 11, even if the motions were well-founded in law or fact. Filing otherwise legitimate documents that use abusive language toward opposing counsel could also violate the rule, as could filing a valid pleading or motion without a sincere intent to pursue it." *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 805 (5th Cir. 2003) (internal citations omitted).

>    In its commentary, the Advisory Committee further warns against the misuse of Rule 11:
>
>    Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable, to increase the costs of litigation, to create a conflict of interest between attorney and client, or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.

*See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. The Advisory Committee stresses that "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." *See id*.

4

Rule 11(c)(2) provides the Court with discretion to award reasonable expenses, including attorney's fees, to the prevailing party on a sanctions motion. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[T]he court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion."). Importantly,

> [a]n award of reasonable expenses under Rule 11(c)(2) is not a sanction for violating Rule 11(b). A court is therefore not required, in considering a request for reasonable expenses pursuant to Rule 11(c)(2), to apply the substantive requirements of Rule 11(c)(4)-(6). Instead, the court applies the requirements of Rule 11(c)(2) itself, which provides that the award of expenses to the prevailing party must be "warranted" and "reasonable."

*Shippitsa Ltd. v. Slack*, No. 3:18-CV-1036-D, 2019 WL 277613, at *10 (N.D. Tex. Jan. 22, 2019) (citations omitted).

Here, Defendants argue they are entitled to reasonable expenses pursuant to Rule 11(c)(2) because Plaintiff's Sanctions Motion lacked merit and was filed solely to drive up litigation costs and harass Defendants and their counsel. The Court agrees that an award of reasonable expenses is warranted. Because Plaintiff's Sanctions Motion was withdrawn, the Court did not have an opportunity to rule on the merits of the motion. But if it had, the Court would have denied Plaintiff's Sanctions Motion because it lacked merit, reiterated arguments made in prior motions, and included "abusive language toward opposing counsel." *See Whitehead*, 332 F.3d at 805; *see Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (finding expenses were warranted when a Rule 11 motion was "frivolous," "devoid of any good-faith arguments," and "impugn[ed] the character and actions of [opposing] counsel"). Plaintiff's Sanctions Motion "placed an onerous burden on [Defendants] at a time when the intensity of the

5

litigation was at its peak. The baselessness, onerousness, and inconvenience raise the inference of improper motive." *See Adhikari v. Daoud & Partners*, 2017 WL 5904782, at *9 (S.D. Tex. Nov. 30, 2017). Further, Defendants should not have to bear the expense of responding to a sanctions motion that should never have been filed, and that was ultimately withdrawn.

The Court will therefore grant Defendants' Sanctions Motion (Dkt. 185) to the extent it seeks the attorney's fees and costs that Defendants incurred in filing their Response (Dkt. 168) to Plaintiff's Sanctions Motion. The Court will not award expenses in connection with Defendants' Sanctions Motion (Dkt. 185) to the extent the Response (Dkt. 168) and Defendants' Sanctions Motion (Dkt. 185) "requested relief in the form of costs and fees . . . [on] the very same grounds." *See* Dkt. 196 at 5. As Defendants themselves acknowledge, "[t]he grounds as well as relief requested are therefore identical, and in fact, substantially all of the Defendants' Motion for Sanctions was previously argued in response to Plaintiffs' sanctions motion." *Id*. All other relief requested by Defendants under Rule 11(c)(2) is denied.

### III. CONCLUSION

Based on the foregoing reasons, Defendants' Sanctions Motion (Dkt. 185) is **GRANTED IN PART AND DENIED IN PART**. Defendants are directed to file a supplemental brief setting forth the amount of fees and costs incurred in filing the Response (Dkt. 168) no later than **December 8, 2021**. Plaintiff may file a response to the supplemental brief, if any, within seven days of service of Defendants' supplemental brief and Defendants may file a reply, if any, within three days following the response, if any. No sur-reply is permitted without leave of Court.

So ORDERED and SIGNED this 24th day of November, 2021.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE