## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

Case Number:  4:18-cv-735

SREAM, INC.,

     Plaintiff,

v.

STINKY'S SMOKE SHOP, LLC and
ANDREW WHITELEY,

     Defendants/Counterclaimants,

v.

ROOR INTERNATIONAL, INC.,

     Counter Defendant.

_____/

### SREAM'S OBJECTION TO THE MAGISTRATE JUDGE'S
### MEMORANDUM OPINION AND ORDER
### ON DEFENDANTS' MOTION FOR SANCTIONS

The Plaintiff, Sream, Inc. ("Sream"), file its Objection to the Magistrate Judge's Memorandum and Opinion Order regarding the Defendants' Motion for Sanctions pursuant to Rule 11 [D.E. 211], and states as follows:

Although the Magistrate Judge's Memorandum and Opinion Order seems to apply to both Sream and RooR International, Inc. at all relevant times, RooR International, Inc. had been permitted to file its dismissal and was no longer in the case.  Therefore, the Objections are only being presented by Sream.

The Defendants, STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY (collectively "Stinkys"), employed a litigation strategy intended not to defend the case in good

faith, but rather to gain a windfall for their own improper conduct.

It was Stinkys who purchased, displayed, and sold counterfeit products which violated the trademarks at issue in this case. Yet, Stinkys' Affirmative Defenses and Counterclaims were riddled with baseless accusations against Sream and RooR which not only lacked any evidentiary support, but which were a vehicle which was used by Stinkys to attempt to extort $500,000.00 from Sream, in which Stinkys advised that it had $150,000 in attorneys' fees and had something to sell. In this regard, please see the letter dated December 15, 2021, which is attached hereto and marked as Exhibit "A."

Without any evidence, Stinkys accused Sream and RooR of having committed fraud on the USPTO, abandoning its trademarks, and of violating the Controlled Substances Act. Because those claims were unfounded, and filed in bad faith, Sream filed its Motion for Sanctions pursuant to Rule 11. [D.E. 165].

However, at the time of trial, Stinkys sought to join its Motion for Sanctions to the trial of the main case. The Magistrate Judge who was trying the case advised that her Honor was probably going to join them, and that all of the otherwise inadmissible evidence which was not listed in Stinkys' Exhibit List would be admissible. This fundamentally would have expanded the scope of the evidence to be admitted at trial, simply attempting to throw a "kitchen sink approach" to the trial, by adding irrelevant evidence which was not listed in any of its pre-trial disclosures. This evidence, allegedly taken from Sream's website and Instagram account, accused Sream of criminal wrongdoings and misrepresentations to the Court, but was not related to any of its Affirmative Defenses or Counterclaims, and intended only to cast negative aspersions on Sream and was to be used to falsely show that Sream was in the business of manufacturing, distributing, and selling illegal paraphernalia.

**THE TICKTIN LAW GROUP**
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

Sream was thus faced with a choice. Either proceed to trial on the merits of the case and withdraw its Motion for Sanctions, or stand by its Motion which would have created an entire additional burden on the litigation by having to conduct a mini-trial within the trial to address evidence and arguments which were not related to the case in chief, but only presented to sway the Court in favor of Stinkys by attacking Sream. Sream made the correct choice to drop its own claim so that the case could proceed on its merits.

Now, the Magistrate Judge found that Sream should be punished for that choice by granting Rule 11 sanctions against Sream. The Magistrate Judge found that Sream's Motion for Sanctions would have been denied because "it lacked merit, reiterated arguments made in prior motions, and included 'abusive language towards opposing counsel'." (Opinion at Pg. 5). However, this finding is contrary to the findings related to Stinkys Counterclaims which the Magistrate Judge denied [D.E. 209]. Moreover, that finding was with an absence of any opportunity to be heard on those issues.

The Magistrate Judge determined that Stinkys was not entitled to relief on its claims. The trademarks at issue have not been abandoned, and they were not primarily intended for the use of marijuana. [Opinion at Pg. 21]. These were the very claims which Stinkys claimed that Sream had falsely stated to the Court.

Furthermore, the Magistrate Judge also found that there were no false representations or intent to deceive the USPTO by Sream. [Opinion at Pg. 22]. This again was what Stinkys claimed was its basis to cancel the trademarks.

Although the Magistrate Judge found that the Counterclaims should be denied, it still found that Stinkys' Rule 11 Motion, based on an allegation that Sream's Rule 11 Motion lacked merit and was improper, should be granted. Yet, Sream's Rule 11 Motion, that Stinkys' claims lacked

3

merit, is in fact supported by the Magistrate Judge's denial of all relief sought by Stinkys. As such, the Magistrate Judge's ruling that Stinkys' Rule 11 Motion should be granted is erroneous and should be overruled by this Court.

### Conclusion

Based on the foregoing arguments, the Court should overrule the Magistrate Judge and deny the Motion for Sanctions, award the Plaintiffs their attorneys' fees, and award any and all other relief the Court may deem just and proper.

Dated: December 8, 2021

 /s/ *Peter Ticktin*_____
Peter Ticktin, Esquire
Florida Bar No. 887953
Jamie Alan Sasson, Esquire
Florida Bar No. 100802
**THE TICKTIN LAW GROUP**
270 SW Natura Ave
Deerfield Beach, Florida 33441

**Elahi Law & Mediation Firm, PLLC**

_____

Shayan Elahi
13601 Preston Road, Ste.  770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this December 8, 2021, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Peter Ticktin*
Peter Ticktin

## SERVICE LIST

J.  Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C.  Baker
James@Hunnicuttlaw.com
Kevin E.  Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants/Counterclaimants*

# THE HUNNICUTT LAW FIRM

Preston Trail Atrium | | 17330 Preston Road, Suite 100A | | Dallas, Texas 75252
Telephone: (214) 361-6740 | | Facsimile (214) 691-5099

*J. Stephen Hunnicutt*
*Attorney and Mediator*

December 15, 2020

*Via Email*
jsasson@legalbrains.com
cpalacios@legalbrains.com
pt@legalbrains.com
Jamie Sasson
Chezare Palacios
Peter Tiktin
The Ticktin Law Group
270 SW Natura Avenue
Deerfield Beach, FL 33441

*Via Email*

dallasfortattorney@gmail.com
Shayan Elahi, Esquire
P.O. Box 630827
Irving, TX 630827

Re:    RooR v. Stinky's Smoke Shop – Settlement Offer

Dear Counsel:

It is time for your client to come to the table to get this matter resolved.

We have reviewed the Asset Purchase Agreement (APA) provided to us on December 10, 2020. As you are fully aware, there are numerous false representations made by RooR and Martin Birzle in the APA, in the pleadings, and in the motions on file in this litigation. Specifically, these include but are not limited to the following:

> No person or entity is infringing, misappropriating, diluting or otherwise violating any Purchased Assets; and (iv) Seller Parties have not made or asserted any charge, complaint, claim, demand or notice during the past five (5) years (or earlier, if presently not resolved) alleging any such infringement, misappropriation, dilution, or violation of any Purchased Assets by any person or entity. (Section 3.04) (d)(iii) (iv)).

> Seller Parties have not received any communication from any person, entity of Governmental Authority that alleges that any Purchased Assets that are not in compliance with any laws. (Section 3.05)

> There is no claim, action, suit, proceeding or governmental investigation ("Action") of any nature pending, or to Seller Parties knowledge, threatened against or by any Seller Party: (a) relating to or affecting the Purchased Assets. (Section 3.06)

Obviously at the time of execution of the APA, RooR and Birzle, and your firm, were well aware of this litigation as well as other cases pending throughout the United States. RooR cannot on the one hand allege that my client is infringing upon any trademarks of RooR and at the same time allege that no such infringement has occurred. Further, as you are also well aware, our counterclaims seek to invalidate the alleged trademarks of RooR.

Further, it is very unlikely the Court will allow you to designate your expert. Further, if the Court does allow the designation, the expert will not survive our Daubert challenge and will therefore not testify.

Further, the Court has denied your motion to dismiss our counterclaims. At trial, RooR and Sream will be the defendants with no viable defenses or claims.

Section 1.03 of the APA also clearly states that Buyer is not assuming any liabilities of any of the Seller Parties of whatever nature, which would include the liabilities of this lawsuit.

At trial, the best possible day for RooR is a very low amount of damages such as ordered in the case _RooR Int'l BV v. Texas Tobacco 3_ ($15,000 in damages and $1,000 in attorney fees), which you know, was quickly withdrawn, with your Motion for Default Judgment denied. What is more likely to occur since we will now be seen as the prevailing party as RooR's claims are gone and Sream's soon will be gone, is that my client will be awarded all of his attorney's fees and costs plus RooR's trademarks will be invalidated. Once it is invalidated, Republic will likely demand the $4 million euro payment to be returned. Further, neither RooR, Republic, nor your law firm will be able to generate income from the hundreds of lawsuits currently pending across the United States alleging trademark infringement.

My client's attorney's fees are currently $150,000 in this litigation. We also have an asset to sell. That asset is for us to dismiss our counterclaims with prejudice which would allow you to continue the other litigation you have pending and the other cases in which you may be anticipating filing and will allow Birzle to keep the payment he has received from Republic. That asset is for sell for $500,000 plus the $150,000 in attorney fees and dismissal with prejudice for any and all claims which have been or could have been filed by RooR, Sream, Birzle and any and all predecessors, successors and assigns.

This offer is open until I make my next court appearance in this case either in person or otherwise or 5:00 p.m. December 21, 2020, whichever is earlier, at which time it will be withdrawn as we will continue to incur attorney fees.

Sincerely,

J. Stephen Hunnicutt
JSH/pm