

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV AND SREAM, INC. | § § § § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-735 |
| | § | |
| STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY | § § § | |
| Defendants | § | |

**DEFENDANTS' SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE COURT'S MEMORANDUM OPINION AND ORDER**

The Court's Memorandum Opinion and Order of November 24, 2021, regarding Defendants' request for attorney's fees, requested additional briefing to segregate the attorney's fees between the Plaintiff's five causes of action that were dismissed with prejudice on December 30, 2020, and the one remaining cause of action that was dismissed after trial. The information requested is set forth below.

The hourly rate for lead counsel was lowered from $495 per hour to $300 per hour effective September 1, 2019. This change was made due to the unreasonable way in which Plaintiffs, more importantly Plaintiffs' counsel, conducted litigation including the filing of two Motions for Sanctions. The Courts Memorandum Opinion and Order noted that reasonable rates include $420 per hour for similar type work in this locality. Based upon the number of years of experience of lead counsel and for this particular case $495 would be reasonable. At $495 and for the hours billed by lead counsel of 108 hours during the timeframe September 1, 2019 through December 30, 2020

at $300 per hour is $32,400. At $495 per hour it would have been $53,460. At counsel's regular rate during that time frame of $600 per hour it would have been $64,800.

Further as the Court noted, the invoices were discounted by various amounts for a total of $10,312.45. This was done as a courtesy to Stinky's and Mr. Whiteley as the litigation was becoming expensive due to the conduct of Plaintiffs' counsel. Adding the discounts back in would add a total of $10,312.45.

It is nearly impossible to segregate the fees due the Plaintiffs' unreasonable litigation strategy. However, in best efforts to do so, the undersigned counsel has approached this task in several ways.

First, during the relevant time period the Plaintiffs had six causes of action. Ultimately, five of those were dismissed with prejudice on December 30, 2020. By dividing the total fees charged during that time period of $111,502.55 by six, each cause of action would have been $18,583.75. Multiplying that amount by five for the five dismissed counts would be $92,918.79. By adding in 5/6 of the discounted fees as shown in the Court's Order would increase the total fees by $8,593.70.

Counsel should not be penalized for lowering his rate to assist his client in this matter. By lowering the rate to $300 per hour during a time in which he was typically charging $600 per hour, or more, means that for every hour worked on this matter he was losing $300. See Johnson v. Georgia Highway Express, Inc., 488 F2d 714, 718 (5th Cir. 1974)

Plaintiffs and Plaintiff's counsel have hundreds of similar cases, many in this district. The results of this case, including the award of attorney's fees may have a chilling effect to reduce or eliminate continued frivolous litigation by the Plaintiffs and their counsel.

Much time has already been reduced or discounted. For example, the hearing on December 8, 2020, was attended and assisted by two young lawyers, Christian Johnson and Kaedan Watts, at no charge. Christian Johnson also assisted and attended the deposition of Mr. Whiteley at no charge. The total billed time of lead counsel is not reflective of all the time and effort on behalf of Stinkey's and Mr. Whiteley. The Court will note there are numerous entries where employees of the firm had conversations and communications with lead counsel but lead counsel did not bill that time.

As noted in the Court's Memorandum Opinion and Order, the lodestar method is a calculation determined "by multiplying the number of hours an attorney reasonably spent on the case by an **appropriate hourly rate**", which is determined by "the market rate in the community for this work". *Black v. Settlepou, PC,* 732 F3d 492,502 (5th Cir. 2013) *(emphasis added).* The Court also notes that the lodestar amount is afforded "A strong presumption of…reasonableness," a court may "**enhance** or decrease the amount of the attorney fees based on" the twelve factors espoused in Johnson v. Georgia Highway Express, Inc., 488 F2d 714, 717-19 (5th Cir. 1974) *(emphasis added).*

Secondly, Defendants will touch upon the Johnson factors:

1.  The time and labor required for litigation:

    Counsel and employees of the firm kept detailed time records of time spent on this case. The amount of time and effort was obviously greatly increased by the fact Plaintiffs maintained five causes of action for which they did not have standing. This effected not only the amount of work and response to claims, but also the research, strategy, and discovery involved in the defense of this matter.

2.  The novelty and complexity of the issues:

    Again, Plaintiffs maintained causes of action for which they did not have standing. If not for that, only one cause of action by Plaintiffs would have proceeded toward trial and even that one was certainly questionable.

3. The skill required to properly litigate the issues:

The undersigned counsel is an experienced trial lawyer with experience in courtrooms from San Diego to New York City. The strategy involved in preparing for a trial in Federal Court, particularly one such as this one, only comes about with experience and skill.

4. Whether the attorneys had to refuse other work to litigate the case:

As the time records show, a significant amount of time was spent on this case. A small firm can only take on a certain amount of work at any one time. In order to properly represent Mr. Whiteley and Stinky's lead counsel had to be careful to have the case properly staffed and not pull away for other matters even though billable rates would have been higher on other matters. Additionally, the inordinate amount of time as a direct result of the Plaintiffs' actions caused Counsel to discount his rate as well as no-bill time so as not to unfairly pass Plaintiffs' actions onto his clients. Counsel could have taken on additional matters, not had to reduce his rate in this case, and would be able to charge his normal rate on the additional matters.

5. The attorney's customary fee:

As set forth above counsel's rate during the relevant time period addressed by the Court was $600 per hour. In the beginning of this case, counsel charged $495 per hour, but lowered that rate to $300 per hour effective September 1, 2019, as an accommodation to Mr. Whiteley and Stinky's. Due to the Plaintiffs unreasonable litigation position, particularly litigating five causes of action for which they did not have standing, the cost of litigation was becoming burdensome for the Defendants.

6. Whether the fee was fixed or contingent:

As the fee agreement provided to the Court reflects the hourly fees were reduced as set forth above and also added a contingent aspect to them based upon a percentage of any recovery obtained for the Defendants. And as such, Counsel has not requested any time or expense incurred in pursuit of the counterclaims.

7. Whether the client or case circumstances impose any time constraints:

All litigation comes with time constraints. Litigation in Federal Court has significant additional pressure, more so than State Court litigation. Covid did not help in that the parties would prepare for hearings or trial and be postponed because of the Covid pandemic. Further, because of the five causes of action at issue additional time had to be budgeted in order to meet all deadlines.

8. The amount involved and the results obtained:

The results were that all six causes of action of the Plaintiffs were dismissed with prejudice. The Defendants were 100% successful on all claims for which they seek fees.

9. The experience, reputation, and ability of the attorneys:

The Plaintiffs' attorneys have litigated more than 600 similar matters across the country. The Defendants' counsel was litigating in this one case on these issues at that time. Defendants' counsel had to get up to speed and be concise with arguments. The undersigned lead counsel for Defendants has tried numerous cases throughout the country and has been referred cases by lawyers not only in Texas but other states.

10. Whether the case was undesirable:

Though this case in-and-of-itself was not undesirable, Counsel did have to respond to unfounded allegations that he was involved in as criminal conspiracy, which is now of public record.

11. The type of attorney-client relationship and whether the relationship was longstanding:

This was the first time to represent Mr. Whiteley and Stinky's and may be the only time unless there is additional litigation involved for the clients at a future date. However, the undersigned counsel developed a friendship with Mr. Whiteley and a respect for him for standing up not only for himself, but as he put it throughout the case "the little guy" who could not afford to stand up to Roor, Sream and their counsel.

12. Awards made in similar cases:

Counsel has been lead counsel in a number of federal cases throughout his career. The amount of attorneys' fees sought in this case are very low compared to other federal cases of this magnitude given the extensive motions practice and amounts sought.

The spreadsheet attached hereto as Exhibit 1 contains the same information as the previously filed billing records but in an easier to read format. The portions that are highlighted in yellow have been segregated and subtracted from the original total of $111,502.55 bringing the amount to $79,631.80. This amount should be enhanced for the reasons presented in this Brief.

WHEREFORE, Premises Considered, the Defendants, Stinky's Smoke Shop and Andrew Whiteley, present this brief and request the Court order all appropriate and reasonable attorney's

fees and costs incurred in this matter between September 1, 2019 and December 30, 2020, and such other time periods as the Court may determine is appropriate, and for such other and further relief, at law and in equity to which they may be justly entitled.

Dated December 8, 2021

Respectfully submitted,

THE HUNNICUTT LAW FIRM

J. Stephen Hunnicutt
Lead Attorney
State Bar No. 10279510
Steve@HunnicuttLaw.com
Admin@HunnicuttLaw.com
Tim Robinson
Texas State Bar No. 24064040
Illinois State Bar No. 6324565
Tim@HunnicuttLaw.com
Phone: (214) 361-6740
Facsimile: (214) 691-5099
17330 Preston Rd, Suite 100-A
Dallas, Texas 75252
**ATTORNEYS FOR DEFENDANTS
STINKY'S SMOKE SHOP, LLC AND
ANDREW WHITELEY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was sent to the following through email on December 8, 2021.

Peter Ticktin
(Florida Bar # 887935) admitted pro hac vice
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
Chezare Palacios
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441
jsasson@legalbrains.com
Cpalacios@legalbrains.com

Elahi Law & Mediation Firm, PLLC
Shayan Elahi
13601 Preston Road, Ste. 770E Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

J. Stephen Hunnicutt