# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

Case Number:  4:18-cv-735

SREAM, INC.,

    Plaintiff,

v.

STINKY'S SMOKE SHOP, LLC
and ANDREW WHITELEY

    Defendants/Counterclaimants,

v.

ROOR INTERNATIONAL, INC.,

    Counter/Defendant.

_____/

**SREAM AND ROOR INTERNATIONAL BV'S
MOTION FOR RECONSIDERATION REGARDING
DEFENDANTS' ATTORNEYS' FEES AWARDED PURSUANT TO
<u>THIS COURT'S MEMORANDUM OPINION AND ORDER (DKT. 210)</u>**

On November 24, 2021, this Court filed its Memorandum Opinion and Order which found

that the Defendant was entitled to attorneys' fees due to the fact that the Plaintiffs did not advise

the Court of a transfer of the trademark of August 20, 2019 through December 30, 2020, the date

that the claims were dismissed with prejudice.

On December 8, 2021, the Plaintiffs, Sream Inc. ("Sream") and Roor International BV

("Roor"), filed "Objection to the Magistrate Judge's Memorandum Opinion and Order on Defendants'

Motion for Sanctions" (Dkt. 214).  It is now apparent, as this Court has found in its Order of

December 12, 2022 (Dkt. 227), that the Objections were not appropriate, as no such review was

provided under the rules.

As a result, the Plaintiffs ask this Court to treat the Objections, which are restated herein with an additional argument, as the Order finding for an entitlement of attorneys' fees is not final "until the fees have been reduced to a sum certain."  Please see *United States v. Lipar*, 665 Fed.Appx 322 (5th Cir. 2016).

**No Evidentiary Support**
**To Counterclaim Irrefutably**
**Requires Finding Counterclaim**
**Was frivolous.**

The Defendants, STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY (Collectively "Stinky's"), employed a litigation strategy intended not to defend the case in good faith, but rather to gain a windfall for their own improper conduct.

It was Stinky's who purchased, displayed, and sold products which violated the Plaintiff's trademarks at issue in this case.  Yet, their Affirmative Defenses and Counterclaim were riddled with baseless accusations against Sream which were frivolous, as there was no evidentiary support. This Court specifically found that there was no evidence to support the claim that the trademark application was fraudulently obtained.  This is the definition of "frivolous."  Zero evidence means that there is no basis in fact or law for the Counterclaim.

Moreover, it was the extreme relief which was sought which made the case exceptional

Without any evidence, Stinky's accused Sream of having committed fraud on the USPTO, abandoning its trademarks, and of violating the Controlled Substances Act.  Because those claims were unfounded, it is axiomatic that they were filed in bad faith, Sream filed its Motion for Sanctions pursuant to Rule 11. [D.E. 165].

However, at the time of trial, Stinky's sought to further its improper litigation goals.  It

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

sought to expand the scope of the evidence to be admitted at trial, simply attempting to throw a

"kitchen sink approach" to the trial, by adding irrelevant evidence which was not listed in any of

its pre-trial disclosures. This evidence, allegedly taken from Sream's website and Instagram

account, accused Sream of criminal wrongdoings and misrepresentations to the Court, but was not

related to any of its Affirmative Defenses or Counterclaim, and was intended only to cast negative

aspersions on Sream.

Sream was thus faced with a choice.  Either proceed to trial on the merits of the case and

withdraw its Motion for Sanctions or stand by its Motion which would have created an entire

additional burden on the litigation by having to conduct a mini-trial within the trial to address

evidence and arguments which were not related to the case in chief, but only presented to sway the

Court in favor of Stinky's by attacking Sream.  Sream made the correct choice to drop its own

claim so that the case could proceed on its merits.

Notwithstanding the bad faith Counterclaim and the need for the Plaintiffs to drop their

Rule 11 Motion, this Court found that Sream should be punished for that choice by granting Rule

11 sanctions against Sream.  This Court (Opinion at Pg. 5), found that Sream's Motion for

Sanctions would have been denied because "it lacked merit, reiterated arguments made in prior

motions, and included 'abusive language towards opposing counsel'."  However, this finding is

contrary to the findings related to Stinky's Counterclaim which this Court dismissed. [D.E. 209].

The Magistrate Judge determined that Stinky's was not entitled to relief on its claims.  The

trademarks at issue have not been abandoned, and they were not primarily intended for the use of

marijuana. [Opinion at 21].  These were the very claims about which Stinky's alleged that Sream

had lied to the Court.

Furthermore, this Court also found that there were no false representations or intent to

3

deceive the USPTO by Sream.  [Opinion at Pg. 22].  This again was what Stinkys claimed was its basis to cancel the trademarks.

Although this Court found that the Counterclaim was baseless (without evidence), and should be denied, it still found that Stinkys' Rule 11 Motion, based on an allegation that Sream's Rule 11 Motion lacked merit and was improper, should be granted.  Yet, Sream's Rule 11 Motion, that Stinky's claims lacked merit, is in fact supported by the Magistrate Judge's denial of all relief sought by Stinky's.  As such, the Magistrate Judge's ruling that Stinkys' Rule 11 Motion should be granted is erroneous and should be overruled by the Court.

**No Apportionment**

This Court recognized that the only way that the Defendants would be able to receive an award of attorneys' fees and costs was for the Defendants to apportion the time which was applied to RooR International Inc.'s claim, as Stinky's was not entitled to its time which was spent defending against the claims of Sream.

The only fees to which Stinky's would be entitled would have been those which were not inextricably intertwined with the fees which would have been incurred even if the Plaintiffs would have previously withdrawn the claims of RooR International, Inc.

That is why this Court gave Stinky's 's a second opportunity to apportion the amount of fees which were actually incurred by the Defendants due to the fact that RooR International, Inc. did not withdraw its claim.

Nevertheless, even after being given a second opportunity to apportion their attorneys' fees and costs, Stinky's failed to comply with the request of this Court.  As such, it should be denied any right to any attorneys' fees, as it was either unwilling to obey the order of this Court or it was unable.  In either event, there is no apportionment, and therefore, there should be no fees awarded

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

to either of the Defendants.

## Conclusion

Based on the foregoing arguments, the Court should overrule Reconsider its award of attorneys' fees based on the Motion for Sanctions and grant such other and further relief as this Court may deem just and proper.

Dated: December 27, 2022

 /s/ *Peter Ticktin* _____
Peter Ticktin, Esquire
Florida Bar No. 887953
Jamie Alan Sasson, Esquire
Florida Bar #100802
**THE TICKTIN LAW GROUP**
270 SW Natura Ave
Deerfield Beach, Florida 33441

**Elahi Law & Mediation Firm, PLLC**

_____
Shayan Elahi
13601 Preston Road, Ste.  770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed December 27, 2022, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ *Peter Ticktin*
Peter Ticktin

## SERVICE LIST

J.  Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C.  Baker
James@Hunnicuttlaw.com
Kevin E.  Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants/Counterclaimants*

6