**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

Case Number:  4:18-cv-735


SREAM, INC.,

      Plaintiff,

v.

STINKY'S SMOKE SHOP, LLC
and ANDREW WHITELEY

      Defendants/Counterclaimants,

v.

ROOR INTERNATIONAL, INC.,

      Counter/Defendant.

_____/


**SREAM AND ROOR INTERNATIONAL BV'S MOTION THAT
PREVIOUSLY FILED LIMITED OBJECTION TO
MAGISTRATE'S FINDINGS OF FACT AND CONCLUSIONS OF LAW (DKT. 215)
AND OBJECTIONS TO MAGISTRATE' MEMORANDUM OPINION AND ORDER ON
MOTION FOR ATTORNEYS' FEES (DKT. 212)
<u>BE CONSIDERED TO BE A MOTION PURSUANT TO RULE 59(e)</u>**

The Plaintiffs, Sream Inc. ("Sream") and Roor International BV ("Roor"), filed a Limited

Objection to the Findings of Fact and Conclusions of Law on December 8, 2021 (Dkt. 215)

(hereinafter the "Confusion Objection") and their "Objection to Magistrate's Memorandum

Opinion and Order on Motions for Attorney's Fees" (hereinafter the "Fee Objection") and it is

now apparent, as this Court has found in its Order of December 12, 2022, that the Objection was

not appropriate, as no such review was provided under the rules.  As a result, this Court should

treat the Objection as a Motion pursuant to Rule 59(e) to Alter or Amend a Judgment, and state as

follows:

In regard to the Confusion Objection, a Final Judgment was entered by this Court on March 31, 2022 (Dkt. 222) the Objection, which was filed on December 8, 2021, was almost 4 months early.  In regard to the Fee Objection, the denial of the right to Attorneys' Fees was final.

In any event, whether the Objection was early or filed after the Final Judgment, they were each filed "no later than" 28 days following the filing of the Final Judgment.  Therefore, they should each be considered to be a wrongly labeled Motion to Alter or Amend the Final Judgment pursuant to Rule 59(e).  The fact that it is early should not preclude its consideration.  This is made clear in the Comments which followed the Rule in Notes of Advisory Committee on Rules—1995 Amendment.  It reads in part:

> The phrase "no later than" is used—rather than "within"—to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk.

The Plaintiffs agree with the findings and conclusions reached by the Magistrate Judge denying the Defendants' Counterclaim.

**Re: Confusion Objection**
**The Digits of Confusion**
**Favor a Finding for the**
**Plaintiffs.**

The majority of the digits of confusion did not favor the Defendants, and the Defendants should be found to be liable for offering goods with counterfeit copies of the Plaintiff's trademark on them.

The Defendants purchased, displayed, and sold products which bore the counterfeit trademark owned by the Plaintiffs.  That is undisputed, and this Court correctly found as such. [Opinion at Pg. 15, ¶ 4].

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (954) 570-6757

This Court is incorrect in finding that five of the digits of confusion favored a finding of no likelihood of confusion, and that an additional three factors also went against finding a likelihood of confusion.

No one factor is dispositive, and a finding of a likelihood of confusion does not even require a positive finding on a majority of these digits of confusion. *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679 (S.D. Tex. 2009).

This Court was correct that the first two digits, the strength of the mark and the similarity of trademarks as used in the products, both weigh in favor of the Plaintiffs.

The third digit, the similarity in product and services, was found to be neutral.  That finding was based on the differences in the amount of chambers contained in each product.  Where that finding is not correct, in that such a small detail is not controlling for the required analysis.  The case of *Gorgeous Gals, LLC. v. Hey Gorgeous! Spa & Wellness LLC.,* 2017 U.S. Dist. LEXIS 182401 (W.D. Tex. 2017), is instructive.  There, the services at issue were facial treatments using the same ingredients, and both being performed by estheticians. *Id.*  Because the services were similar, and the ultimate provider identical, the court found that those similarities favored a finding of likelihood of confusion.  *Id.*

That reasoning applies to the case at hand.  Here, the Defendants' products were waterpipes, just as the Plaintiffs manufacture.  Also, the intended use was the same, to wit, for an end user to use the waterpipe to inhale substances.  Because the actual product and its use was identical in the instant case, just as in *Gorgeous Gals, LLC., supra*, the third digit here should have been found to favor a finding of likelihood of confusion, rather than being neutral.

This Court found the fourth digit, the identity of the retail outlets and purchasers, to favor the Defendants.  That finding was done in part on reliance on the case of *Tesoros Trading Co. v.*

3

*Tesoros Misticos, Inc.*, 10 F. Supp. 3d 701, 714-15 (N.D. Tex. 2014).  Specifically, this Court cited the case for the proposition that because one store had sold products across the United States, while the other one was only located in Austin, Texas, there was no likelihood of confusion.  *Id.*

However, the *Tesoros, supra*, case actually found that the fourth digit in that case favored a finding of likelihood of confusion, primarily due to the overlap in the actual products sold by the two companies, and the strong national presence of the trademark holder. *Id.* at 715.   The court specifically found that even though the plaintiff in that case served a broader "array of individuals", the overlap in the goods provided was controlling. *Id.*

As such, just as the *Tesoro, supra,* court did, this Court should find a likelihood of confusion exists in the case at hand.

The fifth digit of confusion addresses the advertising media used by the parties.  In the case at hand, the Defendants argued that because they do not attend tradeshows, advertise in magazines or at large expos, that the advertising media is different.  [D.E. 188, Pg. 34 at ¶90].  This Court interpreted that to mean that the parties here use different advertising strategies and efforts, as such finding the digit to weigh in favor of the Defendants.

Yet, both parties here advertise through social media, having websites, Facebook and Instagram accounts.  In *Gorgeous Gals, LLC*, *supra*, the court found that because both parties there also used social media to advertise, the fact that a potential consumer could find either company by searching the internet, supported a finding of likelihood of confusion.  A similar finding should occur here as both parties advertise through social media, and the Court should find the fifth digit of confusion favors a finding of confusion.

The sixth and seventh digits, intent and confusion, respectively, were correctly found to favor a finding of lack of confusion.

4

The final digit, the care exercised by potential purchasers, was incorrectly decided in favor of the Defendants.  This Court found that the counterfeit products were expensive for the local market, no customer of the Defendants requests a Roor Product, and Roor product purchasers are "waterpipe connoisseurs." [Opinion at Pg. 18, ¶16].

This reasoning, however, just creates an avenue for infringers to damage a legitimate company based on market conditions outside of the control of the trademark holder.  The case of *RE/MAX Int'l, Inc. supra,* is helpful.  There, the defendants were using yard signs to promote real estate deals, which included the design and color scheme used by the plaintiff.  *Id.*  The court found that because the sale and purchase of real estate through a broker was a high price purchase, it would typically reduce the likelihood of confusion.  *Id.*  However, the court went on to also find that the ordinary consumer is also not an expert in those transactions and would be a "typical buyer exercising ordinary caution." *Id.*

Of importance, the court found:

> The defendants also argue that real estate transactions are typically carried out through agents or brokers, who "would be able to inform the customer about who the listing brokerage was." (Docket Entry No. 55 at 16). This argument does not apply to cases in which clients -- who do not know they are confused as to the relationship between Trend Setter and RE/MAX -- do not ask and the agents -- who do not know of the client's confusion -- do not provide the information. And this argument does not address initial-interest confusion. Even if customer confusion is alleviated at the point of sale, the initial confusion generated by similar yard signs advertising Trend Setter listings is significant and should not be discounted in the likelihood of confusion analysis. *Id.* at 708.

In the instant case, this Court's findings place an onerous burden on the ultimate consumer to question whether a product which they are buying is counterfeit or not.  That may be possible by a purchaser who is looking at what appears to be a high-end product for a super low price,

5

however, it is not typical for a consumer to question an item of the price being charged here, when it is being bought from a retail establishment.

The court in *Re/Max Intl., supra*, found the last digit to "cut both ways" in that case, but tilting in favor of finding a likelihood of confusion in the more important ways. *Id.*  The same reasoning should apply here.

This Court considered three additional factors: (1) the previous relationship of the parties, (2) degree of competition between the parties, and (3) likelihood of expansion to compete.  The Magistrate Judge found them all to weigh in favor of the Defendants.   These factors were cited to come from *CIC Corp, Inc. v. AIMTech Corp.,* 32 F. Supp. 2d 425, 435 (S.D. Tex. 1998).

Yet, those factors were really intended not as independent factors to consider, but rather as part of the analysis of the sixth factor, and as such should not have been used as an independent basis to find against likelihood of confusion.  *See generally Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 725 F.2d 336, 345 (5th Cir 1984).

Because here six of the eight factors favor a finding of likelihood of confusion, this Court should find that the Plaintiffs did prevail in Count III of the Complaint.

**Re: Fee Objection**
**No Evidentiary Support**
**To Counterclaim Irrefutably**
**Requires Finding Counterclaim**
**Was frivolous.**

The Defendants, STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY (Collectively "Stinky's"), should be entitled to their attorneys' fees which were denied as this Court found two inconsistent findings.  First, this Court found that the Counterclaim filed by the Defendants was not supported by any evidence that the application was filed fraudulently, and this Court also found that the Counterclaim was not frivolous.

6

Here, the Defendants employed a litigation strategy intended not to defend the case in good faith, but rather to gain a windfall for their own improper conduct.

It was Stinky's who purchased, displayed, and sold products which violated the Plaintiff's trademarks at issue in this case.  Yet, their Affirmative Defenses and Counterclaim were riddled with baseless accusations against Sream which were frivolous, as there was no evidentiary support. This Court specifically found that there was no evidence to support the claim that the trademark application was fraudulently obtained.  This is the definition of "frivolous."  Zero evidence means that there is no basis in fact or law for the Counterclaim.

Moreover, it was the extreme relief which was sought which made the case exceptional

Without any evidence, Stinky's accused Sream of having committed fraud on the USPTO, abandoning its trademarks, and of violating the Controlled Substances Act.  Because those claims were unfounded, it is axiomatic that they were filed in bad faith, Sream filed its Motion for Sanctions pursuant to Rule 11. [D.E. 165].

Furthermore, this Court also found that there were no false representations or intent to deceive the USPTO by Sream.  [Opinion at Pg. 22].  This again was what Stinky's claimed was its basis to cancel the trademarks.

## Conclusion

Based on the foregoing arguments, the Court should enter Judgment in favor of the Plaintiffs on Count III of the Complaint and as to the dismissal of the Counterclaim this Court should find that the Counterclaim was frivolous and on that basis that the case was exceptional, and grant such other and all relief that this Court may deem just and proper.

Dated: December 27, 2022

7

 /s/ *Peter Ticktin* _____
Peter Ticktin, Esquire
Florida Bar No. 887953
Jamie Alan Sasson, Esquire
Florida Bar #100802
**THE TICKTIN LAW GROUP**
270 SW Natura Ave
Deerfield Beach, Florida 33441


**Elahi Law & Mediation Firm, PLLC**

_____

Shayan Elahi
13601 Preston Road, Ste.  770E
Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
*Counsel for Plaintiffs*
Admitted in Florida & Texas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed

December 27, 2022, with the Clerk of Court using CM/ECF, which will send a notice of electronic

filing to all Parties listed on the Service List.


/s/ *Peter Ticktin*
Peter Ticktin


## SERVICE LIST

J.  Stephen Hunnicutt
Steve@HunnicuttLaw.com
James C.  Baker
James@Hunnicuttlaw.com

8

Kevin E.  Barnett
Kevin@Hunnicuttlaw.com
The Hunnicutt Law Firm
Preston Trail Atrium
17330 Preston Road, Suite 100-A
Dallas, Texas 75252
T: 214-361-6740
F: 214-691-5099
*Counsel for Defendants/Counterclaimants*

9