## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **ROOR INTERNATIONAL BV and SREAM, INC.** | § § § | |
| **Plaintiffs** | § | **Case No. 4:18-CV-735** |
| **v.** | § § | **Judge Johnson** |
| **STINKY'S SMOKE SHOP, LLC AND ANDREW WHITELEY** | § § § § § § § | |
| **Defendants** | § | |

---

## RESPONSE TO PLAINTIFFS' MOTIONS (DKTS. 229 & 230)

---

TO THE HONORABLE COURT:

COMES NOW, Defendants Stinky's Smoke Shop, LLC ("Stinky's) and Andrew Whiteley ("Whiteley") (collectively referred herein as "Defendants") and files this, their Response to Plaintiffs' Motions, and respectfully shows the Court as follows:

1.     On December 27, 2022, Plaintiffs filed two motions: 1) a Motion for Reconsideration Regarding Defendants' Attorney Fees Awarded Pursuant to this Court's Memorandum Opinion and Order (Dkt. 210)[1], and 2) a Motion for the Court to consider their Objections to the Court's Findings of Fact and Conclusions of Law (Dkt. 215) and the Court's Opinion and Order on Motion for Attorneys' Fees (Dkt. 212) be considered a Motion pursuant to Fed. R. Civ. P. 59(e).[2]

2.     Plaintiff's Motion for Reconsideration (Dkt. 229) should be denied because it is both untimely filed and lacks merit. As an initial matter, motions for reconsideration of a court's

---

[1] Dkt. 229
[2] Dkt. 230

RESPONSE TO PLAINTIFFS' MOTIONS                                                      PAGE 1 OF 4

order must be filed within 28 days after the order is entered. *See* Fed. R. Civ. P. 59. Plaintiff's Motion was filed on December 27, 2022, more than a year after the Court's order (Dkt. 210), which was entered on November 24, 2021.

3.      Even if this Court were to deem Plaintiffs' Motion timely filed, it does not provide a basis or support for relief. The Plaintiff argues that the Court's order should be reconsidered because it did not find that Defendants' counterclaim was frivolous. The Court's order did not make that ruling, so there is nothing to reconsider. Plaintiffs withdrew their sanctions claim that Defendants' counterclaim was frivolous, so there was nothing upon which the Court could rule. The Court opined that even if the Plaintiffs did not withdraw the motion for sanctions, the motion would have been denied, but since the motion for sanctions was withdrawn the issue was moot.

4.      And further still, if the issue is not moot, the only reasoning provided that the Defendants' counterclaim should now be deemed frivolous, is that the Court ultimately found that the evidence at trial did not support a finding in favor of the Defendants. If that were the case, a sanctions order would issue every time a litigant lost at trial, which is of course absurd.

5.      The Plaintiffs also claim that there was no apportionment of fees. The Court ruled that the parties should brief on the apportionment issue and the parties did so. The Court has not yet decided on the apportionment issue, so the Plaintiffs' argument is not ripe. The Defendants trust the Court will make a ruling it deems proper after considering the briefing and actions of the Parties.

6.      Plaintiffs have additionally filed a motion to deem their objections to the Court's findings of fact and conclusions of law and contemporaneous order to be a post-judgment motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's Judgment filed on March 31, 2022 (Dkt. 222). While Plaintiffs are correct that a motion *can* be considered a post-judgment motion

even if filed prior to the judgment, that is not applicable here. Plaintiffs' objections (Dkts. 212 & 215) are clearly responses to other orders and not intended to be a Rule 59 motion attacking the Judgment. Dkt. 212 states specifically: "The Plaintiffs, Sream Inc. ("Sream") and Roor International BV ("Roor"), file their Objection *to the Magistrate's Memorandum Opinion and Order on Motion for Attorney's Fees [D.E. 210]*, and state as follows." (emphasis added). Likewise, Dkt. 215 states specifically: "The Plaintiffs, Sream Inc. ("Sream") and Roor International BV ("Roor"), file their Limited Objection *to the Findings of Fact and Conclusions of Law [D.E. 209]*, and state as follows." (emphasis added). These are obvious and targeted responses to the Court's Order (Dkt. 210) and Court's Findings of Fact and Conclusions of Law. (Dkt. 209), and not intended to be post-judgment motions.

7.      Even if the Court were to entertain these prior filings as a Rule 59(e) motion, the Court has found them unpersuasive as indicated by the Judgment (Dkt. 222). Plaintiffs advance no new evidence, law, reasoning, or argument to advance their position. The Court should not now find these arguments to be with merit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray the Court deny the Plaintiffs' Motions and grant the relief requested previously regarding attorney fees and sanctions and for such other relief as the Court may deem appropriate.

Dated: January 27, 2023

THE HUNNICUTT LAW GROUP

J. Stephen Hunnicutt
State Bar of Texas: 10279510
Steve@HunnicuttLaw.com
Timothy A. Robinson
State Bar of Texas: 24069040
Illinois ARDC No.: 6324565
Tim@HunnicuttLaw.com
17330 Preston Road, Suite 275-B

Dallas, Texas 75252
(214) 361-6740 Phone
(214) 691-5099 Fax
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument was sent to the following

through email on January 27, 2023.

Peter Ticktin
(Florida Bar # 887935) admitted pro hac vice
Jamie Alan Sasson
(Florida Bar #100802) admitted pro hac vice
The Ticktin Law Group, PLLC
270 SW Natura Ave
Deerfield Beach, Florida 33441
jsasson@legalbrains.com
Cpalacios@legalbrains.com

Elahi Law & Mediation Firm, PLLC
Shayan Elahi
13601 Preston Road, Ste. 770E Dallas, TX 75240
Phone: 214-624-5146
Fax: 214-602-8911
shayan@elahilawfirm.com
Admitted in Florida & Texas

_____
J. Stephen Hunnicutt