IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV, and SREAM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-735-KPJ |
| STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY, | § § § § | |
| Defendants. | § § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court are Plaintiffs Roor International BV ("Roor") and Sream Inc.'s ("Sream") (collectively, "Plaintiffs") "Motion for Reconsideration Regarding Defendants' Attorneys' Fees Awarded Pursuant to This Court's Memorandum Opinion and Order (Dkt. 210)" (the "First Motion for Reconsideration") (Dkt. 229) and "Motion that Previously Filed Limited Objection to Magistrate's Findings of Fact and Conclusions of Law (Dkt. 215) and Objections to Magistrate'[s] Memorandum Opinion and Order on Motion for Attorneys' Fees (Dkt. 212) Be Considered a Motion Pursuant to Rule 59(e)" (the "Second Motion for Reconsideration") (Dkt. 230) (collectively, the "Motions for Reconsideration") (Dkts. 229–30). Defendants Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley ("Whiteley") (collectively, "Defendants") filed a response (the "Response") (Dkt. 232), and Plaintiffs filed a reply (the "Reply") (Dkt. 233).

For the following reasons, the Motions for Reconsideration (Dkts. 229–30) are **DENIED**.

## I.    BACKGROUND

Plaintiffs filed suit on October 15, 2018, asserting claims of trademark counterfeiting and infringement and false designation of origin against Defendants. *See* Dkt. 2. In their three-count

complaint, Plaintiffs asserted that Defendants violated 15 U.S.C. § 1114 (Count I), 15 U.S.C. § 1116(d) (Count II), and 15 U.S.C. § 1125(a) (Count III) by infringing on three different trademarks: the "Glassware Trademark," the "Clothing and Accessories Trademark," and the "Waterpipe Trademark" (collectively, the "Roor Trademarks"). *See id.* at 11–17. On July 31, 2019, Defendants asserted a counterclaim against Plaintiffs for cancelation of the Roor Trademarks pursuant to 15 U.S.C. § 1119. *See* Dkt. 33 at 22–28.

On August 20, 2019, Plaintiffs assigned the Roor Trademarks to Republic Technologies (NA), LLC ("Republic"). *See* Dkt. 67-1. Plaintiffs did not immediately notify the Court or Defendants of the assignment. Indeed, on October 31, 2019, the Court held a hearing on several pending motions. *See* Dkt. 62. At the hearing, Plaintiffs did not mention the assignment. That same day, Defendants deposed Roor's corporate representative, who similarly failed to mention Roor's assignment of the Roor Trademarks. *See* Dkt. 68 at 2.

On February 8, 2020, approximately six months after Plaintiffs assigned the Roor Trademarks to Republic, Plaintiffs filed the Motion to Substitute Party Plaintiff Due to Transfer of Interest (the "Motion to Substitute") (Dkt. 67), wherein Plaintiffs sought to substitute Republic as a party due to its ownership of the Roor Trademarks. *See* Dkt. 67 at 1. However, Plaintiffs failed to adequately support their request, and the Court denied the Motion to Substitute (Dkt. 67) on that basis. *See* Dkt. 69 at 2–3. Approximately six months thereafter, Plaintiffs filed a motion to voluntarily dismiss their claims (the "Motion to Dismiss") (Dkt. 87), wherein Roor sought dismissal of all three of its claims without prejudice, and Sream sought to dismiss two of its three claims without prejudice. Dkt. 87 at 1. On December 30, 2020, the Court found dismissal without prejudice was improper. Dkt. 145 at 8–13. By that date, Defendants had litigated Plaintiffs' claims for nearly two years and, as a result, "expended great effort and

2

accrued many expenses." *Id.* at 10–11. Thus, dismissal with prejudice was necessary to rectify the prejudice to Defendants. *See id.* at 12–13.

On February 3, 2021, after providing Plaintiffs an opportunity to withdraw their requested dismissal, the Court granted the Motion to Dismiss (Dkt. 87) in part, thereby dismissing all three of Roor's claims and two of Sream's claims with prejudice (the "Dismissed Claims"). *See* Dkt. 162 at 4–5. With this dismissal, the only claims remaining before the Court were Sream's false designation of origin claim, and Defendants' counterclaim seeking cancelation of the Roor Trademarks.

On February 19, 2021, Sream filed a Motion for Rule 11 Sanctions Pertaining to the Affirmative Defenses of Invalidity and Unclean Hands, and to the Counterclaim ("Sream's Sanctions Motion") (Dkt. 165). Sream's Sanctions Motion (Dkt. 165) asked the Court to impose sanctions against Defendants and their counsel under Rule 11 of the Federal Rules of Civil Procedure for allegedly "maintaining affirmative defenses and claims which are not warranted under existing law and which lack evidentiary support" and for "recent[] attempt[s] to extort monies from [Plaintiffs] by asserting that their claim is an asset, and that they would settle and dismiss their claim for an exorbitant amount." Dkt. 165 at 1. On February 26, 2021, Defendants filed a response (Dkt. 168), wherein they vehemently denied Sream's assertions regarding the merits of the Counterclaim. *See generally* Dkt. 168. Defendants further argued that Sream's Sanctions Motion (Dkt. 165) was "yet another attempt [by Plaintiffs] to drive up litigation costs and harass, extort, and intimidate a small-family business as they have done with hundreds of others throughout the United States." *Id.* at 2.

On March 8 and 9, 2021, the Court held a two-day bench trial on Sream's claim and Defendants' counterclaim. *See* Dkts. 179–80. On the morning of March 9, 2021, the second day

3

of trial, Sream sought to withdraw Sream's Sanctions Motion (Dkt. 165). *See* Dkt. 184 at 5. The Court granted Sream's request. *See* Dkt. 181 at 2.

On March 26, 2021, Defendants filed a sanctions motion of their own ("Defendants' Sanctions Motion") (Dkt. 185), wherein they argued that Sream's Sanctions Motion (Dkt. 165): (1) was a frivolous filing; (2) included baseless accusations against Defendants and their counsel; and (3) was yet another example of Plaintiffs' "flagrant abuse of the judicial process." Dkt. 185 at 11. Defendants sought all "reasonable expenses incurred" by responding to Sream's Sanction's Motion (Dkt. 165), including attorney fees. *See id.* at 8. Additionally, Defendants sought "all costs and fees" incurred during this lawsuit and the issuance of "a public apology." *Id.* at 17.

On April 9, 2021, both parties moved for attorney fees and costs pursuant to Defendants' Application for Attorney's Fees and Taxing of Costs ("Defendants' Motion for Attorney Fees") (Dkt. 189) and Plaintiffs' Motion for Attorneys' Fees and Costs ("Plaintiffs' Motion for Attorney Fees") (Dkt. 191).

On November 24, 2021, the Court issued its Findings of Fact and Conclusions of Law (Dkt. 209), finding: (1) Sream did not prevail on its claim against Defendants; and (2) Defendants did not prevail on their counterclaim against Plaintiffs. *See* Dkt. 209 at 19, 22. The Court also issued two opinions that same day. The first Memorandum Opinion and Order (the "Attorney Fees Opinion") (Dkt. 210) granted in part and denied in part Defendants' Motion for Attorney Fees (Dkt. 189) and denied Plaintiffs' Motion for Attorney Fees (Dkt. 191). Dkt. 210 at 10. Specifically, the Court found that Defendants were entitled to attorney fees and costs incurred in defending against the Dismissed Claims for the period from August 20, 2019, the date of trademark assignment, until December 30, 2020, the date these claims were dismissed

with prejudice. *Id.* at 8. The second Memorandum Opinion and Order (the "Sanctions Opinion") (Dkt. 211) granted in part and denied in part Defendants' Sanctions Motion (Dkt. 185). *See* Dkt. 211 at 6. Specifically, the Court granted Defendants' Sanctions Motion (Dkt. 185) to the extent it sought attorney fees and costs that Defendants incurred in responding to Sream's Sanctions Motion (Dkt. 165) and denied all other relief sought. *See id.* at 6.

On December 8, 2021, Plaintiffs filed objections to the Findings of Fact and Conclusions of Law (Dkt. 209), the Attorney Fees Opinion (Dkt. 210), and the Sanctions Opinion (Dkt. 211). *See* Dkts. 212; 214–15.

On March 31, 2022, the Court entered the Final Judgment (Dkt. 222), wherein it dismissed with prejudice Sream's claim and Defendants' counterclaim, consistent with the Findings of Fact and Conclusions of Law (Dkt. 209). *See* Dkt. 222. The Final Judgment (Dkt. 222) did not address the Court's rulings on attorney fees or sanctions. *See id.*

On December 12, 2022, the Court notified Plaintiffs that the objections were improper because the parties consented to proceed before the undersigned and, thus, all judgments of this Court are treated as a judgment of the district court and appealed in the same manner as an appeal from a district court. *See* Dkts. 65; 227. The Court further ordered Plaintiffs to file the appropriate motions for the relief requested in their objections on or before December 27, 2022. *See* Dkt. 227 at 2. Accordingly, Plaintiffs refiled their objections (Dkts. 212; 214–15) as the Motions for Reconsideration (Dkts. 229–30) now before the Court.

## II.     LEGAL ANALYSIS

In two motions,[1] Plaintiffs, seek reconsideration of three decisions of the Court: (1) the Sanctions Opinion (Dkt. 211);[2] (2) the Attorney Fees Opinion (Dkt. 210); and (3) the Findings of Fact and Conclusions of Law (Dkt. 209). *See* Dkts. 229–30. The Court considers each of these in turn.

### A.     The Sanctions Opinion (Dkt. 211)

"The Federal Rules of Civil Procedure do not provide for a general motion for reconsideration," *see Transamerica Life Ins. Co. v. Moore*, No. 22-cv-340, 2023 WL 4109693, at *1 (E.D. Tex. June 20, 2023) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)), and Plaintiffs have not identified under which rule the Court may consider the First Motion for Reconsideration (Dkt. 229). *See* Dkt. 229. In the Fifth Circuit, the Court can apply one of three rules in considering a motion for reconsideration: Rule 54(b), Rule 59(e), or Rule 60(b). *See Transamerica Life Ins. Co.*, 2023 WL 4109693, at *1; *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) (citations omitted); *Edwards v. Take Fo' Recs., Inc.*, No. 19-12130, 2020 WL 3832606, at *11 (E.D. La. July 8, 2020); *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 403 (E.D. La. 2022). When a motion seeks reconsideration of an interlocutory order, as is the case here, the motion should be

---

[1] Plaintiffs have failed to follow Local Rule CV-7(a), which requires that "each pleading, motion, or response to a motion . . . be filed as a separate document." Because Plaintiffs seek reconsideration of three separate orders, they should have filed three separate motions.

[2] Plaintiffs do not properly refer to the Sanctions Opinion (Dkt. 211) in the title of the First Motion for Reconsideration (Dkt. 229), *see* LOC. R. CV-7(a)(4) ("Motions to reconsider must specifically state the action and the docket sheet document number to be reconsidered in the title of the motion . . . ."), nor do Plaintiffs identify the Sanctions Opinion (Dkt. 211) by name or docket number anywhere in the First Motion for Reconsideration (Dkt. 229). Thus, the First Motion for Reconsideration (Dkt. 229) fails to properly apprise the Court of all of the orders for which it seeks reconsideration. However, Plaintiffs' first argument in the First Motion for Reconsideration (Dkt. 229) challenges the Sanctions Opinion (Dkt. 211). Accordingly, the Court considers the arguments presented as to both the Attorney Fees Opinion (Dkt. 210) and the Sanctions Opinion (Dkt. 211).

considered under Rule 54(b). *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding that the district court should have reconsidered its order granting partial summary judgment under Rule 54(b) because the order was interlocutory); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Because the district court was not asked to reconsider a judgment, the district court's denial of [the plaintiff's] motion to reconsider its order denying leave to file a surreply should have been considered under Rule 54(b)."). Here, Plaintiffs challenge the Sanctions Opinion (Dkt. 211), which is an interlocutory order of the Court granting in part and denying in part Defendants' Sanctions Motion (Dkt. 185) and is not incorporated into the Final Judgment (Dkt. 222). *See* Dkt. 229 at 2–4. Thus, the Court will consider Plaintiffs' arguments directed at the Sanctions Opinion (Dkt. 211) under Rule 54(b).

Defendants argue that the First Motion for Reconsideration (Dkt. 229), wherein Plaintiffs assert arguments directed at the Sanctions Opinion (Dkt. 211) and the Attorney Fees Opinion (Dkt. 210), is untimely because it was filed on December 27, 2022, more than one year after the contested court orders, which were entered on November 24, 2021. Dkt. 232 at 1–3; *see also* Dkts. 210–11. However, Rule 54(b) provides that "any order or other decision, however designated, . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Despite entering the Final Judgment (Dkt. 222), the Court has not adjudicated "all of the parties' rights and liabilities." Specifically, the Final Judgment (Dkt. 222) does not address the Court's ruling on sanctions and attorney fees. Thus, because Plaintiffs' arguments in the First Motion for Reconsideration (Dkt. 229) are directed at the Court's rulings regarding sanctions and attorney fees, the First Motion for Reconsideration (Dkt. 229) is timely.

Under Rule 54(b) of the Federal Rules of Civil Procedure, district courts may freely revise interlocutory orders "before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See, e.g.*, *McKay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting FED. R. CIV. P. 54(b)). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (citing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

Reconsideration of an order under Rule 54(b) is "less stringent" than reconsideration of judgments under Rule 59(e). *Austin*, 864 F.3d at 336. In applying its discretion to reconsider under Rule 54(b), a district court should construe the procedural rules with a "preference toward resolving the case on the merits" and "weigh the interests of justice" when deciding whether to permit the movant's request to reconsider. *See id.* at 337–38. "Although a less exacting standard applies, courts look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards*, 2020 WL 3832606, at *11; *see also Koeppel*, 608 F. Supp. 3d at 403. Thus, a motion to reconsider under Rule 54(b) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Koeppel*, 608 F. Supp. 3d at 403 (alteration in original) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)) (internal quotation marks omitted).

In their argument directed at the Sanctions Opinion (Dkt. 211), Plaintiffs contend that the Court erred in granting Defendants' Sanctions Motion (Dkt. 185). *See* Dkt. 229 at 4. Plaintiffs aver that the Counterclaim was "baseless (without evidence)," and thus, frivolous and meritless at the time of Sream's Sanctions Motion (Dkt. 165), because the Court concluded that

Defendants did not prevail on their counterclaim after trial. *See id.*; Dkt. 209 at 22. However, a conclusion by the Court that Defendants did not meet their burden at trial does not signify that their counterclaim was meritless at the time the Court considered the issue and certainly does not support an award of sanctions. *See F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1298 (5th Cir. 1994) ("A plaintiff need not have a fully developed factual case in order to base a suit upon a well-recognized legal claim."). Further, the Court would exceed its discretion by applying the clarity of hindsight, as Plaintiffs urge, to judge the merits of Defendants' counterclaim at the time of its filing. *See id.* at 1299.

Moreover, the circumstances surrounding Defendants' Sanctions Motion (Dkt. 165) support the Court's sanctions award. Plaintiffs' counsel filed Sream's Sanctions Motion (Dkt. 165) on the eve of trial. *See* Dkt. 165. After the Court informed Plaintiffs that a hearing would be required for the Court to consider Sream's Sanction Motion (Dkt. 165), Plaintiffs voluntarily withdrew their request. *See* Dkts. 181 at 2; 184 at 5. In Sream's Sanctions Motion (Dkt. 165), Plaintiffs asserted that Defendants' affirmative defenses and counterclaim were "not warranted under existing law" and "lack[ed] evidentiary support." Dkt. 165 at 1. Plaintiffs also asserted that Defendants attempted to extort money because of their attempts to settle the claim. *Id.* This was not the first time that Plaintiffs had made these types of arguments. Plaintiffs previously filed the Motion to Dismiss the Defendants' Counterclaim and for Other Sanctions Based on Fraud on the Court ("Plaintiffs' First Sanctions Motion") (Dkt. 77), wherein Plaintiffs claimed that Stinky's "boldly perjured itself," and that Stinky's was presenting "a false defense by which it unconscionably threatened to harm an innocent plaintiff." Dkt. 77 at 4, 8. In denying Plaintiffs' First Sanctions Motion (Dkt. 77), the Court concluded that "Plaintiffs present a wholly

inadequate argument" for the dismissal of Defendants' counterclaim and the requested sanctions. Dkt. 144 at 7.

Furthermore, at the time the Court considered the issue of sanctions, Defendants had presented evidence supporting their counterclaim in their response to Sream's Sanctions Motion (Dkt. 165)—which was then reiterated in Defendants' Sanctions Motion (Dkt. 185). Contrary to Plaintiffs' current contention that Defendants had no evidence supporting their counterclaim, there was at least sufficient evidence to continue to trial. *See* Dkts. 165; 185. Plaintiffs' argument regarding sanctions is merely a repeat of old arguments and does not present a mistake of law or fact, which the Court could correct, or newly discovered evidence for the Court to consider. *See Waltman v. Int'l. Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989); *Resol. Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Moreover, in ruling on Defendants' Sanctions Motion (Dkt 185), the Court found that Sream's Sanctions Motion (Dkt. 165) "lacked merit, reiterated arguments made in prior motions, and included 'abusive language toward opposing counsel.'" Dkt. 211 at 5. Because the Court has already considered and rejected the arguments made by Plaintiffs regarding Defendants' Sanctions Motion (Dkt. 185), the Court finds that the interests of justice favor finality in this instance. Thus, Plaintiff's First Motion for Reconsideration (Dkt. 229) is denied insofar as it seeks reconsideration of the Sanctions Opinion (Dkt. 211).

## B.     The Attorney Fees Opinion (Dkt. 210)

Plaintiffs request their arguments directed at the Attorney Fees Opinion (Dkt. 210) be considered under Rule 59(e). *See* Dkt. 230. Defendants contend that Plaintiffs' arguments should not be considered under Rule 59(e) because they are directed at a Court order, not a final judgment. Dkt. 232 at 2–3. The Court agrees with Defendants. The Attorney Fees Opinion (Dkt. 210) is an interlocutory order and, as discussed above, when a motion seeks

10

reconsideration of an interlocutory order, the motion should be considered under Rule 54(b). *See supra* Section II.A. Thus, the Court will consider Plaintiffs' arguments directed at the Attorney Fees Opinion (Dkt. 210) under Rule 54(b).

### 1.    Reconsideration of Plaintiffs' Attorney Fees Award

Plaintiffs first argue that the Court erred by not awarding them attorney fees related to Defendants' counterclaim. See Dkt. 230 at 6. According to Plaintiffs, because they were the prevailing party on Defendants' counterclaim at trial, "it is axiomatic" that Defendants' counterclaim was "filed in bad faith" and, thus, the counterclaim was "exceptional" within the meaning of the Lanham Act. *Id.* at 6–7. However, as discussed above, a conclusion by the Court that Defendants have not met their burden at trial does not signify that their counterclaim was meritless at the time the Court considered the issue. *See supra* Section II.A; *see also Calhoun*, 34 F.3d at 1298. Moreover, the Court specifically considered whether Defendants' counterclaim was frivolous or made in bad faith when considering Plaintiffs' Motion for Attorney Fees (Dkt. 191) and concluded that it was not. *See* Dkt. 210 at 5. Thus, having previously undertaken the proper inquiry, the Court find that Plaintiffs have failed to present a basis for reconsideration of their attorney fees award. Plaintiffs' Second Motion for Reconsideration (Dkt. 230) is, therefore, denied insofar as it seeks reconsideration of the Attorney Fees Opinion (Dkt. 210).

### 2.    Reconsideration of Defendants' Attorney Fees Award

In their second argument, Plaintiffs contend that Defendants have failed to apportion their attorney fees as directed by the Court in its Attorney Fees Opinion (Dkt. 210). *See* Dkt. 229 at 4–5. Thus, Plaintiffs argue that no fees should be awarded to Defendants. *Id.* Plaintiffs make no argument that the Court incorrectly awarded fees to Defendants or did not appropriately instruct Defendants on how to apportion their attorney fees. Rather, Plaintiffs argue that a failure to

apportion fees in and of itself should result in no attorney fees awarded to Defendants. *Id.* The Court's duty in reviewing a claim for attorney fees is to determine whether the particular hours claimed were reasonably expended. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). As such, a failure to fully apportion fees to the Court's satisfaction does not preclude an award of fees *per se*, as long as the evidence produced is adequate for the Court to determine the reasonable hours expended. *Id.* Accordingly, Plaintiffs' argument fails.

Moreover, the Court has not yet considered Defendants' supplemental briefing on the apportionment of their attorney fees. A request for reconsideration necessarily requires a decision of the Court to reconsider. Because the Court has not yet decided the appropriateness of Defendants' apportionment, Plaintiffs do not advance an argument that the Court can reconsider at this time. Accordingly, Plaintiffs' First Motion for Reconsideration is denied insofar as it seeks reconsideration of the Attorney Fees Opinion (Dkt. 210).

## C.    The Findings of Fact and Conclusions of Law (Dkt. 209)

Plaintiffs direct their final argument for reconsideration at the Findings of Fact and Conclusions of Law (Dkt. 209). *See* Dkt. 230 at 2–6. However, the Findings of Fact and Conclusions of Law (Dkt. 209) were incorporated into and superseded by the Final Judgment (Dkt. 222). Accordingly, Plaintiffs' argument directed at the Findings of Fact and Conclusions of Law (Dkt. 209) is, in reality, directed at the Final Judgment (Dkt. 222). Thus, the Court will interpret Plaintiffs' request for reconsideration of the Findings of Fact and Conclusions of Law (Dkt. 209) to be a request for reconsideration of the Final Judgment (Dkt. 222).

Plaintiffs request their argument directed at the Final Judgment (Dkt. 222) be considered under Rule 59(e). Dkt. 230 at 2. However, in the Fifth Circuit, the applicable rule for a motion to reconsider a final judgment "depends on when the motion was filed—if the motion was filed

within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60." *Transamerica Life Ins. Co.*, 2023 WL 4109693, *1 (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam)); *see* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); FED. R. CIV. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ."). Because the Second Motion for Reconsideration (Dkt. 230) was filed more than twenty-eight days, but less than one year, after the entry of the Final Judgment (Dkt. 222), the Court considers Plaintiffs' arguments directed at the Final Judgment (Dkt. 222) under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy." *Edwards v. 4JLJ, L.L.C.*, No. 23-40189, 2024 WL 983657, at *2 (5th Cir. Mar. 7, 2024) (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). "By its very nature, [Rule 60(b)] seeks to

strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010)) (internal quotation marks omitted). "The movant bears the burden of showing that relief is warranted under Rule 60(b)." *DISH Network, LLC v. Vigneswaran*, No. 21-cv-859, 2024 WL 150759, at *2 (S.D. Tex. Jan. 11, 2024) (citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

Here, Plaintiffs argue that the Court incorrectly found that five of the digits of confusion favored a finding of no likelihood of confusion and that an additional three factors also went against finding a likelihood of confusion. Dkt. 230 at 2–6. Plaintiffs' argument is essentially that the Court committed legal error by misapplying controlling law to the facts presented at trial and, thus, is an argument best analyzed under Rule 60(b)(1). *See Kemp v. United States*, 596 U.S. 528, 539 (2022) (holding that "'mistake' in Rule 60(b)(1) includes legal errors made by judges").

The extraordinary relief available under Rule 60(b)(1) is reserved for those cases where "a fundamental misconception of the law" has occurred, and not those where the court has made a "merely erroneous ruling." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (quoting 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2858). "A motion for relief under Rule 60(b)(1) is 'not a substitute for the ordinary method of redressing judicial error—appeal.'" *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo*, 699 F.2d at 696). Rather, "[i]mplicit in the fact that

14

Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S.P.S.*, 769 F.2d 281, 286 (5th Cir. 1985) (collecting cases).

In their argument regarding the digits of confusion, Plaintiffs go digit-by-digit and argue that the Court incorrectly weighed the evidence when compared to three cases. *See* Dkt. 230 at 2–6. Plaintiffs' argument does not identify a "fundamental misconception of the law"; rather, Plaintiffs' argument is nothing more than a rehashing of arguments already considered and determined in the Findings of Fact and Conclusions of Law (Dkt. 209) and, ultimately, the Final Judgment (Dkt. 222). *See Chick Kam Choo*, 699 F.2d at 695. Plaintiffs' disagreement with the Final Judgment (Dkt. 222) is not enough to constitute the "unusual or unique circumstances" required to merit relief under Rule 60(b)(1). *See Pryor*, 769 F.2d at 286; s*ee also Edwards v. Wyatt*, No. 07-ca-1008, 2010 WL 11506606, at *3 (W.D. Tex. Jan. 22, 2010) ("[The plaintiff's] disagreement with the Court's prior rulings is simply not enough to constitute the unique circumstances required to merit relief under Rule 60(b)(1)."); *Fountain v. Thomas*, No. 22-cv-431, 2024 WL 823258, at *2 (E.D. Tex. Jan. 26, 2024) (finding that the plaintiff's "rehashing of arguments" previously presented to the court did not merit relief under Rule 60(b)(1)), *R & R adopted*, 2024 WL 821184 (E.D. Tex. Feb. 26, 2024). Thus, the Court finds that the Final Judgment (Dkt. 222) should stand. Plaintiffs' Second Motion for Reconsideration (Dkt. 230) is denied insofar as it seeks reconsideration of the Findings of Fact and Conclusions of Law (Dkt. 209), both of which were incorporated into and superseded by the Final Judgment (Dkt. 222).

## III.   CONCLUSION

For the foregoing reasons, the Motions for Reconsideration (Dkts. 229–30) are **DENIED**.

**So ORDERED and SIGNED this 1st day of May, 2024.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE