IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-735-KPJ |
| STINKY'S SMOKE SHOP, LLC and ANDREW WHITELEY, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Stinky's Smoke Shop, LLC ("Stinky's") and Andrew Whiteley's ("Whiteley") (collectively, "Defendants") Supplemental Brief on Defendant's [sic] Motion for Attorney's Fees Pursuant to the Court's Memorandum Opinion and Order (the "Brief") (Dkt. 216), to which Plaintiffs Roor International BV ("Roor") and Sream, Inc. ("Sream") (collectively, "Plaintiffs") filed a response (the "Response") (Dkt. 220), and Defendants filed a reply (the "Reply") (Dkt. 221).

### I.   BACKGROUND

On October 15, 2018, Plaintiffs initiated this lawsuit by filing a complaint (the "Complaint") (Dkt. 2) against Defendants. *See* Dkt. 2. In the Complaint (Dkt. 2), Plaintiffs each asserted three claims arising out of Defendants' alleged infringement on three trademarks (the "Roor Trademarks"). *See id.* at 11–17. On July 31, 2019, Defendants asserted a counterclaim against Plaintiffs for cancelation of the Roor Trademarks pursuant to 15 U.S.C. § 1119. *See* Dkt. 33 at 26–28.

1

On August 20, 2019, Plaintiffs assigned the Roor Trademarks to Republic Technologies (NA), LLC ("Republic"). *See* Dkt. 67-1. Plaintiffs did not immediately notify the Court or Defendants of the assignment. Indeed, on October 31, 2019, the Court held a hearing on several pending motions. *See* Dkt. 62. At the hearing, Plaintiffs did not mention the assignment. That same day, Defendants deposed Plaintiffs' corporate representative, who similarly failed to mention the assignment of the Roor Trademarks. *See* Dkt. 68 at 2.

On February 8, 2020, approximately six months after Plaintiffs assigned the Roor Trademarks to Republic, Plaintiffs filed the Motion to Substitute Party Plaintiff Due to Transfer of Interest (the "Motion to Substitute") (Dkt. 67), wherein Plaintiffs sought to substitute Republic as a party due to its ownership of the Roor Trademarks. *See* Dkt. 67 at 1. However, Plaintiffs failed to adequately support their request, and the Court denied the Motion to Substitute (Dkt. 67) on that basis. *See* Dkt. 69 at 2. Approximately six months thereafter, Plaintiffs filed a motion to voluntarily dismiss their claims (the "Motion to Dismiss") (Dkt. 87), wherein Roor sought dismissal of all three of its claims without prejudice, and Sream sought to dismiss two of its three claims without prejudice. Dkt. 87 at 1. On December 30, 2020, the Court found dismissal without prejudice was improper. By that date, Defendants had litigated Plaintiffs' claims for nearly two years and, as a result, "expended great effort and accrued many expenses." Dkt. 145 at 10–11. Thus, dismissal with prejudice was necessary to rectify the prejudice to Defendants. *See id.* at 12–13.

On February 3, 2021, after providing Plaintiffs an opportunity to withdraw their requested dismissal, the Court granted the Motion to Dismiss (Dkt. 87) in part, thereby dismissing all three of Roor's claims and two of Sream's claims with prejudice (the "Dismissed Claims"). *See* Dkt. 162 at 4–5. With this dismissal, the only claims remaining before the Court were Sream's false

designation of origin claim, and Defendants counterclaim seeking cancelation of the Roor Trademarks (the "Remaining Claims").

The Court held a bench trial regarding the Remaining Claims on March 8 and March 9, 2021. *See* Dkts. 179–80. On April 9, 2021, Defendants filed a motion for attorney fees ("Defendants' Motion for Attorney Fees") (Dkt. 189). *See* Dkt. 189. That same day, Plaintiffs filed a motion for attorney fees ("Plaintiffs' Motion for Attorney Fees") (Dkt. 191). On November 24, 2021, the Court entered a Memorandum Opinion and Order (the "Attorney Fees Opinion") (Dkt. 210), wherein the Court granted in part and denied in part Defendants' Motion for Attorney Fees (Dkt. 189) and denied Plaintiffs' Motion for Attorney Fees (Dkt. 191). *See* Dkt. 210 at 10. The Court found that, with respect to the Dismissed Claims, this case was "exceptional" within the meaning of the Lanham Act. *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). By assigning the Roor Trademarks without informing Defendants or the Court, Plaintiffs litigated this case in an unreasonable manner. *See* Dkt. 210 at 6–8. Thus, the Court determined that Defendants were entitled to attorney fees and costs related to the Dismissed Claims that were incurred from August 20, 2019, the date the Roor Trademarks were assigned to Republic, to December 30, 2020, the date the Dismissed Claims were dismissed with prejudice. *Id.* at 8. At that time, the Court also noted that the segregation of fees may be difficult, insofar as the Dismissed Claims could be "too intertwined" with the Remaining Claims to be effectively apportioned. *See id.* at 10. Accordingly, the Court ordered Defendants to file supplemental briefing segregating their costs and fees, as well as responsive briefing, if any. *Id.* at 10.

## II.     LEGAL ANALYSIS

### A.     Attorney Fees

In the Brief (Dkt. 216), Defendants argue that segregating fees related to the Dismissed Claims is "nearly impossible." *See* Dkt. 216 at 2. Defendants assert, without explanation, that this is due to "Plaintiffs' unreasonable litigation strategy." *Id.* The Court largely attributes these difficulties to two factors. First, as the Court previously indicated, some of the work undertaken by Defendants was "too intertwined" to be apportioned. *See* Dkt. 210 at 10. Second, Defendants' billing practices—as discussed in greater detail below—make it challenging to parse which fees are compensable. Notwithstanding these difficulties, Defendants append a spreadsheet containing several hundred billing entries (the "Billing Entries"), which purportedly segregates fees relating to the Dismissed Claims. *See id.* at 5; Dkt. 216-1.

After an exhaustive review of the Billing Entries, the Court concludes that many of the fees sought are not recoverable. First, as the Court has repeatedly noted, "when in one lawsuit some Lanham Act claims qualify for an attorney's fee award and other Lanham Act claims do not," the Court must "award fees only" for those compensable claims. *See All. for Good Gov't v. Coal. for Better Gov't*, 919 F.3d 291, 297 (5th Cir. 2019) (citations omitted). Here, a number of the Billing Entries relate to tasks, such as discovery, settlement, and other work, which Defendants would have undertaken even if Plaintiffs had not pursued the Dismissed Claims. Thus, such work cannot support a fee award. Second, many of the Billing Entries relate to Defendants' counterclaim, which the Court found was a "common 'run-of-the-mill'" claim and, thus, non-compensable under the Lanham Act. *See* Dkt. 210 at 5. Third, a number of the Billing Entries include administrative or clerical tasks, which are plainly not recoverable. *MidFirst Bank v. Bass*, No. 22-cv-309, 2023 WL 5603185, at *5 (E.D. Tex. Aug. 4, 2023) (citing *Vela v. City of Houston*, 276 F.3d 659, 681

(5th Cir. 2001)); *see CHU de Quebec – Universite Laval v. DreamScape Dev. Grp. Holdings, Inc.*, No. 21-cv-182, 2023 WL 2746933, at *9 (E.D. Tex. Mar. 31, 2023) ("[The plaintiff's] requested attorney's fee award includes 3.6 hours of filing, calendaring, scheduling, and other administrative tasks performed by legal assistants. The Court declines to include these hours in the requested fee award." (citation omitted)). In any event, most of these tasks would have been undertaken in the absence of the Dismissed Claims. Fourth, many of the Billing Entries are vague, incomplete, or heavily redacted, precluding meaningful review. That is, the Court cannot determine whether these entries relate to the Dismissed Claims or, if they do, whether the hours claimed were reasonably spent. *See, e.g.*, *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("If the applicant's documentation of the hours claimed is 'vague or incomplete,' the district court may reduce or eliminate those hours." (citations omitted)).

With the foregoing Billing Entries eliminated, the following graphic depicts the remaining fees sought by Defendants.[1]

| Date | Name | Task | Hours | Rate | Total |
|---|---|---|---|---|---|
| 12/13/2019 | AW | Receipt and review of communication from Counsel for Roor regarding a motion to amend pleadings or change name of Plaintiff regarding an assignment of trademark to Republic. Reviewed this matter with Steve. Sent communications to Counsel for Defendants to set up a call for | 1 | $300.00 | $300.00 |
| 12/18/2019 | AW | Conference call with client and Steve to discuss the phone conference with opposing counsel regarding the motion to substitute party, Republic | 0.25 | $300.00 | $75.00 |
| 12/18/2019 | SH | Email Andrew re Roor allegedly selling its interest to Republic and | 0.75 | $300.00 | $225.00 |

---

[1] The Billing Entries are transcribed without modification and include many grammatical errors. Similarly, many of the descriptions appear to be incomplete.

5

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Roor's desire to have Republic statute in the case. Conference with Tony | | | |
| 12/18/2019 | AW | Preparation and attendance at the conference call with opposing counsel for RooR and Sream to discuss their proposed motion to substitute party, e.g., Republic Technologies for RooR. Reviewed case law quoted, the deposition testimony from the corporate representative and | 0.75 | $300.00 | $225.00 |
| 2/1/2020 | SH | Review email from opposing counsel re proposed substitution of Republic for Roor. Email Tony re same and necessity to set trial | 0.25 | $300.00 | $75.00 |
| 2/1/2020 | AW | Receipt and review of correspondence from counsel for Plaintiff, RooR and Sream, regarding their anticipated motion for substitution of party | 0.5 | $300.00 | $150.00 |
| 2/7/2020 | AW | Conference call with Andrew Jacoby, counsel for Roor, Republic and/or Sream to discuss their proposed motion to substitute party and our | 0.5 | $300.00 | $150.00 |
| 2/13/2020 | AW | Phone conference with client to discuss the motion to substitute party filed by RooR | 0.25 | $300.00 | $75.00 |
| 2/17/2020 | CJ | Researched local filing rules for a motion to substitute parties | 0.75 | $250.00 | $187.50 |
| 2/18/2020 | CJ | Reviewed deposition and case files for use in our Response to Motion to Substitute | 0.5 | $250.00 | $125.00 |
| 2/18/2020 | CJ | Review Plaintiffs' Responses Requests for Admissions and Response to Request for Production for use in our Response to Motion to Substitute | 0.75 | $250.00 | $187.50 |
| 2/19/2020 | SH | Review plaintiffs' Motion to Substitute Parties, Motion to Enlarge Time and our Response. Work on Response to Motion to Substitute Parties | 0.75 | $300.00 | $225.00 |
| 2/21/2020 | CJ | Research on filing date for our Response to motion to Substitute | 0.25 | $250.00 | $62.50 |
| 2/21/2020 | AT | Assist with drafting response to motion to Substitute parties | 1 | $150.00 | $150.00 |
| 2/21/2020 | CJ | Worked on draft of Defendants Response for Motion to Substitute Party Plaintiff due to transfer of interest | 4.5 | $250.00 | $1,125.00 |

| Date | Atty | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 2/24/2020 | SH | Telephone conference with Tony and Christian re Response to Motion to Substitute | 0.25 | $300.00 | $75.00 |
| 2/24/2020 | AW | Conference with Christian Johnson regarding the edits for the Response to the Motion to Substitute and to review the legal effect of the Virginia | 0.75 | $300.00 | $225.00 |
| 2/24/2020 | CJ | Worked on Response for Motion to Substitute Party Plaintiff due to Transfer of Interest | 4.5 | $250.00 | $1,125.00 |
| 2/24/2020 | AW | Performed drafting and editing along with Westlaw research for the Response to Motion to Substitute Party filed by RooR. The research consisted of finding a legal basis to object to the Plaintiff's attempt to substitute Republic" for RooR. Located a Virginia Innovation case from the | 4 | $300.00 | $1,200.00 |
| 3/30/2020 | AW | Receipt, review and analysis of the Court's order denying Roor's Motion to Substitute Party | 0.25 | $300.00 | $75.00 |
| 3/30/2020 | AW | Conference call with client and Steve to discuss the Order Denying Motion to Substitute Party (Roor) | 0.25 | $300.00 | $75.00 |
| 3/30/2020 | CJ | Drafted and edited discovery<br><br>Phone call with client<br><br>Reviewed new order denying the motion to substitute parties | 1 | $250.00 | $250.00 |
| 3/31/2020 | AW | Internal attorney zoom conference to discuss the strategy for filing motions for sanctions, motions to dismiss and motion for summary | 0.5 | $300.00 | $150.00 |
| 4/15/2020 | CJ | Researched other cases involving RooR and Sream and compared successful motions to dismiss versus ones that were not granted Drafted a | 3 | $250.00 | $750.00 |
| 4/16/2020 | CJ | Reviewed successful motions to dismiss from other RooR and Sream cases. Edited and reviewed a motion to dismiss for lack of standing | 1.75 | $250.00 | $437.50 |
| 6/12/2020 | KW | Review motion to dismiss, discuss with Christian Johnson | 0.25 | $300.00 | $75.00 |
| 6/12/2020 | SH | Work on final draft of Motion to Dismiss. Letter to Andrew re same and file Motion | 0.75 | $300.00 | $225.00 |
| 6/12/2020 | CJ | Research in support of, drafting of, and review of motion to dismiss | 1.5 | $250.00 | $375.00 |

| Date | Initials | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 6/26/2020 | CJ | Review of Plaintiff's Response to Defendant's Motion to Dismiss | 0.25 | $250.00 | $62.50 |
| 6/29/2020 | CJ | Review of Plaintiffs' Response to Defendants' Motion to Dismiss Under Rule 12(b)(1). Meeting with Mr. Hunnicutt over the response | 0.5 | $250.00 | $125.00 |
| 6/29/2020 | SH | Conference with Christian re status and Response filed by defendant Sream to our Motion to Dismiss. Email with Andrew re same and strategy | 0.5 | $300.00 | $150.00 |
| 9/11/2020 | PM | Conference with attorneys regarding the Motion to Dismiss | 0.25 | $150.00 | $37.50 |
| 9/11/2020 | KW | Discussion with Christian Johnson and Steve Hunnicutt on Motion to Dismiss claims by Plaintiff and Call Andrew to discuss the matter | 0.75 | $300.00 | $225.00 |
| 9/11/2020 | CJ | Review of Plaintiffs' Motion to Voluntarily dismiss their claims and review of all pending motions and counter-claims for preparation to file Motion for Summary Judgments. Conference over motions and litigation strategy with Kaedan Watts and Steve Hunnicutt. Phone call with | 1 | $250.00 | $250.00 |
| 9/15/2020 | SH | Conference with Christian Johnson re Response to Plaintiffs' Motion to Voluntarily Dismiss most of their claims and assignment for upcoming | 0.25 | $495.00 | $123.75 |
| 9/15/2020 | CJ | Conference with Steve Hunnicutt regarding the Plaintiffs' Motion to Dismiss and work on Response to Plaintiffs' Motion to Dismiss. Review of | 1.5 | $250.00 | $375.00 |
| 9/18/2020 | CJ | Review of Plaintiff's Motion to Dismiss for Failure to Add an Indispensable and Necessary Party | 0.25 | $250.00 | $62.50 |
| 9/21/2020 | AK | Review Plaintiffs' Motion to Dismiss; review memo from Steve Hunnicutt regarding response to the Motion | 0.25 | $450.00 | $112.50 |
| 9/21/2020 | SH | Brief review of Plaintiffs' discovery responses. Conference with Christian Johnson re same. Conference with Christian Johnson re Motion to Compel and our Response to Plaintiffs' Motion to Dismiss Counterclaim. Work on draft of Response to Plaintiffs' Motion to Dismiss | 0.75 | $495.00 | $371.25 |

8

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 9/29/2020 | CJ | Conference with Steve Hunnicutt over prevailing party arguments for a possible motion for attorney fees, Motion for Summary Judgment | 0.25 | $250.00 | $62.50 |
| 9/30/2020 | CJ | Work on Response to Defendants' Motion to Dismiss and research in support thereof | 2.75 | $250.00 | $687.50 |
| 10/1/2020 | KW | Review and revise Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to Add Indispensable and | 0.5 | $300.00 | $150.00 |
| 10/7/2020 | CJ | Team conference over the status of the case pending motions. Discussions over options for a motion for summary judgment and a motion for leave regarding our amended complaint. Also discussed a potential notice of intent to file certified records as to RooR's patent and trademark | 0.25 | $250.00 | $62.50 |
| 10/9/2020 | SH | Telephone conference with Andrew re upcoming hearings. Email Andrew re same. Work on plan to prepare for hearings | 0.25 | $300.00 | $75.00 |
| 10/12/2020 | CJ | Conference with Parris Mamwell regarding the transfer of trademarks for Roor products. Parris to pull all trademark information from the | 0.25 | $250.00 | $62.50 |
| 10/14/2020 | CJ | Work on preparing hearing binder for Steve Hunnicutt for upcoming hearing over the multiple pending motions. Review of RooR trademarks | 0.75 | $250.00 | $187.50 |
| 10/16/2020 | CJ | Team conference over the upcoming hearing over the six pending motions and options for resolving the case before trial | 0.25 | $250.00 | $62.50 |
| 10/20/2020 | CJ | Team conference and review of case law relevant to the hearing over the six pending motions | 0.25 | $250.00 | $62.50 |
| 10/23/2020 | KW | Discussion with Christian Johnson regarding caselaw preparation for upcoming hearings | 0.25 | $300.00 | $75.00 |
| 10/23/2020 | CJ | Review of case law and preparation of case law for hearing on the six pending motions scheduled for 10/28/2020 | 1.75 | $250.00 | $437.50 |
| 10/25/2020 | SH | Review motions to be heard on October 28 | 1.5 | $300.00 | $450.00 |
| 10/25/2020 | SH | Review case law pertaining to Plaintiffs' allegations of fraud on the | 1.5 | $300.00 | $450.00 |

9

| | | court. Work on argument for hearing on October 28 | | | |
|---|---|---|---|---|---|
| 10/27/2020 | SH | Review motions to be heard on October 28 | 1.5 | $300.00 | $450.00 |
| 12/7/2020 | KW | Discussion regarding preparation for hearing on motions scheduled for 12/8/2020 Review documents in binder to assist Steve Hunnicutt in | 0.5 | $250.00 | $125.00 |
| 12/7/2020 | SH | Prepare for hearings on six motions | 5 | $300.00 | $1,500.00 |
| 12/8/2020 | SH | Prepare for and represent client in six hearings. Follow up conversation with Christian Johnson and Kaedan Watts re assignments | 4.75 | $300.00 | $1,425.00 |
| 12/9/2020 | KW | Discussion with Christian Johnson and Steve Hunnicutt regarding hearing on motions and strategy moving forward regarding opposing counsel's expert and the Asset Purchasing Agreement; Review Court Order regarding ordered motions and deadlines for motions on the Assest | 1.75 | $250.00 | $437.50 |
| 12/9/2020 | SH | Review Order requiring additional action for each party. Conference with Christian Johnson and Kaedan Watts re same and discuss strategy | 1.5 | $300.00 | $450.00 |
| 12/9/2020 | CJ | Conference with Steve Hunnicutt over the hearing and the case status. Conference with Steve Hunnicutt and Kaedan Watts over the Court's order dated December 8, 2020. Work on response to Plaintiffs' Motion in Limine and work on the Court requested brief on whether Defendants intend on adding Republic as a party and whether the dismissal of RooR's causes of action should be with or without prejudice. Case research | 5.75 | $250.00 | $1,437.50 |
| 12/10/2020 | CJ | Review of asset purchasing order, protective order, and conference with Steve Hunnicutt and Kaedan Watts regarding the same | 1.25 | $250.00 | $312.50 |
| 12/10/2020 | SH | Conference with Christian Johnson and Kaedan Watts re whether to include Republic as a defendant and other trial strategy matters. Review | 1.75 | $300.00 | $525.00 |
| 12/11/2020 | SH | Conferences with Team re Court's order today requiring Roor to brief excusable neglect. Also discuss our brief due next Monday re the Asset Purchase Agreement as well as | 2.25 | $300.00 | $675.00 |

10

| | | additional issues for trial. Telephone conference with Andrew re status and strategy. Work on demand letter to | | | |
|---|---|---|---|---|---|
| 12/11/2020 | CJ | Work on a brief per the Court's Order regarding whether RooR should be dismissed with or without prejudice and whether Defendants intend | 0.5 | $250.00 | $125.00 |
| 12/14/2020 | SH | Conference with Christian Johnson and Kaedan Watts re brief due today. Review and revise same. Conference with Christian Johnson and Kaedan Watts re orders entered on Friday and upcoming brief due today from Plaintiff regarding excusable neglect and our response brief re | 1.75 | $300.00 | $525.00 |
| 12/14/2020 | KW | Discussion with Steve Hunnicutt regarding upcoming deadlines, briefs, and responses per the Court's order; Review and revise settlement letter to opposing counsel; Review Plaintiffs' Brief on Excusable Neglect in Support of Motion Requesting Enlargement of Deadline for Disclosure of Expert Testimony; Strategy discussion with Christian Johnson regarding same; Discussion with Steve Hunnicutt [redacted]; Review the Asset Purchasing Agreement; Discussion with Christian Johnson and Steve Hunnicutt [redacted]; Research [redacted] | 2.5 | $250.00 | $625.00 |

1.  **Lodestar Calculation**

"Once a district court has determined that attorney's fees should be awarded, it must use the lodestar method to determine the appropriate amount." *Estrada v. City of El Paso*, 500 F. Supp. 2d 677, 678 (W.D. Tex. 2006) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)). The lodestar is calculated by "multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Hoenninger v. Leasing Enters., Ltd.*, No. 22-50765, 2023 WL 5521058, at *2 (5th Cir. Aug. 25, 2023) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)) (internal quotation marks omitted). As the Court previously determined, Defendants' billing rates in this matter are reasonable and based

on the market rate in the community for trademark actions. *See* Dkt. 210 at 8. The Court further determines that the hours billed above are a reasonable expenditure for the tasks completed. Based on these findings, the Court calculates the lodestar figure by multiplying the number of hours expended by the rates charged for those tasks:

| Title | Rate | Hours | Total |
|---|---|---|---|
| Lead Counsel | $495.00 | 1 | $495.00 |
| | $450.00 | 0.25 | $112.50 |
| | $300.00 | 25.00 | $7,500.00 |
| Associate | $300.00 | 10.75 | $3,225.00 |
| | $250.00 | 40.75 | $10,187.50 |
| Paralegal | $150.00 | 1.25 | $187.50 |

The sum of these numbers, $21,707.50, is the lodestar figure.

**2.      Enhancements**

The lodestar figure "is presumptively reasonable and should be modified only in exceptional cases." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). However, courts may "decrease or enhance the amount based on the relative weight of the so-called '*Johnson factors*.'" *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 788 (E.D. Tex. 2023) (quoting *Fessler v. Porcelana Corona de Mex., S.A. DE C.V.*, 23 F.4th 408, 415–16 (5th Cir. 2022)). These factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017) (citation omitted).

Defendants briefly mention the *Johnson* factors in the Brief (Dkt. 216), suggesting that they support an enhancement to the attorney fees awarded. *See* Dkt. 216 at 3–5. After careful consideration of each factor, the Court concludes that this case does not present circumstances warranting any such enhancement. The thrust of Defendants' argument is that the fees awarded should be increased to account for lead counsel, Stephen Hunnicutt, decreasing his rate from $495.00 to $300.00 per hour, as well as declining to bill for some tasks. *See id.* at 1–4.[2] It is true that "the actual amount paid in fees is not dispositive." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (collecting cases). That is, the Court may award fees exceeding "the amount billed." *See id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 327 (5th Cir. 1986)). However, the Court is satisfied that the rates actually billed in this case are reasonable. While lead counsel may have decreased his rate, most of the work in this case was completed by "two young lawyers," *see* Dkt. 216 at 3, which ultimately impacted the work presented to the Court, as well as the results obtained therefrom. *See, e.g.*, Dkt. 75 (moving to dismiss under Rule 12(b)(1) based in part on their misunderstanding of the difference between constitutional and prudential standing). The Court therefore declines to disturb the lodestar figure on this basis.

---

[2] "The fee applicant . . . has the burden of demonstrating their exercise of 'billing judgment' in the documentation of their billed hours." *Roberts v. Baptist Healthcare Sys., LLC*, No. 20-cv-92, 2023 WL 5163374, at *3 (E.D. Tex. June 29, 2023) (quoting *Valdepena v. Nuestro Sagardo Corazon Primary Home Care, Inc.*, No. 19-cv-94, 2022 WL 12399309, at *4 (S.D. Tex. Sept. 15, 2022)), *R. & R. adopted*, 2023 WL 4678545 (E.D. Tex. July 21, 2023). To meet this burden, "a fee applicant must produce 'documentation of the hours charged and the hours written off as unproductive, excessive, or redundant.'" *Hoenninger*, 2023 WL 5521058, at *2 (quoting *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). Many of the Billing Entries appear to be written off as "unproductive, excessive, or redundant" and, therefore, an exercise of billing judgment on behalf of Defendants' counsel. Rather than warranting an increased award, such billing practices prevent the imposition of a reduction.

### 3. Reductions

In the Response (Dkt. 220), Plaintiffs raise a number of issues with the Billing Entries—most of which have been addressed, and accounted for, in the above analysis. For example, Plaintiffs identify a handful of Billing Entries which they contend are unreasonable. *See* Dkt. 220 at 2–3. None of these purportedly unreasonable entries were included in the Court's lodestar analysis. The Court notes that Defendants did not even seek fees for these entries. *See* Dkt. 221 at 1 ("Plaintiffs only specifically complain of four time entries which are for fees not even sought by . . . Defendants."). Furthermore, Plaintiffs argue that Defendants failed to segregate the fees attributable to the Dismissed Claims. *See* Dkt. 220 at 4. On this basis, Plaintiffs conclude that the "fees sought should not be awarded" due to Defendants' "intentional failure to follow . . . instructions." *Id.* The Court has already eliminated many Billing Entries related to work that would have been incurred regardless of the Dismissed Claims. Any remaining fee segregation issues are considered in the block-billing discussion below.

Plaintiffs also advance two arguments directed at reducing, or eliminating, the attorney fees awarded.[3] First, Plaintiffs argue that many of the Billing Entries are "incomplete, denying the Court [the] ability to determine the . . . work which was done." *Id.* at 2. Second, Plaintiffs argue that Defendants' counsel billed in quarter hour increments, which they conclude is an "abusive" billing practice. *See id.* at 3 & n.1. The Court considers each in turn.

---

[3] In the Response (Dkt. 220), Plaintiffs raise a series of objections to the Attorney Fees Opinion (Dkt. 210). *See* Dkt. 220 at 1–2 (arguing the Attorney Fees Opinion (Dkt. 210) should be "overruled"); *id.* at 5 (contending Sream should not be responsible for any attorney fees awarded); *id.* at 5–7 (asserting any fees awarded should be for a more limited period of time). The Court declines to review these arguments here. The Court has already considered, and denied, Plaintiffs' motion for reconsideration of the Attorney Fees Opinion (Dkt. 210). *See* Dkt. 239.

### i. Incomplete Entries

As noted above, *see supra* text accompanying note 1, many of the remaining Billing Entries appear to be incomplete; that is, the description of the task (or tasks) abruptly cuts off. The Court has already partially accounted for this issue by omitting egregious examples. However, many of the remaining entries suffer from a similar infirmity. On this basis, the Court concludes that an across-the-board reduction of 10% is necessary to account for the incomplete entries. *See CHU de Quebec – Universite Laval*, 2023 WL 2746933, at *10 (reducing the hours billed by each attorney by 15% to account for "vague, incomplete, or excessive entries in the billing records" (citing *Kellstrom*, 50 F.3d at 324)).

### ii. Billing Increments

Courts often find that "large billing increments" are "unreasonable when used for brief tasks." *See Fox v. Vice*, 737 F. Supp. 2d 607, 609 (W.D. La. 2010) (citing *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *4 (E.D. La. May 15, 2001)). Relevant here, courts "have reduced fee awards where 'time entries were rounded to the nearest fifteen minutes' because 'quarter-hour billing does not accurately reflect the number of hours spent on each task and is very likely to inflate the time . . . devoted' to the case." *Hollenbeck v. False River Veterinary Clinic*, No. 20-764, 2021 WL 5467021, at *5 (M.D. La. Nov. 1, 2021) (quoting *Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *2–*3 (M.D. La. Feb. 7, 2011)); *see Holland v. Unum Grp.*, No. 17-cv-776, 2019 WL 13095509, at *2 (N.D. Tex. Oct. 31, 2019) (decreasing all entries billed in "quarter hour increments" by 5%). In the present case, all of the Billing Entries are in quarter hour increments. There are also an unusually large number of "brief tasks"—nearly a third of the Billing Entries. However, the total amount billed for these brief tasks (fifteen-minute Billing Entries) was $1,448.75. Thus, anything more than a minor reduction would unreasonably reduce the fees

awarded. For these reasons, the Court finds that an across-the-board reduction of 5% appropriately accounts for the large billing increments.

### iii. Block Billing & Fee Segregation

Finally, although not addressed by Plaintiffs, some of the Billing Entries are block-billed. "Block billing" refers to a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996); *see also Hollowell v. Orleans Reg'l Hosp., LLC*, 217 F. 3d 379, 392 n.18 (5th Cir. 2000); *Barrow v. Greenville Indep. Sch. Dist.*, No. 00-cv-913, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005). "Block billing is disfavored because it prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Hoffman v. L & M Arts*, No. 10-cv-953, 2015 WL 3999171, at *4 n.5 (N.D. Tex. July 1, 2015) (citing *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 09-cv-752, 2011 WL 487754, at *4 (N.D. Tex. Aug. 20, 2010)). When making a reduction because of block billing, courts in the Fifth Circuit generally reduce a percentage of the hours or the lodestar figure, and this amount usually ranges from 10% to 30%. *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 09-cv-1596, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (collecting cases).

In the present case, many of the Billing Entries "lump together tasks in such a way that it is impossible to tell whether, for any particular task, the number of hours spent and claimed was reasonable." *Fralick*, 2011 WL 487754, at *5. Furthermore, a number of these block-billed entries include tasks which are plainly non-compensable; that is, the tasks either relate to the Remaining Claims or would have been undertaken regardless of the presence of the Dismissed Claims. *See All. for Good Gov't*, 919 F.3d at 297. Thus, the Court concludes that a significant across-the-board

reduction of 30% adequately accounts for the block-billed entries. *Hoffman*, 2015 WL 3999171, at *5 (reducing award by 30% to account for block billing).

### 4. Total Fee Award

As explained above, the lodestar figure is $21,707.50. After applying the reductions discussed above (totaling 45%), the adjusted attorney fee award is $11,939.13.

### B. Expenses

In the Attorney Fees Opinion (Dkt. 210), the Court ordered Defendants to segregate their fees and costs associated with the Dismissed Claims. *See* Dkt. 210 at 10. While Defendants attempted to do so with respect to attorney fees, they failed to do so regarding their expenses. *See* Dkts. 216; 216-1. Thus, the Court declines to award Defendants any of their costs.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendants are entitled to $11,939.13 in attorney fees. This award reasonably compensates Defendants for the additional fees accrued because of the Dismissed Claims.

**So ORDERED and SIGNED this 1st day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE